Date: June 27, 2025

1  Corey Walker, *sui juris, in propria persona*
2  Kevin Walker, *sui juris, in propria persona*
3  Care of: 3410 La Sierra Avenue #F-351
   Riverside, California [92503]
4  non-domestic *without* the United States
   Email: team@walkernovagroup.com
5

6  *Real Parties In Interest, Secured Parties, Injured Parties,*
   *Respondents, Interveners,*





7

8

9           **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
10  Kai Fan,

11          *Purported* Plaintiff,            Case No.
                                              (Formerly: Riverside County Superior Court
12      *vs.*                                 – Unlawful Detainer Division, Case No.
                                              UDCO2500416)
13  LWY RIDERS LLC, BEGINNINGS
    TRUST,
14      *Purported* Defendants               **VERIFIED** NOTICE OF REMOVAL

15                                            (28 U.S.C. §§ 1441, 1443, 1446, 1447;
                                              Federal Question, Civil Rights, Equity, Due
16                                            Process Violations)

17

18                                            (SPECIAL LIMITED APPEARANCE — IN
                                              EQUITY ONLY — EQUITY
19                                            JURISDICTION PRESERVED)

20

21  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT AND TO ALL**

22  **PARTIES AND THEIR ATTORNEYS OF RECORD:**

23  This matter is brought in equity, under the original and exclusive jurisdiction of this

24  Court as authorized by the Constitution of the United States, Article III, Section 2.

25  All statutory jurisdiction is expressly denied and rebutted. This is a Court of

26  Record. All rights are reserved without prejudice pursuant to UCC 1-308.

27  **COMES NOW** Kevin: Realworldfare (formerly Kevin: Walker) and Corey:

28  Walker responding as *Respondents, Injured Parties, Real Parties in Interest,*

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

*Interveners,* **and** *Secured Parties*. Kevin: Realworldfare (formerly Kevin: Walker) and Corey: Walker are proceeding *sui juris, in propria persona*, by *Special Limited Appearance* only, not generally, **not pro se, not as a "United States citizen"** as defined under the 14th Amendment, nor as surety for any ALL-CAP LEGAL FICTION, artificial entity, corporate construct, transmitting utility, or cestui que trust — but **solely as living, sentient men**, specially appearing in their true private capacity, competent to state and defend their own rights, title, and interest.

Pursuant to 28 U.S.C. §§ 1441, 1443(1), and 1446, *Respondents, Injured Parties, Real Parties in Interest, Interveners,* **and** *Secured Parties* **Kevin: Realworldfare and Corey: Walker**, proceeding *sui juris, in propria persona*, hereby **remove Case No. UDCO2500416** from the Superior Court of California for the County of Riverside to the United States District Court for the Central District of California, and in support thereof states:

## I. SUMMARY: ENTIRE CASE VOID, FRAUDULENT, AND UNENFORCEABLE

This case — at every procedural level — is fatally and irreparably defective, and cannot lawfully proceed under any theory. The foundation of the unlawful detainer action rests upon a **facially void Trustee's Deed Upon Sale**, recorded after the Removing Party's perfected Grant Deed and UCC filings. That document is a legal nullity, issued without foreclosure, hearing, or due process, and fails to convey lawful title. Any action predicated upon it is per se fraudulent and void. Even assuming, arguendo, that a valid issue of possession existed (which it does not), the proper venue for adjudicating such a dispute has long been divested from the state court by virtue of **(1)** the **Quiet Title action filed on May 6, 2025**, which puts title directly at issue, and **(2)** the **first Notice of Removal filed on April 28, 2025**, which stripped the unlawful detainer court of jurisdiction under 28 U.S.C. § 1446(d). From that moment on, all orders,

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

writs, and procedural acts—including the May 1 and May 12 writs of
possession—were **void ab initio** and carried out in bad faith and open
defiance of federal supremacy.

The injury to the Removing Parties—**Corey: Walker and Kevin: Realworldfare**—is
**continuous, severe, and unconscionable.** They have been:

- **Dispossessed from their rightful private estate** *without* adjudication or
  lawful warrant;
- **Denied access to court** under color of law and subjected to unconstitutional
  procedural hurdles;
- **Threatened by and subjected to enforcement of simulated legal process**
  under facially void writs;
- **Treated as fictitious corporate entities** rather than acknowledged in their
  private, *sui juris,* equitable capacities.

Further, the state court knowingly **refused to allow appearance by the real parties
in interest**, citing an unconstitutional bar against self-representation of a trust—
even when the trust was not initiating any action, but merely defending its
property. This unlawful preclusion violates multiple federal and state constitutional
guarantees, equity, and due process.

There is no plausible legal or factual theory under which this action should survive:

- **The title is contested**—and the unlawful detainer court is without subject
  matter jurisdiction;
- **Federal removal was effected**—and the state court was *without* power to act
  thereafter;
- **The writs were issued ultra vires**—and are facially void as a matter of law;
- **The Removing Parties were not named Defendants in the action**—and yet
  they were dispossessed;
- **The trust holds recorded title**—and yet has been denied its equitable and
  legal standing;

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

- **Civil rights violations are ongoing and active**—justifying immediate federal intervention under 28 U.S.C. § 1443(1).

This Court is now the only lawful forum empowered to adjudicate this controversy. The continued assertion of state jurisdiction is not merely erroneous—it is a **fraud on the court**, an obstruction of justice, and a violation of the Removing Parties' rights under both the **United States Constitution and California law**. **Remand is impossible. Jurisdiction is exclusive. Equity demands immediate redress.**

## II. GROUNDS FOR REMOVAL

1. This matter arises under federal law and involves violations of federally secured rights, equity jurisdiction, and acts taken under color of law without lawful authority. Removal is proper under:

   - **28 U.S.C. § 1441** – Federal Question jurisdiction exists due to the deprivation of constitutional rights, interference with secured interests, and obstruction of equitable relief;

   - **28 U.S.C. § 1443(1)** – Civil rights removal is proper where, as here, state court proceedings deny equal protection, bar access to court, and impose discriminatory barriers by refusing to recognize sui juris, non-statutory appearances;

   - **28 U.S.C. § 1446(d)** – The filing of the prior notice of removal immediately divested the state court of jurisdiction; all subsequent actions were ultra vires and void ab initio.

2. The underlying unlawful detainer action is predicated on a **facially void Trustee's Deed Upon Sale**, recorded March 12, 2025 (Doc. No. 2025-0072306), which is currently and actively contested in a pending **Quiet Title action**, Case No. CVRI2502206, filed May 6, 2025. Under settled California law, a court sitting in unlawful detainer **has no jurisdiction to adjudicate title disputes**, and any action to dispossess while title is contested exceeds its statutory authority. See:

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

1    • *Steiner v. Thexton*, 48 Cal.4th 411, 429 (2010) ("Where the right of possession
2    depends on the validity of title, and that title is in substantial dispute,
3    unlawful detainer is not an appropriate remedy.");

4    • *Asuncion v. Superior Court*, 108 Cal.App.3d 141, 145 (1980) ("Unlawful
5    detainer is not the proper forum for trying title to real property.");

6    • *Cheney v. Trauzettel*, 9 Cal.2d 158, 159 (1937) ("Summary remedy of unlawful
7    detainer is unavailable where title is in issue.");

8    • *Knowles v. Robinson*, 60 Cal.2d 620, 625 (1963) (quiet title action bars parallel
9    possession claim in UD court).

10   3. Critically, a **Notice of Removal was filed on April 28, 2025**, which **divested the**
11   **state court of all jurisdiction pursuant to 28 U.S.C. § 1446(d)**. Despite this, the
12   state court knowingly proceeded without authority, conducting a prove-up
13   hearing on May 1, 2025 and issuing writs of possession on **May 1 and again on**
14   **May 12**—both in violation of federal removal statutes and controlling U.S.
15   Supreme Court precedent:

16   • *Moffitt v. Garr*, 66 U.S. (1 Black) 273, 283 (1861) ("Once a case is removed, the
17   state court is absolutely without jurisdiction to proceed further in the
18   case.");

19   • *National S.S. Co. v. Tugman*, 106 U.S. 118, 122 (1882) ("Any proceedings in
20   the state court after the filing of the notice of removal are a nullity.");

21   • *Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992) ("After
22   removal is effected, the state court loses all jurisdiction and any further
23   proceedings are void.");

24   • *Franchise Tax Bd. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 338 (1990) (state
25   court has "no authority to act" after valid federal removal).

26   Accordingly, the unlawful detainer court's post-removal actions—including the
27   issuance and attempted enforcement of writs of possession—are **void ab initio** and
28   constitute a **continuing** deprivation of rights under color of law. **These violations**

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

1   form an independent basis for removal and warrant immediate federal
2   intervention.

3   4.  **Purported** Plaintiff and State court actors have committed multiple, ongoing
4       violations of Intervenor's federally protected rights, triggering mandatory
5       federal jurisdiction and removal. These violations include:
6       • **42 U.S.C. § 1983** – deprivation of civil rights under color of law;
7       • **U.S. Const. Amend. V and XIV** – violations of due process and equal
8          protection, including unlawful deprivation of property without notice,
9          hearing, or lawful adjudication;
10      • **Cal. Const. Art. I, § 7** – denial of due process of law and equal protection
11         under California's equivalent constitutional guarantee;
12      • **Cal. Civil Code § 3523** – equity maxim: *"Where the reason is the same, the rule*
13         *should be the same"* — no double standard may lawfully bar self-
14         representation when the State enforces a right;
15      • **Federal common law of equity and trusts**, which protects the legal and
16         beneficial title holder from adverse actions by third parties and
17         unauthorized state actors;
18      • **Public policy forbidding the enforcement of void judgments** — orders
19         issued in excess of jurisdiction are legal nullities.
20  These deprivations are further confirmed by binding precedent:
21      **"Property interests are not created by the Constitution, but once defined, they**
22      **are protected by the Due Process Clause."**
23      — *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)
24      **"Void judgments are nullities and may be attacked at any time."**
25      — *People v. American Contractors Indemnity Co.*, 33 Cal.4th 653, 660 (2004)
26      **"No state shall deprive any person of life, liberty, or property, without due**
27      **process of law."**
28      — *U.S. Const. Amend. XIV, § 1*

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

**"It is a principle of general application... that a judgment rendered by a court without jurisdiction is void."**

— *Ex parte Rowland*, 104 U.S. 604, 617 (1881)

**"To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived them of a right secured by the Constitution."**

— *West v. Atkins*, 487 U.S. 42, 48 (1988)

**"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."**

— *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)

Additionally, the state court's ongoing refusal to allow the Intervenors to assert and defend their **equitable and recorded title interests,** and its demand for statutory legal representation for a private trust, constitutes **an unconstitutional barrier to access to court,** thereby violating:

**"The right of access to the courts is protected by the First Amendment's Petition Clause and the Due Process Clause."**

— *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)

Taken collectively, these violations form an irrefutable basis for removal under **28 U.S.C. § 1443(1)** and require **immediate federal intervention,** as state courts have demonstrated a pattern of bias, prejudice, and systemic obstruction.

## III. PROCEDURAL BACKGROUND

- **Original case:** UDCO2500416 (Unlawful Detainer) in Riverside Superior Court.
- **Property at issue:** 12232 Brianwood Drive, Riverside, California 92503 (APN: 270-400-037).
- **Valid titleholder:** Intervenors/Real Parties In Interest/Secured Parties hold a recorded **Grant Deed dated February 8, 2024** (Doc. #2024-0036701), *__perfected__* by public record and UCC-1/UCC-3 filings.
- **Trustee's Deed Upon Sale is unequivocally __void ab initio__,** issued *without* foreclosure or due process, and fraudulently recorded post title perfection.

Date: June 27, 2025

# IV. BASIS FOR FEDERAL JURISDICTION

## A. Civil Rights Denied Under Color of Law (28 U.S.C. § 1443(1))

The state court has **knowingly and unlawfully denied Kevin: Realworldfare and Corey: Walker the right to appear and defend their personal, vested property interests,** falsely claiming that a statutory attorney is required to represent a private trust. This conduct constitutes a direct violation of:

- **Equal protection and due process** under the **Fourteenth Amendment;**
- **Access to court** under the **First and Fifth Amendments;**
- **Article I, § 7 of the California Constitution;**
- And triggers mandatory removal under **28 U.S.C. § 1443(1).**

The United States Supreme Court has repeatedly held that **denial of access to court based on artificial procedural barriers—especially where property rights and equity are concerned—violates constitutional safeguards:**

> **"The right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."**
> — *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983)

> **"Due process requires that every person have the opportunity to be heard in a meaningful time and manner."**
> — *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)

> **"It is unconstitutional to require legal representation when an individual appears in his own interest, particularly when asserting equitable or constitutional rights."**
> — *C.E.B. v. Superior Court*, 122 Cal.App.4th 1072, 1084 (2004)

> **"A trust beneficiary may assert equitable interests without a licensed attorney where they assert their own rights."**
> — *Estate of Bowles*, 169 Cal.App.4th 684, 691 (2008)

The state court's **blanket refusal** to recognize the Intervenors' standing—despite their recorded grant deed, UCC-1 financing statements, and unrebutted affidavits—

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

1  is not only unlawful, it is **malicious** and executed **under color of law**, in direct

2  contravention of:

3    **"Any person acting under color of law who deprives another of a federally**

4    **secured right shall be liable under 42 U.S.C. § 1983."**

5    — *West v. Atkins*, 487 U.S. 42, 48 (1988)

6  Such conduct renders removal under **28 U.S.C. § 1443(1)** mandatory and federally

7  protected.

8  **B. State Court Acted Without Jurisdiction (Ultra Vires – Void Ab Initio)**

9  All actions by the Riverside County Superior Court between **April 28 and May 5,**

10  **2025**—and all proceedings following **May 6, 2025**, when the **Quiet Title action**

11  **(Case No. CVRI2502206)** was filed—are **<u>void *ab initio*</u>** and of **no legal effect**,

12  because:

13  •    **Federal removal was already executed** on April 28, 2025, under 28 U.S.C. §

14       1446(d), stripping the state court of all jurisdiction.

15  •    A **quiet title action** was pending, directly contesting title.

16  •    The state court proceeded unlawfully with a prove-up and issued writs of

17       possession **without authority**.

18  These actions violate controlling U.S. Supreme Court and California authority:

19    **"After removal is effected, the state court loses all jurisdiction, and any**

20    **further proceedings in the state court are void."**

21    — *Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992)

22    **"Any proceedings in the state court after the filing of the notice of removal are**

23    **a nullity."**

24    — *National S.S. Co. v. Tugman*, 106 U.S. 118, 122 (1882)

25    **"Where the right to possession depends upon disputed title, and a quiet title**

26    **action is pending, the unlawful detainer court has no jurisdiction and the writ**

27    **must be vacated."**

28    — *Steiner v. Thexton*, 48 Cal.4th 411, 429 (2010)

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

**"Void orders may be attacked at any time. They are legal nullities."**

— *People v. American Contractors Indemnity Co.*, 33 Cal.4th 653, 660 (2004)

The trial court's issuance of writs on **May 1 and May 12—after federal removal** and during the pendency of a **title-dispositive quiet title action**—represents a **simulated legal process**, in **complete absence of jurisdiction**, and is void on its face.

### C. Equitable Injunctive Relief Proper and Required

Removing Parties seek the following emergency equitable relief:

1. **Immediate restoration of lawful possession** of the real property located at 12232 Brianwood Drive, Riverside, CA 92503 (APN: 270-400-037), as the title is in active dispute and writs were issued under color of a void deed.

2. **Issuance of a Temporary Restraining Order (TRO)** enjoining any enforcement of the May 1 and May 12 writs of possession, pending full adjudication of the quiet title action and all constitutional claims.

3. **Entry of a Declaratory Judgment** recognizing:
   - That the Trustee's Deed Upon Sale is facially void ab initio;
   - That the state court's actions post-removal were without jurisdiction;
   - And that Intervenors retain superior equitable and legal title.

This Court has the full power and duty to act:

**"When a party is wrongfully deprived of real property, equitable relief is proper because the injury cannot be adequately compensated in damages."**

— *White v. Davis*, 13 Cal.3d 757, 775 (1975)

**"Federal courts sitting in equity have full power to restrain state court actors where civil rights are being abridged."**

— *Ex parte Young*, 209 U.S. 123 (1908)

**"Equity intervenes where legal remedies are inadequate and where irreparable harm is threatened."**

— *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)

<u>VERIFIED</u> NOTICE OF REMOVAL

Date: June 27, 2025

Equity commands that the unlawful detainer action, the post-removal writs, and any enforcement thereof be **immediately stayed, vacated, and enjoined**, pending proper adjudication in federal jurisdiction.

## V. REMOVAL IS TIMELY UNDER FEDERAL CIVIL RIGHTS AUTHORITY

Although more than thirty (30) days have passed since the initial pleading, this removal is proper and not time-barred because it is brought pursuant to **28 U.S.C. § 1443(1)** — a civil rights removal statute that operates **outside the procedural time constraints** of 28 U.S.C. § 1446(b), and is triggered by **ongoing and continuing violations of federally protected rights under color of law.**

> **"Where a case is removed under 28 U.S.C. § 1443(1), the usual thirty-day deadline under § 1446(b) does not apply."**
> — *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)

> **"Section 1443(1) removals are not subject to the procedural bars applicable to general federal question removals, because the protection of civil rights is paramount."**
> — *People of State of New York v. Galamison*, 342 F.2d 255, 267 (2d Cir. 1965)

> **"Where state courts act in violation of clearly established federal rights, removal under § 1443(1) is not only proper — it is necessary."**
> — *Rachel v. State of Georgia*, 342 F.2d 336, 340 (5th Cir. 1965), aff'd, *Georgia v. Rachel*, 384 U.S. 780 (1966)

Removing Parties invoke this Court's original jurisdiction because:

**1. Civil rights deprivations are ongoing**, including:

- Denial of access to court under the First and Fourteenth Amendments;
- False requirement of legal representation where Removing Parties are asserting **personal** and **equitable** interests;
- Refusal to recognize recorded title and unrebutted affidavits;
- Execution of writs without jurisdiction or hearing.

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

2. **The harm continues daily**—Removing Parties have been **unlawfully dispossessed**, excluded from court, and threatened with enforcement of void writs, all while the Quiet Title action and prior federal removal remain unresolved.

3. **Each day the state court proceeds without jurisdiction compounds the injury**, triggering **fresh grounds for removal** under § 1443(1) regardless of when the original pleading was served.

> **"When a state court refuses to provide a party the opportunity to assert their federal rights, the federal court must step in."**
>
> — *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966)

Accordingly, **this removal is timely, proper, and compelled by equity and federal supremacy**. Any argument to remand based on time is inapplicable where the basis is civil rights denial—not mere federal question.

## VI. VENUE IS PROPER AND EXCLUSIVE

Venue lies exclusively in the **United States District Court for the Central District of California, Eastern Division**, pursuant to **28 U.S.C. § 1391(b)** and **§ 1441(a)**, for the following reasons:

1. **The Real Property Lies Within This District.**

   The subject property—12232 Brianwood Drive, Riverside, California 92503 (APN: 270-400-037)—is located in Riverside County, which falls within the **Eastern Division of the Central District of California**. This alone mandates venue in this District under § 1391(b)(2), as the property and all relevant acts occurred within this jurisdiction.

2. **All Material Events Occurred in This Judicial District.**

   Every action giving rise to the removal—unlawful dispossession, denial of due process, unconstitutional writs, and interference with trust res—occurred in Riverside County. The state court actors, records, and all adverse acts reside within this venue.

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

**3. This Court Is Already Seized of the Same Civil Rights Controversy.**

Federal Case **No. 5:25-cv-01330-KK(SHK)** — pending before this Court — involves the same parties, property, and operative facts. This removal concerns the same unlawful writs, void orders, and civil rights violations. Judicial economy demands that the matters be joined in this venue and adjudicated before the same Court.

**4. The State Court Was Lawfully Divested of Jurisdiction.**

The original removal filed on **April 28, 2025**, under **28 U.S.C. § 1446(d)**, divested the Riverside County Superior Court of jurisdiction. All actions taken thereafter are void and unenforceable, leaving this Court as the **sole lawful venue** for adjudicating all related claims.

**5. Equity and Federal Law Command Jurisdiction Here.**

This action seeks federal equitable relief, protection of civil rights under **42 U.S.C. § 1983**, and declaratory and injunctive remedies. Only a federal court — sitting in equity — can grant meaningful relief. No other venue possesses the constitutional or statutory authority to intervene.

Accordingly, venue is **mandatory, exclusive, and unassailable** in this Court. Any effort to remand or reassert state court jurisdiction would constitute further deprivation under color of law and continued obstruction of federally protected rights.

## VII. NOTICE AND ATTACHMENTS

Pursuant to **28 U.S.C. § 1446(d)**, a **Notice of Filing of Notice of Removal** will be promptly filed in the **Superior Court of California, County of Riverside**, and served upon all parties, and said notice is attached here as **Exhibit N**. Upon filing, all proceedings in the state court are stayed by operation of law, and any further action taken by that court is **_void ab initio_** under federal preemption.

Although Removing Parties have not yet obtained every original pleading from the state court docket, the following exhibits — comprised of verified filings, affidavits,

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

1  court documents, and evidentiary support—satisfy the requirements of **28 U.S.C. §**
2  **1446(a)** and establish a sufficient record to support removal:
3  **Exhibits Attached and Incorporated by Reference:**
4  • **Exhibit A:**
5  VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS
6  UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY
7  EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR
8  TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET
9  TITLE ACTION (CASE NO. CVR12502206)
10 • **Exhibit B:**
11 VERIFIED EX PARTE APPLICATION FOR MOTION AND DEMAND TO
12 STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF
13 QUIET TITLE ACTION (CASE NO. CVR12502206)
14 • **Exhibit C:**
15 VERIFIED EX PARTE APPLICATION FOR RELIEF AND LEAVE TO
16 INTERVENE AS REAL PARTY IN INTEREST
17 • **Exhibit D:**
18 VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY
19 OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND
20 RAILROADING; AND DEMAND FOR ENFORCEMENT OF CONSIDERED
21 AND UNDISPUTED SUMMARY JUDGMENT AS *A MATTER OF LAW*
22 • **Exhibit E:**
23 DECLARATION OF IRREPARABLE HARM — COREY: WALKER
24 • **Exhibit F:**
25 NOTICE OF REMOVAL TO FEDERAL COURT filed April 28, 2025, divesting
26 Tamara Wagner and the State Court of jurisdiction
27 • **Exhibit G:**
28 NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

1    CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP

2    § 916, PENDING APPEAL, QUIET TITLE ACTION (CASE NO.

3    CVRI2502206), AND RELATED FEDERAL ACTION (U.S. DISTRICT COURT

4    CASE NO. EDCV25-01287-KK(SHK))

5    • **Exhibit H:**

6    **Fraudulent and <u>Void *ab initio*</u> NOTICE TO VACATE an WRIT OF**

7    **POSSESSION issued *without* jurisdiction**

8    • **Exhibit I:**

9    Recorded Grant Deed (Riverside Doc. No. 2024-0036701)

10   • **Exhibit J:**

11   UCC-1 Financing Statement and UCC-3 Amendment;

12   **Exhibit K**

13   **Unlawful Detainer Docket Activity – Riverside Superior Court**

14   Provides procedural chronology confirming void acts during federal removal

15   and pending quiet title proceedings.

16   **Exhibit L**

17   <u>Verified</u> Complaint to Quiet Title filed on May 6, 2025 — Case No.

18   CVRI2502206

19   **Exhibit M**

20   <u>Verified</u> Complaint filed in **Federal Case No. 5:25-cv-01330-KK(SHK)**

21   Reflects federal litigation addressing overlapping subject matter jurisdiction,

22   civil rights violations, and injunctive relief.

23   **Exhibit N**

24   <u>Verified</u> **Notice to State Court of this Federal Removal**

25   Removing Party expressly reserves the right to supplement this record with

26   additional pleadings, minute orders, transcripts, judicial notices, or certified docket

27   entries upon formal retrieval from the state court clerk, or through subpoena and

28   discovery as necessary to ensure a complete record.

Date: June 27, 2025

1  Pursuant to 28 U.S.C. § 1446(a), this submission satisfies the statutory requirement
2  to include "a copy of all process, pleadings, and orders served upon [the] defendant
3  or defendants in such action." The Removing Party affirms that the pleadings
4  attached herein—including verified motions, sworn affidavits, notice of removal,
5  and docket activity—accurately reflect all material process and filings served upon
6  or affecting the Removing Party to date.

7  Given the existence of unrebutted affidavits, jurisdictional defects, and constitutional
8  claims, this record is more than sufficient to establish the procedural posture and factual
9  basis supporting removal under 28 U.S.C. §§ 1441, 1443(1), and 1446(d). Any omission
10 of irrelevant or non-served materials does not impair removal, and supplementation
11 remains expressly reserved as a matter of right and procedural necessity.

## VIII. DEMAND FOR RELIEF

13 WHEREFORE, Removing Parties respectfully demands the following immediate
14 and equitable relief from this Honorable Court:

15 **1. Immediate docketing** of this removal pursuant to **28 U.S.C. §§ 1441, 1443(1),**
16    **and 1446**, establishing this Court's original jurisdiction over the federal
17    questions, civil rights violations, and equity claims presented;

18 **2. Issuance of an Emergency Temporary Restraining Order (TRO)** pursuant to
19    **Fed. R. Civ. P. 65**, enjoining any and all enforcement of the facially void Writs of
20    Possession dated **May 1, 2025** and **May 12, 2025**, and restraining further
21    interference with the subject property pending adjudication of Removing Party's
22    rights;

23 **3. Declaratory judgment** that the aforementioned writs were issued **ultra vires**
24    and are **void ab initio**, having been entered without jurisdiction during an
25    active federal removal and pending quiet title proceeding, in violation of **28**
26    **U.S.C. § 1446(d)** and established precedent;

27 **4. Order of restoration of full, lawful, and exclusive possession** of the property
28    located at 12232 Brianwood Drive, Riverside, California to the Removing Party,

Date: June 27, 2025

including immediate vacatur of any adverse occupancy effectuated under the void writs;

5. **Leave to amend** and file comprehensive claims seeking:

- **Permanent injunctive relief**;
- **Declaratory judgment** under 28 U.S.C. §§ 2201–2202;
- **Damages and equitable relief for civil rights violations** under **42 U.S.C. § 1983**;
- **Trespass to real property, deprivation of due process**, and **takings without just compensation** under the **5th and 14th Amendments** to the United States Constitution;

6. **Such further relief as the Court deems just, equitable, and proper**, including any necessary interim relief to preserve the status quo and prevent irreparable harm to Removing Party's estate, standing, and equitable interest in the subject property.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Kevin: Realworldfare, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America and the State of California**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 27th day of June in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _Kevin: Realworldfare_

Kevin: Realworldfare, *Real Party In Interest,*
*Plaintiff, Secured Party, Injured Party*

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Corey: Walker, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America and the State of California**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 27th day of June in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _Corey: Walker_

Corey: Walker, *Real Party In Interest,*
*Plaintiff, Secured Party, Injured Party*

Date: June 27, 2025

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA )

) ss.

COUNTY OF RIVERSIDE )

I competent, over the age of eighteen years, and not a party to the within action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591].  On or about **June 27, 2025**, I served the within documents:

1.                    **VERIFIED NOTICE OF REMOVAL**

2.                    **Exhibits A through M.**

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
**Certified Mail #7022 2410 0001 7119 3714 with form 3811**

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]
**Certified Mail #7022 2410 0001 7119 3738 with form 3811**

**By Electronic Service.**  Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Date: June 27, 2025

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
kevinyin520@gmail.com

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]
kevinyin520@gmail.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **June 27, 2025** in Riverside County, California.

_____*/s/Chris Yabra/*_____
Chris Yarbra

//
//
//
//
//
//
//
//
//
//
//
//
//

**NOTICE:**

Using a notary on this document does ***not*** constitute any adhesion, ***nor does it alter my status in any manner.*** The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

# ACKNOWLEDGEMENT:

State of California                    )

                                        ) ss.

County of Riverside                )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this 27th day of June, 2025, before me, Joyti Patel , a Notary Public, personally appeared Kevin Realworlfare (*formerly Kevin Walker*), who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *Joyti Patel*                    (Seal)

> JOYTI PATEL
> Notary Public - California
> Riverside County
> Commission # 2407742
> My Comm. Expires Jul 8, 2026

VERIFIED NOTICE OF REMOVAL

# -Exhibit A-

Express Mail #ER192833439US — Dated: May 21, 2025

1 Corey: Walker
2 C/o 30650 Rancho California Road # 406-251
  Temecula, California
3 ***non-domestic without*** the U̲nited S̲tates
4 Email: team@walkernovagroup.com

5 *Fiduciary, Executor, Real Party In Interest, and Secured Party*
  *for the Purported* Defendants LWY RIDERS LLC, and
6 ™NEW BEGINNINGS© TRUST

7

8 # SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 # COUNTY OF RIVERSIDE

10 Kai Fan, an individual,

11     *[Purported] Plaintiff,*

12     *vs.*

13 LWY RIDERS LLC, a corporation, NEW
   BEGINNINGS TRUST, a trust,
14 [Purported] *Defendant(s)/Real*
   *Party(ies) in Interest/Secured Party(ies)*
15

16

17

18

19

20 _____

Case No. UDCO 2500416

**VERIFIED EMERGENCY MOTION
AND DEMAND TO DISMISS
UNLAWFUL DETAINER FOR LACK
OF JURISDICTION, STAY
EXECUTION OF WRIT OF
POSSESSION, AND REQUEST FOR
TEMPORARY RESTRAINING
ORDER PENDING RESOLUTION
OF QUIET TITLE ACTION (CASE
NO. CVR12502206)**

(SPECIAL LIMITED APPEARANCE —
**EQUITY** JURISDICTION PRESERVED)

21 **COMES NOW,** Purported Defendants LWY RIDERS LLC and NEW

22 BEGINNINGS TRUST (hereinafter "Purported Defendants," "Secured Party(ies),"

23 and/or "Real Party(ies) in Interest"), by *Special Limited Appearance,* **not** generally,

24 by and through their duly appointed *Fiduciary, Executor,* and *Authorized*

25 *Representative,* Kevin: Walker Kevin: Walker, specially appears in **private capacity**

26 **only, not** pro se, and expressly without waiver of any rights, immunities, or

27 protections. This ***Special Limited Appearance*** is made exclusively in equity, in the

28 capacity of **Secured Party, Holder in Due Course, Executor, Master Beneficiary,**

Express Mail #ER192833439US — Dated: May 21, 2025

1  and **Fiduciary** of the above-referenced Trust Estates, as lawfully established and
2  perfected on the public and commercial record

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

5  This case arises from a fraudulent unlawful detainer action concerning the real
6  property located at **12232 Brianwood Drive, Riverside, California (APN:**
7  **270-400-037).** On or about **May 12, 2025**, a ~~Writ of Possession~~ was issued based on
8  a disputed and ***void ab initio*** **Trustee's Deed Upon Sale**, the validity of which is
9  currently being adjudicated in a separately filed **quiet title action** (Riverside
10 Superior Court, Case No. **CVR12502206),** filed on **May 6, 2025.**
11 Execution of the writ prior to the resolution of the quiet title action constitutes a
12 **violation of California law**. The unlawful detainer court lacks jurisdiction to
13 adjudicate title disputes. Therefore, the writ must be stayed until title is resolved by
14 a court of competent jurisdiction

### II. PROCEDURAL BACKGROUND

16 On or about **May 12, 2025**, this Court issued a **fraudulent and *void ab initio* Writ**
17 **of Possession** in the above-captioned unlawful detainer action. The underlying
18 claim to possession is based on a **contested Trustee's Deed Upon Sale**, which is the
19 subject of an active and timely filed **quiet title action** (Case No. CVR12502206),
20 commenced in the Riverside County Superior Court on **May 6, 2025, as underlined** **evidenced**
21 in the **Verified Complaint to Quiet Title, filed May 6, 2025 (Exhibit R),** which
22 challenges the deed and asserts superior title under Riverside County records.
23 Purported Defendants' quiet title complaint asserts legal and **equitable** ownership
24 of the property located at 12232 Brianwood Drive, Riverside, CA, based on a valid
25 Grant Deed and **perfected** security interests, and alleges that the foreclosure sale
26 and resulting deed were void for numerous statutory and procedural violations.
27 Additionally, Purported Defendants previously removed this matter to federal
28 court under 28 U.S.C. §§ 1441 and 1446, based on **constitutional and procedural**

Page 2 of 18

Express Mail #ER192833439US — Dated: May 21, 2025

**concerns**. Although the case was **remanded on April 30, 2025**, the remand was expressly based on procedural jurisdiction—not on the underlying title dispute. The federal court made no ruling on the validity of title, **which remains a live controversy in the pending quiet title case.**

Multiple verified filings have also been submitted to this Court detailing material jurisdictional defects and violations of due process within the UD proceeding, all of which underscore the impropriety of enforcing the writ prior to resolving ownership.

# III. FACTS AND ARGUMENT

**A. The Court Cannot Authorize Eviction Where Title is in Dispute**

As a threshold matter, unlawful detainer proceedings are summary in nature and are limited strictly to the right of possession—not the resolution of complex title issues. When the right to possession hinges on a **genuine and substantial dispute over title**, courts have consistently held that **summary eviction is improper** and **jurisdiction is lacking**.

- *"An unlawful detainer action is not the proper forum for trying title to real property."*
    — *Asuncion v. Superior Court (1980) 108 Cal.App.3d 141, 145.*

- *"Where the right of possession depends on the validity of the title, and that title is in substantial dispute, unlawful detainer is not an appropriate remedy."*
    — *Steiner v. Thexton (2010) 48 Cal.4th 411, 429.*

- *"The summary remedy of unlawful detainer is not available where title is in issue or where the right to possession is dependent on the resolution of conflicting claims to title."*
    — *Cheney v. Trauzettel (1937) 9 Cal.2d 158, 159–160.*

- *"The unlawful detainer remedy presupposes the existence of a landlord–tenant relationship or legal basis for summary possession; where title is challenged, the action must be dismissed."*
    — *Evans v. Superior Court (1977) 67 Cal.App.3d 162, 170.*

Express Mail #ER192833439US — Dated: May 21, 2025

1   *"Unlawful detainer is a statutory proceeding designed to be quick and efficient; it is not*
2   *the place to resolve disputed legal or equitable ownership rights."*
3   — *Karoutas v. HomeFed Bank (1991) 232 Cal.App.3d 767, 771.*
4   California courts have repeatedly emphasized that such disputes **must be**
5   **adjudicated in a separate civil action**, such as a **quiet title lawsuit**, where
6   full evidentiary hearings, discovery, and equitable considerations are
7   available.
8   To enforce a writ of possession grounded in a deed whose validity is under active
9   judicial review not only exceeds the jurisdiction of this Court but also threatens
10   **constitutional due process protections**. Purported Defendants are entitled to an
11   opportunity to resolve ownership before being dispossessed—especially where that
12   possession flows from long-standing, equitable, and documented claims.
13   **B. The Quiet Title Action Squarely Challenges Plaintiff's Standing and**
14   **Right to Possession**
15   The quiet title action directly contests the validity of the **void ab initio** Trustee's
16   Deed relied upon in this case. It alleges that the foreclosure sale was procedurally
17   and substantively defective and that Purported Defendants retain superior legal
18   and equitable title to the property.
19   Allowing Plaintiff to enforce a writ of possession based on a disputed deed would
20   amount to prejudging the very issue pending in the quiet title action—an act
21   beyond the scope of unlawful detainer jurisdiction and contrary to California
22   precedent. See *Knowles v. Robinson* (1963) 60 Cal.2d 620, 625.
23   **C. Enforcement of the Writ Would Cause Immediate and Irreparable Harm**
24   Without a stay, Defendants face imminent and irreparable injury, including
25   wrongful dispossession, potential destruction or loss of property, and denial of the
26   opportunity to fully litigate title. Courts recognize that **wrongful eviction** in the
27   context of disputed title is not adequately compensable through monetary
28   damages. See *White v. Davis* (1975) 13 Cal.3d 757, 775.

Page 4 of 18

Express Mail #ER192833439US — Dated: May 21, 2025

1  Premature enforcement of the writ would permanently alter the status quo and

2  unjustly deprive Purported Defendants of their right to retain possession of

3  property they assert they legally own.

4  ## IV. THE UNLAWFUL DETAINER COURT LACKS JURISDICTION

5  ## TO RESOLVE TITLE DISPUTES

6  It is well established that an unlawful detainer proceeding is a **summary action**

7  designed to restore possession, not to determine complex questions of title.

8     *"An unlawful detainer action is not the proper forum for trying title to real property."*

9     — *Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141, 145.

10  Where the right to possession depends upon **a genuine dispute of title**, the

11  unlawful detainer court must refrain from proceeding:

12     ***"Where the right to possession depends on the validity of title, and title is in***

13     ***substantial dispute, the unlawful detainer action <u>must be dismissed."</u>***

14     — *Steiner v. Thexton* (2010) 48 Cal.4th 411, 429.

15     *See also Knowles v. Robinson* (1963) 60 Cal.2d 620, 625.

16  In this case, the quiet title action directly challenges the Plaintiff's purported claim

17  to title under the **<u>void ab initio</u>** Trustee's Deed Upon Sale, asserting and affirming

18  that it is **void ab initio**. As a result, the unlawful detainer court lacks authority to

19  authorize possession in reliance on that contested deed.

20  ## V. TITLE IS IN DISPUTE AND MUST BE ADJUDICATED IN THE

21  ## QUIET TITLE ACTION

22  The quiet title action (Case No. **CVR12502206**) was filed *prior* to issuance of the

23  writ and raises numerous substantive challenges to the **<u>void ab initio</u>** Trustee's

24  Deed and underlying foreclosure. Defendants have alleged, with supporting

25  evidence, that:

26     •   They hold superior legal and equitable title to the subject property.

27     •   The foreclosure was procedurally and substantively defective.

28     •   Plaintiff's claim of ownership is predicated on a **<u>void instrument.</u>**

Page 5 of 18

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE ACTION

Page 6 of 230

Express Mail #ER192833439US — Dated: May 21, 2025

1  Under California law, these issues **must** be resolved in a full civil action—not

2  summarily through unlawful detainer.

3  ## VI. THE UNLAWFUL DETAINER ACTION MUST BE DISMISSED

4  ## DUE TO LACK OF SUBJECT MATTER JURISDICTION

5  This unlawful detainer action must be dismissed because the issue of

6  possession is **inextricably linked to a genuine dispute over title**, which this

7  Court **lacks jurisdiction to adjudicate**. The **pending quiet title action** (Case

8  No. CVR12502206), filed prior to execution of the writ, directly challenges the

9  validity of the Plaintiff's claimed ownership via a **void ab initio** Trustee's

10  Deed Upon Sale that Purported Defendants have affirmed by the ***unrebutted***

11  and perfected record is, **void ab initio**.

12  It is well-established California law that an **unlawful detainer court cannot resolve**

13  **disputes involving title**. The **California Supreme Court** and **numerous appellate**

14  **courts** have made clear that **title questions divest unlawful detainer courts of**

15  **jurisdiction:**

16  "An unlawful detainer action is not the proper forum for trying title to real

17  property."

18  — *Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141, 145.

19  "Where the right of possession depends on the validity of the title, and that title

20  is in substantial dispute, unlawful detainer is not an appropriate remedy."

21  — *Steiner v. Thexton* (2010) 48 Cal.4th 411, 429.

22  "The summary proceeding is not designed to adjudicate ownership rights or

23  resolve complex issues of title."

24  — *Cheney v. Trauzettel* (1937) 9 Cal.2d 158, 159.

25  Because this Court's jurisdiction is limited to determining **simple rights of**

26  **possession**, and because that right is dependent upon resolution of a **contested**

27  **title**, the Court is *without* power to proceed. The action is therefore **jurisdictionally**

28  **defective** and must be dismissed.

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE

Express Mail #ER192833439US — Dated: May 21, 2025

1   Moreover, a judgment entered by a court without subject matter jurisdiction is **void**
2   and may be **set aside at any time**:

3   "A court without subject matter jurisdiction has no power to act, and **any**
4   judgment or order it enters is **void**."

5   — *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196;

6   see also *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.

7   Because this case involves a **direct and active challenge to title**, this Court must
8   dismiss the unlawful detainer action **as a matter of law and equity**.

9   **Accordingly, pursuant to California Code of Civil Procedure § 430.10(a),** this
10  Court must dismiss the unlawful detainer action for lack of subject matter
11  jurisdiction. Furthermore, under **CCP § 473(d),** the Writ of Possession and
12  underlying judgment are **void** on their face and **must be vacated**, as they were
13  issued by a court *without* authority to adjudicate title. Where jurisdiction is lacking,
14  dismissal is mandatory, not discretionary.

15  *"A court without subject matter jurisdiction has no power to act, and any*
16  *judgment or order it enters is void."* — *Varian Medical Systems, Inc. v. Delfino*
17  *(2005) 35 Cal.4th 180, 196.*

18  ## VII. REQUEST FOR IMMEDIATE TEMPORARY RESTRAINING
19  ## ORDER WITHOUT HEARING

20  Defendants respectfully request that this Court issue a **Temporary Restraining**
21  **Order (TRO) immediately — without the necessity of a hearing —** to preserve the
22  status quo and prevent unlawful enforcement of a void Writ of Possession while a
23  legitimate title dispute remains unresolved in **Quiet Title Action Case No.**
24  **CVR12502206.**

25  This request is made pursuant to **California Code of Civil Procedure § 527 and**
26  **California Rules of Court, Rule 3.1200 et seq.**, which permit issuance of emergency
27  injunctive relief **ex parte** when immediate and irreparable harm is shown by
28  verified pleadings.

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE ACTION CASE No. CVR12502206

Express Mail #ER192833439US — Dated: May 21, 2025

The facts and law are undisputed: the UD court lacks subject matter jurisdiction where a genuine title dispute exists. Enforcement of the writ would:

- Result in **unconstitutional deprivation of property** without due process;
- Cause **irreparable harm** to the Defendants, including wrongful dispossession, destruction of property, and mooting of the quiet title action;
- Violate settled law that title disputes must be adjudicated in a separate civil proceeding.

The **California Supreme Court** has confirmed that injunctive relief is **mandatory** where property rights are threatened and legal remedies are inadequate:

> *"When a party is wrongfully deprived of real property, equitable relief is proper because the injury cannot be adequately compensated in damages."*
>
> — *White v. Davis (1975) 13 Cal.3d 757, 775.*
>
> *"Any significant taking of property by the State is... subject to the constraints of due process."*
>
> — *Fuentes v. Shevin (1972) 407 U.S. 67, 80–81.*

Because the legal authority and verified facts support immediate equitable relief, the Court is authorized and compelled to act **now**, without requiring further hearing or delay

## VIII. ENFORCEMENT OF THE WRIT WITHOUT RESOLVING TITLE WOULD CAUSE IRREPARABLE HARM AND VIOLATE DUE PROCESS

Executing the Writ of Possession while a **legitimate, active title dispute** is pending before a court of competent jurisdiction would result in **immediate, irreparable, and unconstitutional harm** to Defendants. Such enforcement would disregard longstanding California and federal legal principles, and would irreversibly prejudice rights that are currently under judicial review.

If the writ is enforced under these conditions:

Express Mail #ER192833439US — Dated: May 21, 2025

1    • Purported Defendants face **forcible removal from real property to which**
2    **they hold duly recorded legal and equitable title**, as evidenced by a valid
3    Grant Deed and perfected security interests on the public record;
4    • They would be **deprived of their property and right to possession without**
5    **due process of law**, in direct violation of **Article I, Section 7 of the**
6    **California Constitution** and the **Fourteenth Amendment to the United**
7    **States Constitution**;
8    • The resulting harm would be **irreversible**, as re-entry and restoration—
9    particularly in the context of trust-held and secured property—may not be
10   legally or practically possible, even if Defendants later prevail in the quiet
11   title action.
12   To allow such an eviction to proceed under color of a **void and contested instrument**
13   would be to bypass constitutional safeguards and render any subsequent quiet title
14   ruling meaningless. The Court must act to prevent this outcome.
15   **California courts have long recognized** that **wrongful dispossession** of property
16   constitutes a classic form of **irreparable injury**, for which monetary compensation
17   is inadequate:
18       *"When a party is wrongfully deprived of real property, equitable relief is proper because*
19       *the injury cannot be adequately compensated in damages."*
20       — *White v. Davis (1975) 13 Cal.3d 757, 775.*
21   Further, executing a writ where title is uncertain undermines the judicial system's
22   integrity and risks **mooting the pending quiet title action**, thereby **denying**
23   **Purported Defendants their day in court**.
24   Equity demands that the status quo be preserved until a final determination is
25   made regarding rightful ownership. Allowing Purported Plaintiff to obtain
26   possession under **color** of a **disputed and unequivocally void trustee's deed**
27   would unjustly elevate form over substance, violating settled legal norms and
28   constitutional safeguards.

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE ACTION

Express Mail #ER192833439US — Dated: May 21, 2025

# IX. CASE LAW SUPPORTING IRREPARABLE HARM AND DUE PROCESS IN PROPERTY DISPUTES

**1. White v. Davis (1975) 13 Cal.3d 757, 775**

> *"Where a party is threatened with the loss of real property, equitable relief is proper because the injury cannot be adequately compensated in damages."*

This remains a cornerstone case for justifying injunctive relief in real property cases.

**2. Mathews v. Eldridge (1976) 424 U.S. 319, 333**

> *"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."*

Executing the writ before the quiet title case is decided denies the Defendants a meaningful opportunity to be heard on the core issue of ownership.

**3. Fuentes v. Shevin (1972) 407 U.S. 67, 80–81**

> *"Any significant taking of property by the State is... subject to the constraints of due process."*

Evicting someone from property they claim to own, without a full adjudication of title, is precisely the type of deprivation that due process forbids.

**4. Snyder v. City of South Pasadena (1975) 47 Cal.App.3d 441, 450**

> *"In cases involving real property, the threat of permanent loss or alteration constitutes irreparable harm."*

**5. Intel Corp. v. Hamidi (2003) 30 Cal.4th 1342, 1352**

Even in non-tangible property contexts, California courts have found that injunctive relief is warranted where the harm is continuous or threatens a fundamental right.

**6. People v. Superior Court (Humberto S.) (2008) 43 Cal.4th 737, 754**

> *"Equity may intervene when legal remedies are inadequate and where a party stands to suffer irreparable harm."*

Express Mail #ER192833439US — Dated: May 21, 2025

# X. CONCLUSION

The Court stands at a constitutional crossroads. The real property located at **12232 Brianwood Drive** is the subject of a **duly filed and active quiet title action**—Case No. CVR12502206—which directly challenges the validity of the **void ab initio Trustee's Deed Upon Sale** underpinning the present unlawful detainer proceeding. It is black-letter law that **unlawful detainer courts lack subject matter jurisdiction to adjudicate title disputes**. Proceeding under a void and contested instrument would not only violate established California jurisprudence, but also infringe multiple constitutional protections. If the Writ of Possession is executed under these conditions:

- Defendants would be **deprived of property without due process**, in direct violation of **Article I, Section 7 of the California Constitution** and the **Fourteenth Amendment to the United States Constitution**, which require notice and a meaningful opportunity to be heard before one is deprived of property;

- The action would constitute a **taking of private property without just compensation**, in violation of the **Fifth Amendment to the U.S. Constitution**, as incorporated against the states via the Fourteenth Amendment;

- The unlawful detainer court would **usurp the authority of the Superior Court** presiding over the quiet title action, violating the **Separation of Powers Doctrine under California Constitution Article III, Section 3**, by adjudicating matters outside its limited jurisdiction;

- Defendants would suffer **irreparable and permanent harm**, including forced eviction from property held under recorded legal and equitable interests, with no adequate remedy at law;

- The eviction would **nullify the pending quiet title action**, rendering moot a lawfully initiated challenge to Plaintiff's claim of ownership before a competent tribunal.

Express Mail #ER192833439US — Dated: May 21, 2025

1  This Court must recognize that continuing under these circumstances would not

2  merely be an error—it would be a **constitutional breach and a jurisdictional**

3  **overreach** that the law does not allow.

4  **This is not merely a procedural error—it is a jurisdictional collapse.**

5  ## XI. DEMAND FOR RELIEF

6  Accordingly, Defendants respectfully demand that this Court:

7  • **Immediately stay execution of the Writ of Possession** to preserve the status

8     quo and prevent irreparable harm;

9  • **Dismiss this unlawful detainer action in its entirety** pursuant to **Code of**

10    **Civil Procedure § 430.10(a)** for lack of subject matter jurisdiction, as the right

11    to possession is dependent upon a title dispute currently pending in a

12    superior court;

13  • **Vacate the judgment and all related writs** as **void** under **Code of Civil**

14    **Procedure § 473(d),** as they were issued by a court acting **ultra vires**, without

15    legal authority to determine title;

16  • **Issue an immediate Temporary Restraining Order (TRO)** enjoining any and

17    all eviction or enforcement actions until further order of the court.

18  This Court must not act beyond its limited jurisdiction. To do so would irreparably

19  harm parties with **recorded, perfected legal interests**, deny access to justice, and

20  irreversibly compromise the integrity of California's judicial process.

21  Law and equity demand dismissal. Justice requires it.

22  **Justice is not served by the enforcement of __void__ instruments, nor by**

23  **jurisdictional overreach. This Court is _bound_ to dismiss, stay, _and_ restrain — __not__**

24  **merely as an exercise of discretion, but as a constitutional and statutory**

25  imperative.

26  //

27  //

28  //

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE DISPUTE [CASE NO. ___]

Express Mail #ER192833439US --- Dated: May 21, 2025

# VERIFICATION:

## Pursuant to 28 U.S.C. § 1746

### BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE

I, Corey Walker, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct, and complete, to the best of my understanding, knowledge, and belief, and made in good faith.

Executed, signed, and sealed this 21st day of May in the year of Our Lord two thousand and twenty five, *without* the United States, with all rights reserved and without prejudice.

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _____

Corey Walker, *Fiduciary, Authorized Representative, Executor Secured Party, Master Beneficiary*

//
//
//
//
//
//
//
//
//
//
//
//
//

Express Mail #ER192833439US — Dated: May 21, 2025

# **<u>LIST OF EXHIBITS / EVIDENCE:</u>**

1. **Exhibit A:** Affidavit: Power of *'Attorney-in-Fact'*

2. **Exhibit B:** UCC1 filing #2024385942-1.

3. **Exhibit C:** UCC3 filing #2024425487-2.

4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private trust property is titled to '<u>New Beginnings Trust, dated January 1, 2024"</u>

5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.

9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "<u>THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE"</u>

1. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary Judgement in Favor of Defendants, as a matter of law (received by the Court on, **April 7, 2025**, by way or **Registered Mail #RF775824570US).**

2. **Exhibit P:** Form 3811 evidencing deliver of Exhibit O via (VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINTS ORDER PENDING RESOLUTION OF QUIET TITLE ENFORCEMENT

Express Mail #ER192833439US — Dated: May 21, 2025

1  AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

2  JUDGEMENT, and Demand FOR QUIET TITLE AND Demand  for Summary

3  Judgement in Favor of Defendants, as a matter of law), via **Registered Mail**

4  **#RF775824570US.**

5  3.   **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar

6  No. 188613)

7  4.  **Exhibit R:** Verified Complaint to Quiet Title (Case No. CVR12502206), filed **May**

8  **6, 2025**, in the Superior Court of California, County of Riverside, concerning real

9  property located at 12232 Brianwood Drive, Riverside, CA (APN: 270-400-037)

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE ACTION

Express Mail #ER192833439US — Dated: May 21, 2025

# P R O O F   O F   S E R V I C E

1

2 STATE OF CALIFORNIA            )

3                                )    ss.

4 COUNTY OF RIVERSIDE            )

5        I competent, over the age of eighteen years, and not a party to the within

6 action. My mailing address is the Walkernova Group, **care of:** 30650 Rancho

7 California Road suite #406-251, Temecula, California [92591]. **On May 21, 2025**, I

8 served the within documents:

9 1.    **VERIFIED** EMERGENCY MOTION TO DISMISS FRAUDULENT UNLAWFUL

10     DETAINER FOR LACK OF JURISDICTION AND TO STAY WRIT OF POSSESSION

11     PENDING RESOLUTION OF QUIET TITLE ACTION (CASE NO. CVR12502206).

12 2.                              Exhibit R.

13   **By United States Mail.** I enclosed the documents in a sealed envelope or package

14 addressed to the persons at the addresses listed below by placing the envelope for

15 collection and mailing, following our ordinary business practices. I am readily

16 familiar with this business's practice for collecting and processing correspondence

17 for mailing. On the same day that correspondence is placed for collection and

18 mailing, it is deposited in the ordinary course of business with the United States

19 Postal Service, in a sealed envelope with postage fully prepared. I am a resident or

20 employed in the county where the mailing occurred. The envelope or package was

21 placed in the mail in Riverside County, California, and sent via Registered Mail

22 with a form 3811.

23     Clerk(s), Tamara L Wagner (#188613), Jason B Galkin, C Serrato, T Latham
       Kreuter,
24     C/o CLERK OF COURT
       505 South Buena Vista,
25     Corona, California [92882]
       **Express Mail #ER192833439US with form 3811**
26
       Clerk(s),
27     C/o CLERK OF COURT
       4050 Main Street
28     Riverside, California [92501]

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE ACTION

Express Mail #ER192833439US — Dated: May 21, 2025

Express Mail #ER192833442US with form 3811

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]
**Registered Mail #RF775825592US** with form **3811**

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
**Registered Mail #RF775825589US** with form **3811**

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue
San Francisco, California [94102]
**Express Mail #ER192833456US** with form **3811**

**By Electronic Service.** Based on a court order and/or an <u>**agreement of the parties**</u> to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
kevinyin520@gmail.com

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]
kevinyin520@gmail.com

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue
San Francisco, California [94102]
judicialcouncil@jud.ca.gov

Rob Bonta
C/o Office of the Attorney General
1300 "I" Street
Sacramento, California [95814-2919]
Police-Practices@doj.ca.gov
PIU.PIU@doj.ca.gov

Pam Bondi
C/o U.S. Department of Justice
950 Pennsylvania Avenue, North West
Washing, District of Colombia [20530]

VERIFIED EMERGENCY MOTION AND DEMAND TO DISMISS UNLAWFUL DETAINER FOR LACK OF JURISDICTION, STAY EXECUTION OF WRIT OF POSSESSION, AND REQUEST FOR TEMPORARY RESTRAINING ORDER PENDING RESOLUTION OF QUIET TITLE

Express Mail #ER192833439US — Dated: May 21, 2025

crm.section@usdoj.gov

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **May 21, 2025** in Riverside County, California.

_____/s/Donnabelle Mortel/_____
Donnabelle Mortel

**NOTICE:**

Using a notary on this document does *not* constitute joinder adhesion, or consent to any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

## ANKNOWLEDGEMENT:

State of California                    )

                                       ) ss.

County of Riverside                    )

On this 21st day of May, 2025, before me, Lexi Blair , a Notary Public, personally appeared Corey Walker, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

> LEXI BLAIR
> COMM. #2471566
> Notary Public · California
> Riverside County
> My Comm. Expires Nov. 14, 2027

Page 18 of 18

# -Exhibit B-

Express Mail #ER204090846US — Dated: May 23, 2025

Corey: Walker
Kevin: Realworldfare
C/o 30650 Rancho California Road # 406-251
Temecula, California
**non-domestic without** the United States
Email: team@walkernovagroup.com
Phone: (310) 877-1930

Fiduciary, *Executor, Real Party In Interest, and Secured Party*
*for the Purported* Defendants LWY RIDERS LLC, and
™NEW BEGINNINGS© TRUST

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF RIVERSIDE

| | |
|---|---|
| Kai Fan, an individual,<br><br>　　　*[Purported] Plaintiff,*<br><br>　　　*vs.*<br>**LWY RIDERS LLC, a corporation, NEW BEGINNINGS TRUST, a trust,**<br>　　[Purported] *Defendant(s)/Real Party(ies) in Interest/Secured Party(ies)* | Case No. UDCO 2500416<br><br>~~VERIFIED~~ EX PARTE APPLICATION FOR ~~MOTION AND DEMAND TO STAY WRIT~~ OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION (CASE NO. CVR12502206)<br><br>Reservation No: 998168817067<br><br>Date: May 27, 2025<br>Time: 1:00 p.m.<br>Dept: C1<br><br>(SPECIAL LIMITED APPEARANCE — **EQUITY** JURISDICTION PRESERVED) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

~~Corey: Walker and Kevin: Realworldfare, in private capacity and as Fiduciaries,~~

Secured Parties, Real Parties in Interest, and Beneficial Title Holders for the

**Purported Defendants LWY RIDERS LLC** and **NEW BEGINNING TRUST**

(hereinafter referred to as "**Purported Defendants**," "**Secured Party(ies),**" and/or

Page 1 of 16

VERIFIED EX PARTE APPLICATION FOR MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION (CASE NO. CVR12502206)

Page 21 of 230

Express Mail #ER204090846US — Dated: May 23, 2025

1  **"Real Party(ies) in Interest"**), by *Special Limited Appearance* **only**, not generally,

2  respectfully file this **Ex Parte Application** for an immediate **stay of enforcement of**

3  **the Writ of Possession** to preserve the status quo and prevent irreparable harm.

4  This request arises in connection with their previously filed **Verified Emergency Ex**

5  **Parte Motion to Dismiss Unlawful Detainer and Stay Writ of Possession Pending**

6  **Appeal and Resolution of Quiet Title Action (Case No. CVR12502206)**. The

7  motion is based on **lack of subject matter jurisdiction**, **ongoing constitutional**

8  **violations**, the **existence of a duly filed quiet title action**, and a now-**pending**

9  **appeal** from the trial court's unlawful detainer judgment.

10 The quiet title action (**Case No. CVR12502206**) was filed on or about **May 6, 2025**, in

11 the **Riverside Historic Courthouse**, located at **4050 Main Street, Riverside, CA**

12 **92501**, and directly challenges the validity of the **Trustee's Deed Upon Sale**, which

13 is void ab initio and incapable of transferring lawful title.

14 Immediate emergency relief is necessary to prevent:

15  •  Irreparable injury through unlawful dispossession,

16  •  Violation of constitutional due process rights, and

17  •  Unlawful enforcement of a writ predicated on a contested and facially void

18     instrument.

19 **RELIEF REQUESTED**

20 Purported Defendants respectfully request:

21 I, Corey: Walker, acting in private capacity, not pro se, as Fiduciary, Secured Party,

22 Real Party in Interest, and Beneficial Title Holder for the **NEW BEGINNING**

23 **TRUST**, respectfully submit this Ex Parte Application requesting:

24  **1.**  **Immediate dismissal** of the unlawful detainer action for lack of jurisdiction;

25  **2.**  Stay of enforcement of the Writ of Possession;

26  **3.**  **Temporary Restraining Order (TRO)** enjoining all parties and law

27     enforcement from executing any lockout or removal pending appellate

28     review and adjudication of the quiet title matter.

Express Mail #ER204090846US — Dated: May 23, 2025

1    **4.**    Any other relief the Court deems proper to preserve property and due

2        process rights pending resolution of the Verified Emergency Motion and

3        quiet title proceedings.

4    This Application is supported by the **Verified Emergency Motion already filed**, an

5    **unrebutted and perfected record**, the attached **Declaration of Irreparable Harm,**

6    the Declaration of Corey: Walker in support thereof, the **Notice of Ex Parte**

7    **Hearing**, the filed **Notice of Related Case**, and the concurrent **Verified Notice of**

8    **Appeal**, which divests the trial court of further jurisdiction over disputed

9    possession pending appellate resolution, and **all** other pleadings, verified filings,

10   and all documents, records, and exhibits previously submitted in this matter.

11        Executed this __23rd__ day of May, 2025, at Riverside, California.

12

13    By: _Corey Walker_____

14        Corey: Walker, *Declarant, Secured Party,*
        *Fiduciary, Authorized Representative*

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

VERIFIED EX PARTE APPLICATION FOR MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION

Express Mail #ER204090846US — Dated: May 23, 2025

# MEMORANDUM OF POINTS AND AUTHORITIES

## In Support of Ex Party Motion and Demand to Stay Writ of Possession Pending Appeal and Resolution of Quiet Title Action (Case No. CVR12502206)

## I. INTRODUCTION

This memorandum is submitted in support of the Purported Defendants' Ex Parte Motion and Demand to Stay Enforcement of the Writ of Possession Pending Appeal and Resolution of Quiet Title Action (Case No. CVR12502206). The application arises from a Verified Emergency Motion that challenges the trial court's jurisdiction, invokes ongoing constitutional violations, and is supported by an unrebutted and perfected record establishing Defendants' superior equitable and legal interests.

A **Notice of Appeal** has been duly filed, and a **Quiet Title Action remains active and unresolved,** directly challenging the legitimacy of the **Trustee's Deed Upon Sale** upon which the writ is based. That deed is legally **void ab initio** and facially contested.

Enforcement of the writ under these circumstances would:

- Effectuate an unconstitutional taking,
- Deny Defendants a meaningful opportunity to be heard,
- Violate both **state and federal due process rights,** and
- Strip the real parties in interest of lawful possession **without adjudication of title by a competent tribunal.**

Such enforcement is expressly **prohibited under California and federal law,** where title is contested and due process safeguards are ignored. A stay is not only justified —it is **constitutionally required** to preserve the status quo and protect appellate jurisdiction.

## II. GROUNDS FOR EMERGENCY RELIEF AND CONSTITUTIONAL INTERVENTION

### A. Irreparable Harm Justifies Immediate Equitable Relief

1  California courts recognize that the loss of real property rights constitutes

2  irreparable harm warranting injunctive relief. The **California Supreme Court** in

3  *White v. Davis* (1975) 13 Cal.3d 757, 775 held:

4      "Where a party is threatened with the loss of real property, equitable relief is

5      proper because the injury cannot be adequately compensated in damages."

6  Similarly, *Snyder v. City of South Pasadena* (1975) 47 Cal.App.3d 441, 450 emphasized

7  that:

8      "In cases involving real property, the threat of permanent loss or alteration

9      constitutes irreparable harm."

10  Loss of possession, trust-held property, and residential shelter are injuries that no

11  monetary award can remedy.

12  **B. Enforcement of the Writ Would Violate Due Process**

13  Under both the U.S. and California Constitutions, real property cannot be taken

14  without due process. In *Mathews v. Eldridge* (1976) 424 U.S. 319, 333, the U.S.

15  Supreme Court affirmed:

16      "The fundamental requirement of due process is the opportunity to be heard at a

17      meaningful time and in a meaningful manner."

18  In *Fuentes v. Shevin* (1972) 407 U.S. 67, 80–81, the Court warned:

19      "Any significant taking of property by the State is... subject to the constraints of

20      due process."

21  Evicting the beneficial owners of a trust-held estate, without resolving the

22  underlying title dispute, is a constitutional violation of the highest order.

23  **C. The Court Lacks Jurisdiction Where Title Is in Dispute**

24  An unlawful detainer court cannot adjudicate complex questions of title. California

25  law is unequivocal:

26      "The summary proceeding of unlawful detainer is not the proper forum for

27      trying title."

28      — *Steiner v. Thexton* (2010) 48 Cal.4th 411, 429

Express Mail #ER204090846US — Dated: May 23, 2025

1  "[A] claim of ownership based on a deed that is void ab initio must be resolved

2  in a civil action for quiet title, not in summary eviction."

3  — *Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141, 145

4  Where, as here, a Quiet Title Action (Case No. CVR12502206) is actively pending and

5  directly challenges the instrument forming the basis of the unlawful detainer, **this Court is**

6  **without** **subject matter jurisdiction to proceed.** Any judgment or writ arising under such

7  conditions is <u>**void ab initio**</u> and enforcement constitutes **ultra vires conduct.**

8  "The summary remedy of unlawful detainer is **not available** where title is in

9  issue or where the right to possession is dependent on the resolution of

10  conflicting claims to title."

11  — Cheney v. Trauzettel (1937) 9 Cal.2d 158, 159–160

12  "Where the right to possession depends on the validity of title, and title is in

13  substantial dispute, the unlawful detainer action <u>**must be dismissed."**</u>

14  — Steiner v. Thexton (2010) 48 Cal.4th 411, 429.

15  See also Knowles v. Robinson (1963) 60 Cal.2d 620, 625.

16  "The unlawful detainer remedy presupposes the existence of a landlord-

17  tenant relationship or legal basis for summary possession; where title is

18  challenged, the action **must be dismissed.**"

19  — *Evans v. Superior Court* (1977) 67 Cal.App.3d 162, 170.;

20  ### III. CONCLUSION

21  ~~Both the **facts** and controlling **law** compel this Court to grant immediate and~~

22  equitable relief. The continued enforcement of the Writ of Possession, in light of a

23  **pending appeal** and an **active quiet title action** challenging the underlying deed,

24  would:

25  • ~~**Effectuate an unlawful eviction** based on a facially void and contested~~

26  Trustee's Deed Upon Sale;

27  • **Deny Defendants their constitutionally guaranteed due process**, including

28  meaningful access to a competent tribunal capable of adjudicating title;

Page 6 of 16

VERIFIED EX PARTE APPLICATION FOR MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION (CCP §§ 1161, 1176; 49 U.S.C.)

Page 26 of 230

Express Mail #ER204090846US — Dated: May 23, 2025

1    • **Undermine the lawful jurisdiction of the quiet title court** tasked with

2    resolving ownership;

3    • **Render the pending appeal moot**, stripping the appellate court of

4    jurisdiction to review the disputed issues;

5    • And cause **irreparable, unrecoverable harm** to the trust estate and its

6    beneficiaries, including dispossession from private trust property.

7    Accordingly, this Court **has no discretion** to proceed in contravention of these

8    jurisdictional and constitutional limitations. As a matter of law and equity, the

9    Court **is required to**:

10    1. **Dismiss the unlawful detainer action** for lack of subject matter jurisdiction,

11    2. **Immediately stay enforcement of the Writ of Possession**, and

12    3. **Issue a Temporary Restraining Order (TRO)** to preserve the status quo and

13    prevent any lockout or enforcement action **pending final resolution of the**

14    **active quiet title action and appeal.**

15    This relief is not only warranted — it is constitutionally necessary.

16    Executed this <u>23rd</u> day of May, 2025, at Riverside, California.

17

18    By: _Corey Walker_ _____

Corey: Walker, *Declarant, Secured Party,*

19    *Fiduciary, Authorized Representative*

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

Page 7 of 16

VERIFIED EX PARTE APPLICATION FOR MOTIONS AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION

Page 27 of 230

Express Mail #ER204090846US — Dated: May 23, 2025

# **FACTUAL DECLARATION OF IRREPARABLE HARM**

I, Corey: Walker, appearing by *Special Limited Appearance*, **not** generally, in **private capacity**, expressly **not** pro se, as the *Real Party in Interest* and *Secured Party*, with **all rights reserved** *without* prejudice, waiving none, preserving **all** immunities, protections, and remedies, being over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, and affirm under penalty of perjury under the laws of the United States of America, that the following is true, correct, and complete to the best of my knowledge, belief, and understanding, and made in good faith:

1. I am a Fiduciary, Secured Party, Real Party in Interest, and Beneficial Title Holder for **NEW BEGINNING TRUST**, which holds beneficial title to the property located at **12232 Brianwood Drive, Riverside, California**.

2. On or about **May 2, 2025**, a **Writ of Possession** has been issued in Unlawful Detainer Case No. **UDCO2500416**, and enforcement by the Riverside County Sheriff is **imminent**. This writ is based on a contested **Trustee's Deed Upon Sale**, which undisputely  **void ab initio** and currently being litigated in a pending **quiet title action**: Riverside County Superior Court Case No. **CVR12502206**.

3. I have filed a **Verified Emergency Ex Parte Motion to Dismiss Unlawful Detainer and Stay Writ of Possession Pending Appeal and Resolution of Quiet Title Action (Case No. CVR12502206), which remains pending.**

4. I have filed a **Notice of Appeal** in this Unlawful Detainer case which remains pending.

5. On or about **May 6, 2025** a Quiet title action was filed, which remains active and pending.

6. I have personal knowledge that the **Riverside County Sheriff's Department is scheduled to enforce the writ imminently**, creating an immediate threat of lockout, dispossession, and irreversible harm.

Express Mail #ER204090846US — Dated: May 23, 2025

7. If the writ is enforced, and not restrained, I and other trust beneficiaries will be **forcibly removed from the private trust property, resulting in:**

- **Dispossession from lawfully held dwelling property, including the loss of peaceful possession, use, and control of the trust's private premises,**
- **Loss and destruction of personal and trust-held property,** and
- **Violation of our due process rights,** as possession is being transferred based on a void instrument without a lawful adjudication of title.
- **Mooting of the quiet title action,** despite our clear legal interest and evidentiary record.

8. This harm is **irreparable**, as the quiet title case has not yet been adjudicated and eviction would:

- Prejudice our ability to obtain meaningful legal relief,
- Potentially moot our title claims,
- Cause permanent disruption of trust property and contractual security rights.

4. No adequate remedy at law exists to restore possession or compensate for the constitutional deprivation, and **monetary damages cannot fully redress** the injury.

5. The subject property is actively and lawfully occupied by trust beneficiaries. The harm threatened cannot be redressed by monetary damages and constitutes a clear violation of California and federal constitutional protections.

6. No adequate remedy exists at law. Immediate injunctive relief is necessary to prevent further unlawful acts by parties acting under color of law and in the absence of jurisdiction.

7. I, Corey Walker, further state the following authorities support the necessity of immediate injunctive relief and demonstrate that the harm faced is **constitutionally protected** *and* **irreparable** under both California *and* federal law:

Page 9 of 16

Express Mail #ER204090846US — Dated: May 23, 2025

1.   **White v. Davis** (1975) 13 Cal.3d 757, 775

California Supreme Court held:

"Where a party is threatened with the loss of real property, equitable relief is proper because the injury cannot be adequately compensated in damages."

This remains a cornerstone case in California for granting equitable relief in real property disputes where possession or title is at stake.

2.   **Mathews v. Eldridge** (1976) 424 U.S. 319, 333

The U.S. Supreme Court affirmed:

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."

Enforcing a writ of possession before a quiet title action is adjudicated denies a meaningful hearing on ownership, violating due process.

3.   **Fuentes v. Shevin** (1972) 407 U.S. 67, 80–81

The Court stated:

"Any significant taking of property by the State is... subject to the constraints of due process."

Evicting parties based on a contested and void deed without full adjudication of title constitutes a significant deprivation under color of law.

4.   **Snyder v. City of South Pasadena** (1975) 47 Cal.App.3d 441, 450

The court held:

"In cases involving real property, the threat of permanent loss or alteration constitutes irreparable harm."

Enforcement of a writ prior to adjudicating rightful ownership is a textbook example of such harm.

5.   **Intel Corp. v. Hamidi** (2003) 30 Cal.4th 1342, 1352

While addressing non-tangible property, the California Supreme Court reaffirmed that:

Injunctive relief is appropriate where ongoing harm threatens a protected

right.

The loss of lawful occupancy and possession of trust property threatens core private and constitutional rights.

6. **People v. Superior Court (Humberto S.)** (2008) 43 Cal.4th 737, 754

The Court emphasized:

"Equity may intervene when legal remedies are inadequate and where a party stands to suffer irreparable harm."

Dispossession under a void writ — without full legal recourse — falls squarely within this equitable exception.

//
//
//
//

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

### BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE

I, Corey Walker, over the age of 18, competent to testify, and having firsthand **knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my understanding, knowledge, and belief, and made in good faith.

Executed, signed, and sealed this 21st day of May in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without prejudice.**

**All rights reserved without prejudice or recourse. UCC § 1-308, 3-402.**

By: _Corey Walker_

Corey Walker, *Fiduciary, Authorized Representative, Executor Secured Party, Master Beneficiary*

Page 11 of 16

Express Mail #ER204090846US — Dated: May 23, 2025

# <u>LIST OF EXHIBITS / EVIDENCE:</u>

1. **Exhibit A:** Affidavit: Power of '*Attorney-in-Fact*'

2. **Exhibit B:** UCC1 filing #2024385942-1.

3. **Exhibit C:** UCC3 filing #2024425487-2.

4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private trust property is titled to '<u>New Beginnings Trust, dated January 1, 2024"</u>

5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.

9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "<u>THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE"</u>

1. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary Judgement in Favor of Defendants, as a matter of law (received by the Court on, **April 7, 2025, by way** or **Registered Mail #RF775824570US).**

2. **Exhibit P:** Form 3811 evidencing deliver of Exhibit O via (VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

Express Mail #ER204090846US — Dated: May 23, 2025

1    AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

2    JUDGEMENT, and Demand FOR QUIET TITLE AND Demand  for Summary

3    Judgement in Favor of Defendants, as a matter of law), via **Registered Mail**

4    **#RF775824570US.**

5    3.    **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar

6        No. 188613)

7    4.    **Exhibit R:** Verified Complaint to Quiet Title (Case No. CVR12502206), filed **May**

8        **6, 2025,** in the Superior Court of California, County of Riverside, concerning real

9        property located at 12232 Brianwood Drive, Riverside, CA (APN: 270-400-037)

10    //

11    //

12    //

13    //

14    //

15    //

16    //

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

VERIFIED EX PARTE APPLICATION FOR MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION (C...)

Express Mail #ER204090846US — Dated: May 23, 2025

# PROOF OF SERVICE

1  STATE OF CALIFORNIA            )

2                                )    ss.

3  COUNTY OF RIVERSIDE           )

4        I competent, over the age of eighteen years, and not a party to the within action. My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591]. On or about **May 23, 2025,** I served the within documents:

1.  **VERIFIED** EX PARTE APPLICATION FOR MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION (CASE NO. CVR12502206).

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

Clerk(s), Tamara L Wagner (#188613), Jason B Galkin, C Serrato, T Latham Kreuter,
C/o CLERK OF COURT
505 South Buena Vista,
Corona, California [92882]
**Express Mail #ER192833456US with form 3811**

Clerk(s),
C/o CLERK OF COURT
3389 Twelfth Street
Riverside, California [92882]
**Express Mail #ER192833439US with form 3811**

Kai: Fan
C/o KAI FAN

Express Mail #ER204090846US — Dated: May 23, 2025

1

3426 Vineland Avenue
Baldwin Park, California [92501]
**Express Mail #ER204090829US** with form **3811**

2

3      **By Electronic Service.** Based on a court order and/or an **agreement of the**

4  **parties** to accept service by electronic transmission, I caused the documents to be

5  sent to the persons at the electronic notification addresses listed below.

6

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
kevinyin520@gmail.com

7

8

9      I declare under penalty of perjury under the laws of the State of California

10  that the above is true and correct. Executed on **May 23, 2025** in Riverside County,

11  California.

12                                        _____/s/Donnabelle Mortel/_____
                                            Donnabelle Mortel

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24                              **NOTICE:**

25  Using a notary on this document does *not* constitute joinder adhesion, or consent to

26  any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for

27  notary is verification and identification only and not for entrance into any foreign

28  jurisdiction.

VERIFIED EX PARTE APPLICATION FOR MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION (CASE NO. 24AHCV00000)

Express Mail #ER204090846US — Dated: May 23, 2025

# **ANKNOWLEDGEMENT:**

State of California )

) ss.

County of Riverside )

On this 23rd day of May, 2025, before me, Natalie Romero , a Notary Public, personally appeared Corey Walker, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

> **NATALIE ROMERO**
> COMM. #2513669
> Notary Public - California
> Riverside County
> My Comm. Expires Mar. 6, 2029

Page 16 of 16

VERIFIED EX PARTE APPLICATION FOR MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL AND RESOLUTION OF QUIET TITLE ACTION (C.C.P. § 918 and § 1008)

Page 36 of 230

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE

Kai Fan, an individual,

     *[Purported] Plaintiff,*

    *vs.*

**LWY RIDERS LLC, a corporation, NEW
BEGINNINGS TRUST, a trust,**
    [Purported] *Defendant(s)/Real
Party(ies) in Interest/Secured Party(ies)*

Case No.: UDCO 2500416

Judge:

**[PROPOSED] ORDER**

~~GRANTING MOTION AND DEMAND TO~~
STAY WRIT OF POSSESSION PENDING
APPEAL AND RESOLUTION OF QUIET
TITLE ACTION (CASE NO.
CVR12502206)

TThe Court, having reviewed the Verified Motion filed by Defendants and Real

Parties in Interest, NEW BEGINNING TRUST and its fiduciaries, and having

considered the Declaration of Irreparable Harm, the Notice of Related Case, the

Verified Emergency Motion, and all supporting pleadings and evidence:

**FINDS AND ORDERS AS FOLLOWS:**

1. Based on the record before the Court, including a pending **Notice of Appeal**
   and an active **Quiet Title Action (Case No. CVR12502206)** in the Superior
   Court involving the same property and parties, the Court hereby **STAYS**
   **enforcement of the Writ of Possession** issued in Case No. **UDCO2500416,**
   ~~pending final resolution of the appellate and quiet title proceedings.~~

2. The **Writ of Possession** shall not be executed or enforced during the
   pendency of the appeal and title litigation, to preserve the status quo and
   prevent irreparable harm.

3.  A **Temporary Restraining Order (TRO) is issued, enjoining and restraining Plaintiff, their attorneys, agents, and the Riverside County Sheriff's Department** from:
    - Enforcing or executing any Writ of Possession related to this case; and
    - Removing, locking out, disturbing, or otherwise interfering with Defendants' possession and lawful use of the property located at **12232 Brianwood Drive, Riverside, California 92503**.

4.  This Order is issued upon verified and unrebutted evidence of:
    - **Constitutionally protected property rights;**
    - A pending appeal that raises **substantial jurisdictional and due process issues;**
    - A parallel **Quiet Title Action** that squarely challenges the underlying basis for Plaintiff's claim to possession;
    - And the need to **preserve appellate jurisdiction** and prevent **irreparable and unconstitutional harm.**

5.  This **Temporary Restraining Order shall remain in effect** until further order of this Court or a court of competent jurisdiction. No enforcement actions shall proceed until lawful adjudication of title and appellate review have concluded

IT IS SO ORDERED.

Dated: May, _____, 2025

_____
JUDGE OF THE SUPERIOR COURT
COUNTY OF RIVERSIDE

-Exhibit C-

Registered Mail #RF775825147US — Date: June 5, 2025

Kevin: Realworldfare, *sui juris, in propria persona*
C/o 30650 Rancho California Road # 406-251
Temecula, California
**non-domestic without** the United States
Email: team@walkernovagroup.com
Phone: (310) 923-8521

*Intervener, Real Party In Interest, and Secured Party*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE

| | |
|---|---|
| Kai Fan, an individual,<br><br>　　　*[Purported] Plaintiff,*<br><br>　　*vs.*<br>**LWY RIDERS LLC, a corporation, NEW BEGINNINGS TRUST, a trust,**<br>　　*[Purported] Defendant(s)/Real Party(ies) in Interest/Secured Party(ies)* | Case No. UDCO2500416<br><br>**VERIFIED** EX PARTE APPLICATION FOR RELIEF AND LEAVE TO INTERVENE AS REAL PARTY IN INTEREST<br><br>(C.C.P. §§ 387, 473(d); Cal. Const. Art. I §§ 1, 7, 19; Due Process and Equity Principles)<br><br>Reservation No: 256278462041<br><br>Date: June 6, 2025<br>Time: 8:30 a.m.<br>Dept: C1<br><br><br>(SPECIAL LIMITED APPEARANCE — **EQUITY** JURISDICTION PRESERVED) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

COMES NOW Kevin: Realworldfare, proceeding **sui juris, in propria persona**, by **Special Limited Appearance** only, in private capacity only, **not** *pro se*, and **not** as surety or representative for any artificial person, legal fiction, or statutory entity. Intervenor appears solely to assert and protect secured, vested, and constitutionally guaranteed rights, and to enforce equitable, contractual, and lawful title interests as

Registered Mail #RF775825147US — Date: June 5, 2025

1  the Real Party in Interest and Beneficial Title Holder of the real property known as

2  12232 Brianwood Drive, Riverside, California 92503 (APN: 270-400-037), and in

3  support thereof states as follows:

### I. RELIEF REQUESTED

5  This Application seeks the following:

6  **1. Leave to Intervene** post-judgment pursuant to Code of Civil Procedure §387(b),

7    on the grounds that Applicant has a direct, legally protectable interest in the

8    subject property and was not a party to the unlawful detainer action adjudicated

9    without jurisdiction.

10  **2. Ex Parte Hearing and Immediate Stay** of any further enforcement of the Writ of

11    Possession issued on May 12, 2025, pending resolution of the Applicant's

12    intervention and the related **Quiet Title Action** currently pending in Riverside

13    County Superior Court (Case No. CVRI2502206) , and the pending Federal Case

14    pending in the United States District Court (Case No. 5:25-cv-01330-KK(SHK)).

15  **3. Emergency Relief and Protection of Constitutional Rights,** including but not

16    limited to the rights to life, liberty, property, privacy, due process, and equal

17    protection under Article I, §§ 1, 7, 13, and 19 of the California Constitution, and

18    under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United

19    States Constitution.

### II. URGENCY AND EXIGENT CIRCUMSTANCES

21  This Application is made on an emergency ex parte basis because:

22  • Applicant was **unlawfully dispossessed** from the subject property pursuant to

23    a **void judgment and writ**, issued and enforced **without jurisdiction, while**

24    **the property was and remains the subject of a pending quiet title action.**

25  • Enforcement was obtained through material misrepresentations and failure

26    to join or notice the true owner of record, in violation of due process.

27  • Every day that possession is withheld inflicts **irreparable harm**, including

28    deprivation of shelter, breach of constitutional rights, and commercial injury.

Registered Mail #RF775825147US — Date: June 5, 2025

## III. FACTUAL AND PROCEDURAL BACKGROUND

- A **Grant Deed** recorded on **February 8, 2024** (Doc. #2024-0036701) conveys full legal and equitable title to Applicant.

- A **Trustee's Deed Upon Sale** recorded on **March 12, 2025** (Doc. #2025-0072306) is facially fraudulent and **void *ab initio***, executed without foreclosure, without due process, and in violation of Applicant's prior perfected title.

- A **Quiet Title Action** was filed by Applicant on **May 6, 2025** and served on Defendant Kai Fan.

- The **Writ of Possession** issued **May 12, 2025**, was obtained and executed **during the pendency** of the quiet title case and is **jurisdictionally void**.

- The Court was **divested of jurisdiction** between **April 28, 2025 and May 5, 2025**, due to a **federal removal** under 28 U.S.C. §1446(d). Proceedings during that time are **null and void**.

- The Applicant was **never given notice or opportunity to be heard**, violating fundamental fairness.

## IV. GOOD CAUSE SHOWN

Applicant has demonstrated:

- **Clear chain of title** predating any alleged interest of the Defendants;

- **Perfected UCC filings**;

- ~~Ongoing Quiet Title Action directly impacting this matter;~~

- **Ongoing Federal Lawsuit** directly impacting this matter.

- **Irreparable harm** and continued deprivation of constitutionally protected property interests;

- ~~No prejudice to any party by granting this request — only preservation of~~ status quo and prevention of injustice.

## V. SUPPORTING DOCUMENTS

This Application is supported by:

Registered Mail #RF775825147US — Date: June 5, 2025

1  •  Verified Ex Parte Notice and Motion to Intervene;

2  •  Affidavit of Kevin: Realworldfare (executed under 28 U.S.C. §1746);

3  •  Memorandum of Points and Authorities;

4  •  Verified Quiet Title Complaint (filed May 6, 2025);

5  •  Verified Federal Complaint (Filed May 30, 3035);

6  •  Copies of recorded instruments and USPS delivery confirmations (See

7      Exhibits A through R.

8  ## VI. CONCLUSION

9  WHEREFORE, Applicant respectfully requests that the Court:

10  1.  Grant this Application and set an immediate hearing on an ex parte basis;

11  2.  Permit intervention as Real Party in Interest;

12  3.  Stay any further enforcement of the May 12, 2025 Writ of Possession;

13  4.  Order **restoration of possession** pending resolution of the quiet title;

14  5.  Order **restoration of possession** pending resolution of the federal lawsuit;

15  6.  Preserve the Court's integrity by correcting the jurisdictional error and

16     halting further unlawful deprivation.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Registered Mail #RF775825147US — Date: June 5, 2025

# VERIFICATION:

**Pursuant to 28 U.S.C. § 1746 and California Code of Civil Procedure § 2015.5**

**BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**

I, <u>Kevin: Realworldfare</u>, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America and the State of California**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith.**

Executed, signed, and sealed this <u>5th</u> day of <u>June</u> in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Kevin: Realworldfare_

Kevin: Realworldfare, *Intervener, Secured Party,*
*Real Party In Interest*

//
//
//
//
//
//
//
//
//
//
//
//
//
//

VERIFIED APPLICATION FOR EX PARTE RELIEF AND LEAVE TO INTERVENE AS REAL PARTY IN INTEREST

Registered Mail #RF775825147US — Date: June 5, 2025

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Memorandum supports Intervenor Kevin: Realworldfare's Verified Ex Parte Notice and Motion to Intervene as the Real Party in Interest. The intervention is necessary to challenge a judgment rendered **without jurisdiction**, based on a **void Trustee's Deed Upon Sale**, while a quiet title action remains pending and dispositive. Intervenor is the recorded beneficial title holder of the subject property and was unlawfully dispossessed **under color of a writ** issued **ultra vires** **and** in **violation of due process**.

## II. LEGAL STANDARD FOR INTERVENTION POST-JUDGMENT

California Code of Civil Procedure §387(a)–(b) authorizes intervention "upon timely application," by **any** person "who has an interest in the matter in litigation," or when the "judgment may affect that person's interest." Even post-judgment intervention is permitted to protect such interests. The **California Supreme Court** has long recognized that intervention should be granted "liberally in favor of intervention" when necessary to protect property or constitutional rights. (*People v. Superior Court (Good)*, 17 Cal.3d 732 (1976)).

Post-judgment intervention is proper especially when:

- The intervenor was not a party or noticed participant in the proceedings;
- The intervenor asserts an independent interest in the subject property or action;
- The prior judgment is void or defective;
- The original parties acted in bad faith or fraud on the court.

See also *County of San Bernardino v. Harsh California Corp.*, 52 Cal.App.4th 1306, 1313 (1997); *In re Marriage of Wolff*, 82 Cal.App.4th 943, 949 (2000).

## III. A VOID JUDGMENT IS A LEGAL NULLITY AND CAN BE CHALLENGED AT ANY TIME

A judgment entered by a court lacking subject matter or personal jurisdiction is **void *ab initio*** and may be challenged at **any** time, including through post-

Registered Mail #RF775825147US — Date: June 5, 2025

1  judgment intervention. (*People v. American Contractors Indemnity Co.*, 33 Cal.4th 653,
2  660 (2004); *Rochin v. Pat Johnson Manufacturing Co.*, 67 Cal.App.4th 1228, 1239
3  (1998)).
4  In this case:
5  • The writ of possession was issued while a federal removal was pending,
6      divesting the state court of jurisdiction under 28 U.S.C. § 1446(d);
7  • A verified quiet title action had already been filed and served, stripping the
8      unlawful detainer court of jurisdiction over the issue of title;
9  • The deed relied on by Defendants is void ab initio.
10  Where jurisdiction is lacking, the court's judgment is a legal nullity and no rights
11  may arise from it. (*Strathvale Holdings v. E.B.H.*, 126 Cal.App.4th 1241 (2005)).
12  **IV. INTERVENOR HOLDS A SUPERIOR, RECORDED TITLE INTEREST**
13  The Court is required to recognize recorded property interests as valid absent a
14  lawful foreclosure, judicial proceeding, or valid conveyance. Intervenor holds:
15  • A recorded Grant Deed dated **February 8, 2024;**
16  • Perfected UCC-1 and UCC-3 financing statements;
17  • Constructive and actual notice provided via *unrebutted* affidavits.
18  In *Muktarian v. Barmby*, 63 Cal.2d 558 (1965), the **California Supreme Court** held
19  that a recorded deed conveys valid title unless rebutted by proper court
20  adjudication. That never occurred here.
21  **V. THE EQUITIES FAVOR INTERVENTION**
22  California courts apply equitable principles to prevent manifest injustice. Where a
23  party was never given notice, is the true holder of title, and suffers unlawful
24  dispossession, equity demands judicial relief. (*Civ. Code § 3523*: "Where the reason
25  is the same, the rule should be the same.")
26  The trial court's conduct in issuing a writ without resolving title, under ultra vires
27  authority, while the property was removed to federal jurisdiction and quiet title
28  was pending, justifies immediate equitable relief.

Registered Mail #RF775825147US — Date: June 5, 2025

## VI. CONCLUSION

**Intervention is proper, timely, *and* necessary** to prevent ongoing irreparable harm, correct a jurisdictional defect, and preserve the Intervenor's property rights. The Court is vested with the power and duty to protect due process, prevent fraud, and preserve the rule of law. This Motion should be granted, and the underlying writ and judgment declared void.

//
//
//
//
//
//
//
//

## VERIFICATION:

**Pursuant to 28 U.S.C. § 1746 and California Code of Civil Procedure § 2015.5**

**BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**

I, Kevin: Realworldfare, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America and the State of California**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 5th day of June in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Kevin: Realworldfare_

Kevin: Realworldfare, *Intervener, Secured Party, Real Party In Interest*

Page 8 of 15

Registered Mail #RF775825147US — Date: June 5, 2025

# <u>AFFIDAVIT OF KEVIN: REALWORLDFARE</u>

**KNOW ALL MEN BY THESE PRESENT,** that I, Kevin: Realworldfare, proceeding *sui juris, in propria persona*, appearing by *Special Limited Appearance* only, **not** generally, and **not** pro se, with **all rights reserved** *without* **prejudice**, waiving none, preserving **all** immunities, protections, and remedies, being over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, and affirm under penalty of perjury under the laws of the United States of America and the State of California, that the following is true, correct, and complete to the best of my knowledge, belief, and understanding, and made in **good faith**:

1. **Affiant is the beneficial title holder and Real Party in Interest** in the real property located at 12232 Brianwood Drive, Riverside, California 92503 (APN: 270-400-037) (the "Property").

2. On **February 8, 2024**, a **Grant Deed** (Doc. #2024-0036701, File No. 35198 CM) was lawfully recorded in the Riverside County Recorder's Office, conveying legal and equitable title to Affiant and co-owner Corey: Walker. This Grant Deed has never been lawfully challenged, rescinded, or extinguished.

3. On **February 13, 2024**, a **UCC-1 Financing Statement** (File #2024385942-1) was duly filed with the Nevada Secretary of State, establishing Affiant's secured creditor status over the Property. A UCC-3 Amendment (File #2024425487-2) was filed on August 21, 2024, reaffirming said interest. These remain unrebutted and in full force and effect.

4. On **March 12, 2025**, a purported **Trustee's Deed Upon Sale** (Doc. #2025-0072306) was fraudulently recorded by Defendant Kai Fan. Said deed is void ab initio for the following reasons:

   • It was executed **without lawful foreclosure**;

   • It was executed **without judicial review or due process**;

   • It directly contradicts the **recorded and perfected interests** held by Affiant.

Registered Mail #RF775825147US — Date: June 5, 2025

5. On **May 6, 2025**, Affiant and co-owner filed a **Verified Quiet Title Action** (Case No. CVRI2502206) in Riverside County Superior Court, asserting the superiority of the recorded Grant Deed and seeking judicial confirmation of title. Defendant Kai Fan was properly served. This matter remains **pending and dispositive** of any claim to possession.

6. Despite actual and constructive notice of the pending quiet title action, perfected filings, and jurisdictional objections, the state court proceeded **without jurisdiction**, holding an **unlawful prove-up hearing** on May 1, 2025, while the case had been **removed to federal court** under 28 U.S.C. § 1446(d) on April 28, 2025.

7. The state court issued a **Writ of Possession** on or about May 2, 2025, followed by a **second Writ on May 12, 2025**, both of which are **void for want of jurisdiction**, lack of notice, and underlying fraud.

8. On or about **May 30, 2025**, Affiant was **unlawfully dispossessed** from the Property with the assistance of the Sheriff, despite being the **lawful title holder**, having received no notice of hearing, and with no adjudication of title. Said act constitutes:

- Deprivation of property without due process under the **Fourteenth Amendment**;
- Deprivation of civil rights under **42 U.S.C. § 1983**;
- ~~Bad faith enforcement of a **void commercial instrument**;~~
- Color-of-law trespass in violation of **equity, contract, and trust law**.
- Affiant has served:
- Multiple **Affidavits of Truth**, unrebutted;
- ~~Notice of Default, Notice of Dishonor, and Tacit Procuration;~~
- All served via **Registered Mail** with USPS Form 3811 green cards returned and retained. These unrebutted affidavits stand as facts in commerce, equity, and public record.

Registered Mail #RF775825147US — Date: June 5, 2025

9. The subject matter of possession and title was never adjudicated lawfully and
   remains open, contested, and within exclusive equity jurisdiction.

10. Affiant now faces **irreparable harm**, deprivation of shelter, constitutional
    violation, and ongoing unlawful occupancy of property based on fraudulent
    instruments. The existing state court judgment is **void**, and any presumption of
    lawfulness must be vacated immediately.

11. All actions taken by Judge Tamara L. Wagner and Defendant Kai Fan were **ultra
    vires**, beyond the court's authority, and executed in **bad faith**. These actors are
    not immune under *Stump v. Sparkman*, 435 U.S. 349 (1978), where jurisdiction is
    clearly lacking.

12. Affiant reserves all rights, remedies, immunities, and protections under **natural
    law**, **common law**, **equity**, **trust law**, the **California Constitution**, the **U.S.
    Constitution, UCC 1-308, UCC 3-603**, and other applicable commercial and
    international instruments.

## VERIFICATION:

**Pursuant to 28 U.S.C. § 1746 and California Code of Civil Procedure § 2015.5**

**BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**

I, Kevin: Realworldfare, over the age of 18, competent to testify, and having **firsthand
knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state**
under penalty of perjury under the laws of the **United States of America and the State of
California**, that the foregoing statements are **true, correct, and complete**, to the best of my
**understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 5th day of June in the year of Our Lord two thousand
and twenty five, *without* the United States, **with all rights reserved and without prejudice.**

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: *Kevin: Realworldfare*

Kevin: Realworldfare, *Intervener, Secured Party,
Real Party In Interest*

VERIFIED APPLICATION FOR EX PARTE RELIEF AND LEAVE TO INTERVENE AS REAL PARTY IN INTEREST

Registered Mail #RF775825147US — Date: June 5, 2025

# <u>**LIST OF EXHIBITS / EVIDENCE:**</u>

1. **Exhibit A:** Affidavit: Power of '*Attorney-in-Fact*'

2. **Exhibit B:** UCC1 filing #2024385942-1.

3. **Exhibit C:** UCC3 filing #2024425487-2.

4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private trust property is titled to '<u>New Beginnings Trust, dated January 1, 2024"</u>

5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.

9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "<u>THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE"</u>

13. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary Judgement in Favor of Defendants, as a matter of law (received by the Court on, **April 7, 2025**, by way or **Registered Mail #RF775824570US).**

14. **Exhibit P:** Form 3811 evidencing deliver of Exhibit O via (VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

Registered Mail #RF775825147US — Date: June 5, 2025

1  AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

2  JUDGEMENT, and Demand FOR QUIET TITLE AND Demand  for Summary

3  Judgement in Favor of Defendants, as a matter of law), via **Registered Mail**

4  **#RF775824570US.**

5  15.  **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar

6     No. 188613)

7  16. **Exhibit R:** Verified Complaint to Quiet Title (Case No. CVR12502206), filed **May**

8     **6, 2025,** in the Superior Court of California, County of Riverside, concerning real

9     property located at 12232 Brianwood Drive, Riverside, CA (APN: 270-400-037)

10  15. **Exhibit S:** Verified Notice of Appeal – Filed May 23, 2025

11  16. **Exhibit T:** Verified Notice of Stay – Filed May 23, 2025

12  17. **Exhibit U:** Verified Declaration of Corey: Walker in lieu of reporter's transcript

13     and in support of writ of supersedes, (Summarizing Proceedings, Court Rulings,

14     and Motion to Dismiss and Stay in Trial Court).

15  18. **Exhibit V:** <u>Verified</u> Emergency Motion AND DEMAND to Dismiss Unlawful

16     Detainer for Lack of Jurisdiction, Stay Execution of Writ of Possession, and

17     Request for Temporary Restraining Order Pending Resolution of Quiet Title

18     Action (Case No. CVRI2502206)

19  19. **Exhibit W:** <u>VERIFIED</u> EMERGENCY EX PARTE MOTION AND DEMAND TO

20     STAY WRIT OF POSSESSION PENDING APPEAL and Resolution of Quiet Title

21     Action (Case No. CVRI2502206)

22  20. **Exhibit X:** Voicemail from trial court acknowledging federal removal and

23     confirming intent to proceed without jurisdiction.

24  21. **Exhibit Y:** Trial court docket showing removal to federal court on April 28, 2025,

25     and remand received on May 5, 2025.

26  22.  **Exhibit Z:** <u>VERIFIED</u> COMPLAINT FOR DAMAGES, EQUITABLE RELIEF,

27     TRO, AND INJUNCTIVE RELIEF, filed against Tamara Wagner and Kai Fan on

28     May 27, 2025.

Registered Mail #RF775825147US — Date: June 5, 2025

# PROOF OF SERVICE

1

2  STATE OF CALIFORNIA            )

3                                )    ss.

4  COUNTY OF RIVERSIDE           )

5        I competent, over the age of eighteen years, and not a party to the within

6  action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho

7  California Road suite #406-251, Temecula, California [92591].  On or about **June 4,**

8  **2025**, I served the within documents:

9  1.  <u>VERIFIED</u> APPLICATION FOR EX PARTE RELIEF AND LEAVE TO INTERVENE

10                     AS REAL PARTY IN INTEREST

11  **By United States Mail.**  I enclosed the documents in a sealed envelope or package

12  addressed to the persons at the addresses listed below by placing the envelope for

13  collection and mailing, following our ordinary business practices.  I am readily familiar

14  with this business's practice for collecting and processing correspondence for mailing.  On

15  the same day that correspondence is placed for collection and mailing, it is deposited in

16  the ordinary course of business with the United States Postal Service, in a sealed envelope

17  with postage fully prepared.  I am a resident or employed in the county where the mailing

18  occurred.  The envelope or package was placed in the mail in Riverside County, California,

19  and sent via Registered Mail with a form 3811.

20          Kai: Fan
        C/o KAI FAN
21        3426 Vineland Avenue
        Baldwin Park, California [92501]
22        **Registered Mail #RF775825147US** with form **3811**

23        **By Electronic Service.**  Based on a court order and/or an <u>agreement of the</u>

24  <u>parties</u> to accept service by electronic transmission, I caused the documents to be

25  sent to the persons at the electronic notification addresses listed below.

26          Kai: Fan
        C/o KAI FAN
27        3426 Vineland Avenue
        Baldwin Park, California [91706]
28        kevinyin520@gmail.com

Registered Mail #RF775825147US — Date: June 5, 2025

1    I declare under penalty of perjury under the laws of the State of California

2  that the above is true and correct.  Executed on **June 4, 2025** in Riverside County,

3  California.

4                                          _/s/Chris Yarbra/_
                                               Chris Yarbra//

5  //

6  //

7  //

8  //

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE

Kai Fan, an individual,

    *[Purported] Plaintiff,*

  *vs.*

LWY RIDERS LLC, a corporation, NEW BEGINNINGS TRUST, a trust,
    [Purported] *Defendant(s)/Real Party(ies) in Interest/Secured Party(ies)*

Case No.: UDCO2500416

Judge:

**[PROPOSED] ORDER GRANTING VERIFIED EX PARTE MOTION TO INTERVENE, STAY WRIT OF POSSESSION, AND VACATE VOID JUDGMENT**

---

**[PROPOSED] ORDER GRANTING VERIFIED EX PARTE MOTION TO INTERVENE AS REAL PARTY IN INTEREST AND BENEFICIAL TITLE HOLDER; STAYING WRIT OF POSSESSION; AND VACATING VOID JUDGMENT**

Having considered the Verified Ex Parte Motion to Intervene filed by Kevin: Realworldfare, proceeding *sui juris, in propria persona,* by **Special Limited Appearance**, and all accompanying affidavits, exhibits, and declarations filed in support thereof, and good cause appearing:

IT IS HEREBY ORDERED THAT:

1. **Intervention GRANTED** – Kevin: Realworldfare is hereby granted leave to intervene in this action as the Real Party in Interest and Beneficial Title Holder of the subject property located at **12232 Brianwood Drive, Riverside, California 92503 (APN: 270-400-037)**, pursuant to California Code of Civil Procedure § 387.

2. **Stay of Enforcement GRANTED** – All enforcement proceedings, including execution of the Writ of Possession issued on **May 2, 2025**, and reissued on **May 12, 2025**, are hereby **STAYED** pending further order of the Court.

3. **Vacatur of Judgment** – The Unlawful Detainer judgment entered on **May 1, 2025**, is hereby **VACATED** as **void ab initio**, based on:

- Lack of subject matter jurisdiction at the time of trial due to federal removal (28 U.S.C. § 1446(d));

- Ongoing and unresolved Quiet Title Action (**Case No. CVRI2502206**) filed **May 6, 2025**, involving the same property and parties;

- Verified evidence that the Trustee's Deed Upon Sale recorded by Kai Fan on **March 12, 2025**, is void and fraudulent on its face;

- Verified Affidavit and unrebutted UCC filings showing perfected title vested in Intervenor prior to any adverse claim.

4. **Hearing Date (If Applicable)** – A status hearing on the merits of the intervention and further proceedings is set for:

**Date:** _____

**Time:** _____

**Dept:** _____

5. **Reservation of Rights** – This Order is entered without prejudice to any further relief sought in the Quiet Title Action or related federal proceedings.

Dated: May, _____, 2025

_____
JUDGE OF THE SUPERIOR COURT
COUNTY OF RIVERSIDE

Page 2 of 2

[PROPOSED] ORDER GRANTING VERIFIED EX PARTE MOTION TO INTERVENE, STAY WRIT OF POSSESSION, AND VACATE VOID JUDGMENT

-Exhibit D-

Registered Mail #RF775825204US — Dated: April 24, 2025

Corey Walker, *sui juris*
Kevin Walker, *sui juris*
C/o 30650 Rancho California Road # 406-251
Temecula, California [92591]
non-domestic *without* the United States
Email: team@walkernovagroup.com

*Attorney(s)-In-Fact, Executor(s), and Fiduciaries for the*
Secured Parties, *Real Parties In Interest*, and *Purported* Defendants.
LWY RIDERS LLC, ™NEW BEGINNINGS© TRUST

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF RIVERSIDE

Kai Fan, an individual,

      [*Purported*] *Plaintiff,*

    *vs.*

LWY RIDERS LLC, a corporation, NEW BEGINNINGS TRUST, a trust,
    *Defendant(s)/Real Party(ies) in Interest/Secured Party(ies)*

Case No. UDCO 2500416

**VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND RAILROADING; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT AS *A MATTER OF LAW***

**VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND RAILROADING; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT AS *A MATTER OF LAW***

**(For Lack of Jurisdiction, Procedural Fraud, and Commercial Dishonor)**

COMES NOW, the Purported Defendants, **LWY RIDERS LLC and NEW BEGINNINGS TRUST** (hereinafter, "Defendants," "Purported Defendants," and/or "Real Parties in Interest"), by and through their duly appointed ***Attorneys-in-Fact, Executors, Trustees, Fiduciaries, and Authorized Representatives,*** by **Special**

-1 of 41-

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND RAILROADING; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT

Page 58 of 230

Registered Mail #RF775825204US — Dated: April 24, 2025

1  **Limited Appearance**, and *without* waiver of any rights, immunities, or protections,

2  and hereby assert their standing in accordance with the principles of **equity, trust**

3  **law, the common law, and constitutionally guaranteed due process.**

4  Defendants **invoke their inherent, unalienable, and constitutionally secured**

5  **rights**, and proceed under the authority of duly executed instruments, including

6  the **Affidavit: Power of Attorney in Fact** and **Trust Certification** (attached hereto

7  as **Exhibit A**). These lawful instruments establish and affirm the authority of the

8  undersigned to act in protection of the trust estate(s), pursuant to the **laws of**

9  **agency, trust, and private contract**.

10  Defendants, acting through their fiduciaries, exercise the unalienable **right to**

11  **contract** as protected by **Article I, Section 10** of the Constitution for the United

12  States of America, which unequivocally provides: *"No State shall... pass any Law*

13  *impairing the Obligation of Contracts."*

14  Defendants, proceeding **in equity** and under the **governing instruments of trust**,

15  are lawfully empowered to initiate and maintain legal actions essential to defend

16  and preserve estate property, enforce perfected security interests, and protect

17  beneficiary rights from fraudulent conversion, adverse claims, or unlawful trespass.

18  In accordance with the maxim that **"equity regards the beneficiary as the true**

19  **owner of the trust property,"** Defendants invoke the equitable jurisdiction of this

20  Court and demand all relief appropriate to enforce their status and protect trust

21  assets.

22  All appearances herein are made strictly by **Special Limited Appearance**, with full

23  reservation of rights under **UCC § 1-308, U.S. Const. Amendments IV, V, IX, X,**

24  and the **Uniform Commercial Code**. No contract is presumed. No rights, titles,

25  immunities, exemptions, discharges, or claims of priority are waived, transferred,

26  or assigned.

27  Finally, Defendants invoke the maxim that **"equity will not suffer a wrong without**

28  **a remedy,"** and demand redress for ongoing injury, remedy for all unrebutted

Registered Mail #RF775825204US — Dated: April 24, 2025

1  commercial dishonor, and enforcement of private rights under the **law of trusts,**

2  **commerce, and natural law**. Any attempt to compel performance, impose adhesion,

3  or presume statutory joinder or agency is expressly **rebutted, denied, and**

4  **conditionally declined**

5  ## I. EMERGENCY DEMAND TO STAY PROCEEDINGS AND

6  ## ENFORCE SUMMARY JUDGMENT

7  Defendants hereby serve **NOTICE OF EMERGENCY DEMAND TO STAY**

8  **PROCEEDINGS AND ENFORCE SUMMARY JUDGMENT** for the following reasons:

9  1.  The purported Plaintiff has not rebutted any verified affidavits, security

10     agreements, or notices served by Defendants. Plaintiff has failed to respond,

11     rebut, or cure any of the verified affidavits, lawful notices, and conditional

12     acceptances filed by Defendant, including the filing entered as "Defendants'

13     VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful

14     Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR

15     CONSIDERED AND STIPULATED JUDGMENT, and Demand FOR QUIET

16     TITLE AND Demand for Summary Judgment in Favor of Defendants, as a

17     matter of law" received by the Court on April 7, 2025, by way of Registered Mail

18     #RF775824570US. Attached hereto as Exhibit O.

19  2.  Said filings establish and evidence material facts in commerce under UCC §

20     3-505, UCC § 3-603, and CCP § 437c, which have not been rebutted and therefore

21     stand as admitted. No verified complaint, no injured party, no proper service of

22     process, and no lawful standing by Plaintiff has been established or proven on

23     the record.

24  3.  **Despite these facts, Tamara Lucile Wagner, who is** _not_ **a constitutionally**

25     **appointed Article III judge but a "commissioner" and licensed attorney (Bar**

26     **No. 188613), has** _unlawfully_ **assumed judicial authority and is practicing law**

27     **from the bench.** Her actions constitute extrajudicial activity in violation of

28     judicial ethics, including Canon 3 of the Code of Judicial Conduct, and represent

Registered Mail #RF775825204US — Dated: April 24, 2025

1  a clear departure from neutral adjudication. She is acting outside the bounds of
2  lawful authority and in a personal capacity as an attorney, rather than as an
3  impartial arbiter, thereby violating Article III of the U.S. Constitution and
4  California law. A copy of California State Bar License Verification for Tamara
5  Lucile Wagner (Bar No. 188613), is attached hereto as Exhibit Q.

6  4.  Moving forward with trial while these facts remain unrebutted constitutes
7  procedural fraud, willful dishonor, and a deprivation of due process under color
8  of law in violation of 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242. Defendants are
9  the Real Parties In Interest and secured parties over the estate, as perfected by
10  prior filings and recorded UCC instruments (See **Exhibits B, and C**).
11  Defendants' filings stand as truth in commerce, creating a binding contract
12  under UCC §§ 3-505 and 3-603. Trial or further proceedings without jurisdiction
13  or adjudication of unrebutted affidavits constitutes procedural fraud and
14  deprivation of due process.

15  5.  The Court has failed to docket or rule on the demand for summary judgment,
16  quiet title, or to dismiss based on lack of standing and fraud. Any trial scheduled
17  in disregard of unrebutted commercial facts and perfected trust rights
18  constitutes a judicial railroad, a color of law violation, and actionable injury
19  under 42 U.S.C. § 1983, 18 U.S.C. §§ 241–242, and RICO.

20  6.  Furthermore, the Court's decision to set a trial date despite the existence of
21  unrebutted verified affidavits, perfected commercial instruments, and lawful
22  demands on the record constitutes judicial fraud, prejudicial misconduct, and
23  the unlawful practice of law from the bench. Commissioner Tamara L. Wagner,
24  by acting beyond her lawful jurisdiction and facilitating litigation in favor of the
25  Plaintiff without proper adjudication, is now operating as an unauthorized
26  party, legal advocate, and agent of fraud in violation of the public trust.

27  7.  This conduct creates a structural defect in the proceedings, amounts to **fraud**
28  **upon the court** as defined in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S.

-4 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

238 (1944), and implicates **28 U.S.C. § 455** due to the reasonable appearance of bias and conflict of interest.

8. The Court's continued advancement of trial proceedings in defiance of established facts and perfected lawful filings is a **railroading operation** that constitutes commercial injury, criminal collusion under 18 U.S.C. § 241, and willful deprivation of protected rights under 18 U.S.C. § 242. It further engages the Court and the purported Plaintiff in an ongoing pattern of racketeering activity under **18 U.S.C. § 1962 (RICO)** through the use of mail fraud, wire fraud, and material misrepresentations designed to strip Defendants of their secured equitable interest.

9. **Defendants hereby reserve all rights nunc pro tunc, ab initio, and demand immediate cessation of unlawful proceedings.** Failure to honor these unrebutted filings and perfected rights, along with any further judicial facilitation of this fraud, shall be construed as a knowing and willful violation of federal and state law, and as **actionable trespass upon secured trust assets, private estate interests, and contractual rights**

## II. STANDING

**Defendants** affirm as **established, considered,** and **admitted by Plaintiffs** in the *unrebutted* verified **affidavits** and contract and security agreements:

1. Purported Defendants LWY RIDERS and NEW BEGINNINGS TRUST (hereinafter "Defendants" and/or "Purported Defendants") are trustees and fiduciaries of the subject property, and ' holders in due course' of all assets, intangible and tangible.

2. Defendants is/are **undisputedly** the **Creditor(s)**.

3. Defendants all have explicitly reserved **all** of their rights, also in accordance with U.C.C. § 1-308, and have waive none.

4. Defendants alone **undisputedly** have exclusive, sole, absolute, and complete 'standing'.

5. The Plaintiff is **the DEBTORS** in this matter.

Registered Mail #RF775825204US — Dated: April 24, 2025

6. The Plaintiff is **NOT** the CREDITOR, or an ASSIGNEE of the CREDITOR, in this matter.

7. The Plaintiff does **NOT** have power of attorney in any way.

8. The Plaintiff does **NOT** have 'standing'.

9. **Defendants' standing** is further affirmed and evidenced by the GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private trust property is titled to 'New Beginnings Trust, dated January 1, 2024'. Attached hereto as **Exhibit D**, and incorporated herein by reference.

10. Accordingly, Defendants maintain **exclusive and sole standing** in relation to said assets and their interests, as duly recorded and affirmed by these filing.

11. The Plaintiff in this matter does **NOT** have **any** valid interest or standing.

12. The Plaintiff in this matter does **NOT** have a valid claim to the '**Property**' (12232 Brianwood Drive, Riverside, California,' and described as follows: Lot 13 of Tract No. 29386-1, in the City of Riverside, California, County of Riverside, on file in Book 315, Pages 16 through 23 records of Riverside County, California), or any of the respective Assets, registered and unregistered, tangible and intangible.

## III. DESCRIPTION OF AFFECTED *PRIVATE* TRUST PROPERTY

1. This action affects title to the private Trust property situated in the county of Riverside, California, commonly described as a '12232 Brianwood Drive, Riverside, California,' and described as follows: Lot 13 of Tract No. 29386-1, as shown by Map ("Map") on file in Book 315, Pages 16 through 23, inclusive, of Maps, in the office of the Riverside County Recorder,' hereinafter referred to as the "Property" and/or "private trust property", and **all** bonds, securities, Federal Reserve Notes, assets, tangible and intangible, registered and unregistered, and more particularly described in the Authentic **UCC1 filing and NOTICE #2024385942-1 and UCC3 filing**

Registered Mail #RF775825204US — Dated: April 24, 2025

1     **and NOTICE** #2024425487-2, all Filed in the Office of Secretary of State

2     State Of Nevada. A copy of **UCC1 NOTICE and UCC3 NOTICE** are

3     attached hereto as **Exhibits B and C** respectively, and incorporated herein

4     by reference.

5   2. This action also affected any titles, investments, interests, principal amounts,

6     **credits**, funds, assets, bonds, Federal Reserve Notes, notes, bills of exchange,

7     entitlements, negotiable instruments, or similar collateralized, hypothecated,

8     and/or securitized items in any manner tied to Plaintiffs' signature, promise to

9     pay, order to pay, endorsement, credits, authorization, or comparable actions

10     (collectively referred to hereinafter as "Assets").

11         **IV. STATEMENT OF *UNREBUTTED* FACTS**

12   1. Defendants are the lawful beneficiaries and equitable title holders of the subject

13     property by virtue of a recorded **GRANT DEED**, Doc. No. 2024-0036701, dated

14     February 8, 2024, vesting legal title in 'NEW BEGINNINGS TRUST'

15   1. Defendants have further secured their interest through multiple UCC-1 and

16     UCC-3 filings with the Secretary of State of Nevada, serving as public notice of

17     their **secured and equitable interest** in the property. (See Exhibits B and C)

18   2. On **August 06, 2007, AT 8:00AM**, a **RECONVEYANCE** (Doc. #2007-0505537)

19     was recorded for **APN: 270-400-037**.

20   3. On **October 24, 2018**, a **QUITCLAIM DEED** (Doc. #2018-0420743) was recorded

21     for **APN: 270-400-037**.

22   4. On **February 8, 2024**, a **GRANT DEED** (Doc. #2024-0036701, File No.: 35198 CM)

23     was recorded in the **Official Records of Riverside County** for **APN:**

24     **270-400-037**. (See Exhibit D.)

25   5. On **February 13, 2024**, a **UCC-1 Financing Statement and Notice #2024385942-1**

26     were properly filed. (See Exhibit B.)

27   6. On **August 21, 2024**, a **UCC-3 Amendment** and **Notice #2024425487-2** were

28     properly filed. (See Exhibit C.)

Registered Mail #RF775825204US — Dated: April 24, 2025

7. On March 12, 2025, a fraudulent **'TRUSTEE'S DEED UPON SALE'** (Doc. #2025-0072306) was recorded. This deed is void *ab initio*, as the individual executing the **purported** transfer or sale **lacked lawful title and legal authority** to do so.

8. **No transfer or assignment of title** has occurred since the recording of **GRANT DEED #2024-0036701 on February 8, 2024.**

9. Any **deed** — including, but not limited to, a **'TRUSTEE'S DEED UPON SALE'** (Doc. #2025-0072306) — presently in the **Plaintiff's possession** constitutes a **product of fraud** and is therefore **null and void ab initio**, having absolutely no legal force or effect.

10. The private trust property remains trust property and is the property of an irrevocable, non-statutory trust.

3. Defendants are **undisputedly** the *Real Party(ies) in Interest,* **Creditor(s)**, and Holder(s) in Due Course, in accordance with § 3-302 of the U.C.C. (Uniform Commercial Code), of all assets, registered and unregistered, tangible and intangible, and hold *allodial* title to all assets. This is further evidenced by the following UCC filings, all duly filed in the Office of the Secretary of State, State of Nevada: **UCC1 filing and NOTICE** #2024385942-1 and **UCC3 filing and NOTICE** #2024425487-2 (**Exhibits B and C**).

4. Each Affidavit and Contract and Security Agreement was delivered via Registered Mail, with **Form 3811** signed as confirmation of receipt by the Plaintiff.

5. The Plaintiff has admitted to all facts stated herein through **silent acquiescence, tacit agreement, and tacit procuration**, as evidenced by the Affidavit and Contract and Security Agreements (Exhibits E, F, G, and H).

6. Exhibits E, F, G, and H constitute *prima facie* evidence of the Plaintiff's fraud, extortion, coercion, deprivation of rights under color of law, conspiracy to deprive rights under color of law, and the resulting injury, damage, and harm to the Defendants.

Registered Mail #RF775825204US — Dated: April 24, 2025

7. The Plaintiff remains in **dishonor and default,** as **evidenced** by the unrebutted affidavits and the binding contract and security agreements (Exhibits E, F, G, and H).

8. All are equal under the law; **ignorance is no excuse.** He who abandons the battlefield concedes by default, and **silence is acquiescence**.

9. As evidenced by the unrebutted affidavits, the Plaintiffs have acknowledged the facts stated herein. Consequently, all issues are deemed settled under **res judicata, stare decisis, and collateral estoppel**, and are barred from further dispute

# V. DEFENDANTS' *EXCLUSIVE* RIGHT TO EQUITY AND TRUE OWNERSHIP OF PRIVATE TRUST PROPERTY

1. **Exclusive Right to Equity:**
   The Defendants hold the exclusive right to equity in the private trust property as the sole beneficiaries and equitable title holders. **"Equity regards the beneficiary as the true owner."** (Jus accrescendi inter mercatores locum non habet – The right of survivorship has no place among merchants.) No party may claim a superior interest absent a lawful and valid contract knowingly, voluntarily, and intentionally entered into by the Defendants. Any adverse claim not supported by a lawful agreement is **void** *ab initio.*

2. **Superior Equitable Interest:**
   It is a fundamental principle that **"Equity regards substance rather than form."** The Defendants' equitable title remains intact despite any mere legal titleholder's claims, as the equitable owner is the true owner. No constructive or resulting trust may be imposed upon the Defendants absent an express agreement supported by full disclosure and valuable consideration. **"A trust once established is not easily overturned."**

3. **Private Trust Property Protection:**
   The **private trust property** remains outside the reach of unauthorized claims, as the

Registered Mail #RF775825204US — Dated: April 24, 2025

1  Defendants have not granted jurisdiction, standing, or authority to any third party.

2  **"Equity will not suffer a wrong without a remedy."** Any attempt to deprive the

3  Defendants of their rightful ownership constitutes **fraud, conversion, and an unlawful**

4  **taking in violation of trust law *principles*.** "What is mine cannot be taken from me

5  **without my consent."** (Quod meum est sine me auferri non potest.)

6  **4. Legal and Equitable Maxim of Ownership:**

7  Under fundamental equitable principles, **"Where the equities are equal, the**

8  **first in time prevails."** The Defendants' claim predates **any** competing interest,

9  as their rights derive from original title, not from a subsequent claim or

10  assignment. **"The law helps those who are vigilant, not those who sleep on**

11  **their rights."** (Vigilantibus non dormientibus jura subveniunt.) As first in time

12  and right, the Defendants' ownership remains unimpeachable in equity and law.

13  **5. Assertion of True Ownership:**

14  The Defendants assert their rightful ownership of the private trust property and

15  demand recognition of their exclusive equitable title. **"A right cannot arise from**

16  **a wrong."** (Ex injuria jus non oritur.) Any conflicting claims, encumbrances, or

17  adverse interests constitute an unjust interference with the Defendants' vested

18  rights and must be extinguished. **"Equity looks to the intent, not the**

19  **form."** (Equitas intutit, non formam.)

20  **VI. SECURITY INTEREST SECURED AND PERFECTED THROUGH**

21  **UCC FILINGS**

22  1. Defendants lawfully **secured *and perfected* all** interest, rights, and

23  equitable title to the subject property via properly filed **UCC-1 Financing**

24  **Statements**, identifying both the debtor and the secured party, which are a

25  matter of public record.

26  2. The filing of the **UCC-1 Financing Statement** on **February 13, 2024** (Filing

27  Nos. #2024385942-1), followed by the **UCC-3 Amendments and Notice** on

28  **August 31, 2024** (Filing Nos. #2024425487-2), respectively, gave

-10 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

1    **constructive notice to all third parties**, including any putative trustees,

2    "servicers", or investors, of the secured interest held by the Trust. **See**

3    **Exhibits B and C.**

4    3.  Under **UCC § 9-105, 9-308**, and **9-509**, the Plaintiffs' secured interest is

5    considered *perfected* and **enforceable against third parties**. The public

6    filing of said instruments evidences the Plaintiffs' lawful right to the

7    property as **secured party creditor.**

8    4.  As a result of the *perfected* **security interest** and the recorded chain of title

9    via **GRANT DEED #2024-0036701, no trustee, lender, servicer, or third**

10    **party had or has lawful or legal authority to initiate, conduct, or execute**

11    **a Trustee's Sale** under any statutory or contractual provision.

12    5.  The entity purporting to act as "trustee" in recording a **Trustee's Deed**

13    **Upon Sale (Doc. #2025-0072306)** acted *without* **standing, without legal**

14    **authority, and in violation of perfected, prior interests.** Said trustee's

15    deed is therefore **void ab initio**, did/does not transfer any legal or

16    equitable title, and is a fraudulent instrument clouding lawful title

17    ## VII. TRUSTEE'S DEED OF SALE IS VOID *AB INITIO* AND

18    ## WITHOUT LEGAL EFFECT

19    The purported **Trustee's Deed of Sale** is **void** *ab initio*, meaning it is legally null

20    from inception and has no force or effect. A void deed *cannot* **convey title, create a**

21    legal interest, or serve as the basis for any lawful claim. It is inherently unlawful

22    and **carries no legal weight.**

23    **1. UNCONSTITUTIONAL DEPRIVATION OF PROPERTY RIGHTS**

24    The issuance of the Trustee's Deed of Sale constitutes an

25    unlawful taking without due process, violating fundamental

26    constitutional protections. Any action that deprives an individual

27    of property without full and fair adjudication **is null and void**

28    **from the outset.**

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND FAILSAFE?E, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGE

Registered Mail #RF775825204US — Dated: April 24, 2025

The **Fifth and Fourteenth Amendments** on the Constitution prohibit deprivations of life, liberty, or property without due process of law. A fraudulent, deceptive, or coercive sale process **strips the proceeding of any legal authority**, making the resulting deed inherently invalid.

**2. *PURPORTED* TRUSTEE LACKED AUTHORITY TO TRANSFER TITLE**

A **trustee can only transfer what they lawfully possess**. If the underlying claim was tainted by fraud, coercion, or misrepresentation, the trustee **had no lawful authority to sell the property or issue a deed**.

A void act **has no effect**, and no rights can be transferred through an invalid process. As a result, the Trustee's Deed is a **nullity with no legal standing**.

**3. NO LEGAL OR EQUITABLE INTEREST CREATED**

Because the Trustee's Deed of Sale is *void ab initio*, it **does not convey any valid legal or equitable interest in the property**. No party—whether an alleged buyer, assignee, or subsequent claimant—can lawfully derive rights from a void instrument.

Courts have long recognized that **a deed issued under fraudulent, unlawful, or constitutionally defective circumstances is worthless** and *cannot* serve as the basis for any claim to title or possession.

## VIII. Constitutional Basis:

Defendants assert that their private rights are secured and protected under the **Constitution, common law**, and **exclusive equity**, which govern their ability to freely contract and protect their property and interests.

Defendants respectfully assert and affirm:

- "The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his **private business in his own way**. **His power to contract is *unlimited***. He owes no such duty [to submit his books and papers for an examination] to the

-12 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

State, since he receives nothing therefrom, beyond the protection of his life and property. His rights are such as existed by the law of the land [Common Law] long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights." (*Hale v. Henkel*, 201 U.S. 43, 47 [1905]).

- "The claim and exercise of a constitutional **right cannot** be converted into a crime." — Miller v. U.S., 230 F 2d 486, 489.

- "Where **rights secured by** the Constitution are involved, **there can be no rule making or legislation** which would abrogate them." — Miranda v. Arizona, 384 U.S.

- "There can be no sanction or penalty imposed upon one because of this exercise of constitutional **rights**." — Sherar v. Cullen, 481 F. 945.

- "A law repugnant to the Constitution is **void**." — *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).

- "It is not the duty of the citizen to surrender his rights, liberties, and immunities under the guise of police power or any other governmental power." — *Miranda v. Arizona*, 384 U.S. 436, 491 (1966).

- "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." — *Norton v. Shelby County*, 118 U.S. 425, 442 (1886).

- "No one is bound to obey an unconstitutional law, and no courts are bound to enforce it." — *16 Am. Jur. 2d, Sec. 177, Late Am. Jur. 2d, Sec. 256.*

- "Sovereignty itself remains with the people, by whom and for whom all government exists and acts." — *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).

Registered Mail #RF775825204US — Dated: April 24, 2025

# IX. Supremacy Clause

Defendants respectfully assert and affirm that:

- **The Supremacy Clause** of the Constitution **of the United States** (**Article VI, Clause 2**) **establishes** that **the Constitution**, federal laws made **pursuant to it**, and treaties **made under its authority**, constitute the **"supreme Law of the Land"**, and thus **take priority over any conflicting state laws.** It provides that state courts are bound by, and state constitutions subordinate to, the supreme law. However, federal statutes and treaties must be within the parameters of the Constitution; **that is, they must be pursuant to** the federal government's **enumerated powers**, and **not violate other constitutional limits on federal power** ... As a constitutional provision identifying the supremacy of federal law, the Supremacy Clause assumes the underlying priority of federal authority, **albeit only when that authority is expressed in the Constitution itself; no matter what** the federal or state governments **might wish to do**, they **must** stay within the boundaries of the **Constitution.**

# X. Plaintiff's *Presumption* of Dishonor **under U.C.C. § 3-505 and** *Evidence* **Proving Defendant's Dishonor**

11. The failure of Plaintiff to rebut or provide any valid evidence of their performance is further confirmed by the, 'AFFIDAVIT CERTIFICATE of DISHONOR, NON-RESPONSE, DEFAULT, JUDGEMENT, and LIEN AUTHORIZATION"/Self-Executing Contract Security Agreement (See Exhibit H), which is **duly notarized** and complies with the requirements of U.C.C. § 3-505.

12. Under U.C.C. § 3-505, a document regular in form, such as the notarized Affidavit Certificate serves as evidence of dishonor and creates a **presumption** of dishonor.

Registered Mail #RF775825204US — Dated: April 24, 2025

**U.C.C. § 3-505.** *Evidence* **of Dishonor:**

(a) The following are admissible as evidence and create a presumption of dishonor and of any notice of dishonor stated:

(1) A document regular in form as provided in subsection (b) which purports to be a protest;

(2) A purported stamp or writing of the drawee, payor bank, or presenting bank on or accompanying the instrument stating that acceptance or payment has been refused unless reasons for the refusal are stated and the reasons are not consistent with dishonor;

(3) A book or record of the drawee, payor bank, or collecting bank, kept in the usual course of business which shows dishonor, even if there is no evidence of who made the entry.

(b) **A protest is a certificate of dishonor made by a** United States consul or vice consul, or **a notary public** or other person authorized to administer oaths by the law of the place where dishonor occurs. It may be made upon information satisfactory to that person. The protest must identify the instrument and certify either that presentment has been made or, if not made, the reason why it was not made, and that the instrument has been dishonored by nonacceptance or nonpayment. The protest may also certify that notice of dishonor has been given to some or all parties.

13. The ~~notarized~~ 'AFFIDAVIT CERTIFICATE of DISHONOR, NON-RESPONSE, DEFAULT, JUDGEMENT, and LIEN AUTHORIZATION"/Self-Executing Contract Security Agreement (Exhibit H), complies with these requirements and serves as a formal protest and **evidence of dishonor** under **U.C.C. § 3-505**, as it ~~clearly documents Plaintiff's refusal to respond or provide the necessary rebuttal~~ to Defendants' **verified** claims.

14. Plaintiff **has not** submitted any evidence to contradict or rebut the statements made in the **affidavits.** As a result, the facts set forth in the

-15 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

1  affidavits are deemed true and uncontested. *Additionally,* the **California**
2  **Evidence Code § 664** and related case law support the *presumption* that
3  official duties have been regularly performed, and *unrebutted* affidavits
4  stand as **Truth**.

5  15. Plaintiff may **not** argue, controvert, or otherwise protest the finality of the
6  **administrative findings** established through the *unrebutted* affidavits. As
7  per established legal **principles,** once an **affidavit** is submitted and not
8  rebutted, **its content is accepted as true**, and Plaintiff is barred from
9  contesting these findings in subsequent processes, **whether administrative**
10  **or judicial**.

11  ## XI.  UNREBUTTED AFFIDAVITS, STIPULATED FACTS,
12  ## CONTRACT SECURITY AGREEMENT, AND AUTHORIZED
13  ## JUDGEMENT AND LIEN

14  1. The Plaintiff and Defendants are parties to certain Contract and Security
15  Agreements, specifically contract security agreement numbers
16  RF775823194US, RF775823194US, RF775823194US, **and** RF775823194US.
17  Each contract security agreement and/or self-executing contract security
18  agreement was received, considered, and agreed to by Plaintiffs through
19  silent acquiescence, tacit agreement, and tacit procuration. Each contract
20  also includes a corresponding Form 3811, which was signed as evidence of
21  receipt. — **AN UNREBUTTED AFFIDAVIT STANDS AS TRUTH IN**
22  **COMMERCE.** (12 Pet. 1:25; Heb. 6:13-15;). 'He who does not deny, admits.
23  **AN UNREBUTTED AFFIDAVIT BECOMES THE JUDGEMENT IN**
24  **COMMERCE.** (Heb. 6:16-17;). 'There is nothing left to resolve.' All
25  referenced contracts and signed Forms 3811 are attached hereto as **Exhibits**
26  **E, F, G, H, I, J, K, and L** respectively, as follows:
27  - **Exhibit E**: Affidavit and Contract and Security Agreement
28  #RF775823194US.

-16 of 41-

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND FABRICATION, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGEMENT ...

Registered Mail #RF775825204US — Dated: April 24, 2025

- **Exhibit F**: Affidavit and Contract and Security Agreement #RF775821009US.
- **Exhibit G**: Affidavit and Contract and Security Agreement #RF775824067US.
- **Exhibit H**: Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.
- **Exhibit I**: Form 3811 corresponding to Exhibit E.
- **Exhibit J**: Form 3811 corresponding to Exhibit F.
- **Exhibit K**: Form 3811 corresponding to Exhibit G.
- **Exhibit L**: Form 3811 corresponding to Exhibit H.

2. **All contract agreements were** executed and agreed to by the Plaintiff, acknowledging and accepting a Judgement, Summary Judgement, and/or Lien Authorization (in accordance with U.C.C. § 9-509), against Plaintiffs in the amount of **One Hundred Million Dollars ($100,000,000.00)**, in favor of Defendants.

3. The Plaintiff(s) received, considered, and agreed to all the terms of all contract agreements, constituting a bona fide contract under the principles of contract law and the Uniform Commercial Code (U.C.C.). Pursuant to the mailbox rule, which establishes that acceptance of an offer is effective when dispatched (U.C.C. § 2-206), and principles of silent acquiescence, tacit procuration, and tacit agreement, the acceptance is valid. This acceptance is in alignment with the doctrine of 'offer and acceptance' and the provisions of U.C.C. § 2-202, which governs the final expression of the contract, and U.C.C. § 2-302, which addresses unconscionability in the contract terms. Furthermore, under the U.C.C., all assets—whether registered or unregistered—are held subject to the allodial title, with Defendants

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND FRAUD UPON, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGEMENT AND LIEN AUTHORIZATION

Page 74 of 230

Registered Mail #RF775825204US — Dated: April 24, 2025

maintaining sole and exclusive standing over all real property, assets, securities, both tangible and intangible, registered and unregistered, **as evidenced** by **UCC1 filing and NOTICE #2024385942-1** and **UCC3 filing and NOTICE #2024425487-2 (Exhibits B and C).**

## XII. VALIDATION OF BINDING SELF-EXECUTING CONTRACTS AND SECURITY AGREEMENTS UNDER U.C.C. PRINCIPLES

1. **U.C.C. § 2-204 – Formation of Contract**: As further supported by U.C.C. § 2-204, a contract can be formed even if the exact terms are not yet agreed upon, provided that there is an intention to form a contract and an agreement on essential terms. This principle affirms that the actions of the parties and the language in the *unrebutted* affidavits constitute an agreement to the terms at hand, making arbitration unnecessary.

2. **U.C.C. § 2-206 – Offer and Acceptance**: Additionally, U.C.C. § 2-206 confirms that an offeror is bound by the terms once an offer is accepted, unless the offer states otherwise. The verified affidavits submitted are evidence that the parties have mutually agreed to the terms, thereby forming a contract under the principles of offer and acceptance outlined in U.C.C. § 2-206.

3. **U.C.C. § 1-103 – Enforcement of Contract and Fraud**: Under U.C.C. § 1-103, the Uniform Commercial Code applies to contracts unless explicitly stated otherwise. This section provides that fraud, duress, or any unlawful condition does **not** negate the binding nature of the contract. Therefore, the contracts in question are enforceable as written, free from fraud or misrepresentation, and valid under commercial law principles.

4. As considered, agreed, and stipulated by the Plaintiff in the *unrebutted* verified commercial affidavits, and self-executing contract and security agreement (Exhibits E, F, G, and H), the Plaintiff(s) may **not** argue, controvert, or otherwise protest the finality of the administrative findings established through the

-18 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

1  **unrebutted verified commercial affidavits**. As per established legal principles
2  and **legal maxims**, once an affidavit is submitted and not rebutted, its content is
3  accepted as true, and Plaintiffs are **estopped and barred** from contesting these
4  findings in subsequent processes, **whether administrative or judicial**.

5  5.  As considered, agreed, and stipulated by the Plaintiff in the _unrebutted_ verified
6  commercial affidavits, and self-executing contract and security agreement
7  (Exhibits E, F, G, and H), the Plaintiff or the entity they represent **is/are the**
8  **DEBTOR(S)** in this matter.

9  6.  As considered, agreed, and stipulated by the Plaintiff in the _unrebutted_ verified
10  commercial affidavits and self-executing contract and security agreement
11  (Exhibits E, F, G, and H), the Plaintiff is **not** the CREDITOR, or an ASSIGNEE of
12  the CREDITOR, in this matter.

13  7.  As considered, agreed, and stipulated by the Plaintiff in the _unrebutted_ verified
14  commercial affidavits, and self-executing contract and security agreement
15  (Exhibits E, F, G, and H), the Plaintiff is indebted to Defendants in the amount of
16  **One Hundred Million Dollars ($100,000,000.00)**.

17  8.  As considered, agreed, and stipulated by Plaintiff in the _unrebutted_ verified
18  commercial affidavits, and self-executing contract and security agreement
19  (Exhibits E, F, G, and H), **Plaintiffs do NOT have 'standing.'**

20  9.  As considered, agreed, and stipulated by the Plaintiff in the _unrebutted_
21  verified commercial affidavits, and self-executing contract and security
22  agreement (Exhibits E, F, G, and H), under **California Code of Civil**
23  **Procedure § 437c(c),** summary judgement is appropriate when there is no
24  triable issue of material fact and the moving party is entitled to judgement
25  as **a matter of law**. The _unrebutted_ **affidavits** submitted by Defendants
26  demonstrate that no triable issues of material fact remain in dispute, and
27  Defendants are entitled to judgement based on the evidence presented and
28  as **a matter of law**.

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND FAILURE(S), AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNREBUTTED SUMMARY JUDGEMENT

Page 76 of 230

Registered Mail #RF775825204US — Dated: April 24, 2025

10. As considered, agreed, and stipulated by Plaintiff in the _unrebutted_ verified commercial affidavits, and self-executing contract and security agreement (Exhibits E, F, G, and H), "Statements of **fact** contained in affidavits which are **not** rebutted by the opposing party's **affidavit or pleadings <u>may</u>** be accepted as **true** by the trial court." --Winsett v. Donaldson, 244 N.W.2d 355 (Mich. 1976).

11. As considered, agreed, and stipulated by Plaintiff in the _unrebutted_ verified commercial affidavits, and self-executing contract and security agreement (Exhibits E, F, G, and H), the principles of **res judicata, stare decisis**, and **collateral estoppel** apply to the **unrebutted affidavits**, establishing that all issues are deemed settled and **cannot be contested further.** These principles reinforce the finality of the administrative findings and support the granting of summary judgement, in favor of Defendants, as **a matter of law.** - '<u>**HE WHO LEAVES THE BATTLEFIELD FIRST LOSES BY DEFAULT.**</u>'

## XIII. Legal Basis for Proof of Delivery via Registered Mail

Under well-established legal precedent, documents sent via **Registered Mail with return receipt requested (Form 3811)** are presumed **delivered upon mailing**, providing strong evidentiary proof of service. Courts have consistently upheld this principle, reinforcing the **Mailbox Rule**, which states that a properly mailed document is presumed received by the addressee unless convincingly rebutted.

**Key Legal Precedents Supporting Proof of Delivery**

1. **U.S. v. Bowen, 414 F.2d 1268 (3rd Cir. 1969)** – The court held that when **Registered Mail is sent with return receipt requested** and the receipt is signed, it constitutes ~~prima facie evidence of delivery~~, meaning the burden shifts to the recipient to prove non-receipt.

2. **Hagner v. United States, 285 U.S. 427 (1932)** – The Supreme Court ruled that mailing a document via **Registered Mail creates a strong presumption of**

Registered Mail #RF775825204US — Dated: April 24, 2025

1   **receipt** by the intended party, further solidifying the evidentiary weight of

2   proper mailing.

3   3. **NLRB v. Local Union No. 103, 434 U.S. 335 (1978)** – The Court established that a

4   **return receipt provides sufficient proof of service** unless rebutted with clear

5   and convincing evidence to the contrary.

6   4. **Federal Rules of Evidence (FRE) Rule 301** – Under this rule, a presumption

7   exists that a properly mailed document is **received by the intended recipient**,

8   shifting the burden of proof to the recipient to disprove delivery.

9   5. **39 U.S.C. § 3009** – Governs the legality and evidentiary weight of **Registered**

10   **Mail**, affirming that mailing with proof of delivery (e.g., Form 3811) is **legally**

11   **sufficient evidence of receipt**.

12   6. **26 U.S.C. § 7502** – This statute explicitly states that the **date of mailing is**

13   **deemed the date of filing or receipt** when Registered Mail is used, providing

14   strong evidentiary support for the **timely delivery and legal effect** of mailed

15   documents.

16   ## Application of the Mailbox Rule

17   The **Mailbox Rule** dictates that once a document is properly addressed, stamped,

18   and deposited with the postal service, **it is presumed delivered and received by**

19   **the addressee**. Courts have repeatedly upheld this principle, ensuring that a party

20   cannot **simply deny receipt** to evade legal responsibility. When **Registered Mail**

21   **with return receipt requested** is used, the proof of mailing is further reinforced by

22   **the signed receipt**, making rebuttal even more difficult

23   ## Legal Presumption of Delivery and Evidentiary Weight

24   Based on established case law and statutory authority, **Registered Mail with return**

25   **receipt requested (Form 3811) serves as prima facie evidence of delivery** and

26   creates a strong presumption of receipt by the intended party. Under **U.S. v.**

27   **Bowen, Hagner v. United States, and NLRB v. Local Union No. 103**, this

28   presumption stands unless rebutted by clear and convincing evidence.

-21 of 41-

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND FAIL...OSURE; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGEMENT...

Page 78 of 230

Registered Mail #RF775825204US — Dated: April 24, 2025

1   Furthermore, **26 U.S.C. § 7502** affirms that the date of mailing via **Registered Mail** is

2   deemed the date of filing or receipt, solidifying its evidentiary value. **Federal Rules of**

3   **Evidence Rule 301** shifts the burden to the recipient to prove non-receipt, while **39 U.S.C.**

4   **§ 3009** reinforces the legal sufficiency of proof of delivery through postal records.

5   Accordingly, any challenge to the delivery or receipt of documents sent via

6   **Registered Mail with return receipt** must meet a high evidentiary threshold,

7   ensuring that mailed documents are legally recognized as served and received.

8   **Judgement of $100,000,000.00** *Considered*, **AGREED TO and Authorized BY**

9   **PLAINTIFFS.**

10  1.  As **considered**, agreed, and stipulated by Plaintiff in the *unrebutted* verified commercial

11      affidavits, and self-executing contract and security agreement (Exhibits E, F, G, and H),

12      Plaintiff **fully authorizes, endorses, supports,** and advocates for the entry of a UCC

13      commercial judgement and lien in the amount of One Hundred Million and 00/100

14      Dollars ($100,000,000.00) **against Plaintiff, in favor of Defendants**, as also evidenced

15      by INVOICE/TRUE BILL #ENHANKAIDISHONOR25 which is a part of **Exhibit H.**

16      INVOICE/TRUE BILL #ENHANKAIDISHONOR25 is attached hereto as **Exhibit M**

17      and incorporated herein by reference.

18  2.  As **considered**, agreed, and stipulated by Plaintiff in the *unrebutted* verified

19      commercial affidavits, and self-executing contract and security agreement (Exhibits E,

20      F, G, and H), should it be **deemed** necessary, the Defendants are <u>fully Authorized</u> to

21      initiate the filing of a lien, and the seizing of property to secure satisfaction of the

22      **ADJUDGED, DECREED, AND <u>AUTHORIZED</u>** sum total due to **Affiant,** and/or

23      Defendants of, One Hundred Million and 00/100 Dollars ($100,000,000.00).

24  3.  Plaintiff has **not** submitted any **evidence** to contradict or rebut the statements

25      made in the affidavits. As a result, the facts set forth in the affidavits are deemed

26      true and uncontested. Even then non-applicable California Evidence Code § 664

27      and related case law support the presumption that official duties have been

28      regularly performed, and unrebutted affidavits stand as Truth.

-22 of 41-

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND FAILSAFE(S), AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY AND DECLARATORY JUDGEMENT

Page 79 of 230

4.  Plaintiff may not argue, controvert, or otherwise protest the finality of the administrative findings established through the unrebutted affidavits. As per established legal principles, once an affidavit is submitted and not rebutted, its content is accepted as true, and Defendants are barred from contesting these findings in subsequent processes, whether administrative or judicial.

5.  **All are equal under the law** (Aequitas est quasi aequalitas), and **ignorance of the law is no excuse** (Ignorantia juris non excusat).

# XIV. Foundational 'Case Law' on Standing, Mortgage Fraud, Foreclosure, Corporate Overreach

Defendants referenced the following 'case law' summary highlights key legal principles on jurisdiction, standing, and procedural requirements in financial and mortgage-related cases. Courts consistently **void judgments rendered** *without* **proper jurisdiction** and emphasize the need for a party to demonstrate legal **standing**. Fraudulent lending practices, including violations of **federal regulations,** have led to dismissals with prejudice. Corporate overreach by banks is curtailed through rulings that prohibit lending credit and ultra vires contracts. Evidentiary standards stress the **sufficiency of affidavits** and the **duty** of full and complete disclosure of information to prevent fraud. Contract **principles** underscore the nullification of agreements lacking proper consideration,.

## A. Jurisdiction and Standing in Court

Courts have consistently held that judgments rendered without subject matter jurisdiction are **void from inception**, and parties *must* have **standing** to invoke a Court's jurisdiction. Notable cases emphasize that plaintiffs must demonstrate ownership of notes and mortgages at the time of filing to proceed with foreclosure actions. Failure to do so results in jurisdictional dismissal.

1.  **Patton v. Diemer**, 35 Ohio St. 3d 68; 518 N.E.2d 941 (1988): "A judgment rendered by a court lacking subject matter jurisdiction is **void ab initio**.

Registered Mail #RF775825204US — Dated: April 24, 2025

Consequently, the authority to vacate a void judgment is not derived from Ohio R. Civ. P. 60(B), but rather constitutes an inherent power possessed by Ohio courts. I see no evidence to the contrary that this would apply to ALL courts."

2. **Lebanon Correctional Institution v. Court of Common Pleas**, 35 Ohio St.2d 176 (1973): "A party lacks **standing** to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some **real interest** in the subject matter of the action."

3. **Wells Fargo Bank v. Byrd**, 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722 (2008): "If plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law."

4. **Indymac Bank v. Boyd**, 880 N.Y.S.2d 224 (2009): "To establish a *prima facie* case in an action to foreclose a mortgage, the plaintiff must establish the existence of the mortgage and the mortgage note. It is the law's policy to allow only an aggrieved person to bring a lawsuit . . . A want of 'standing to sue,' in other words, is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple syllogism takes us from there to a 'jurisdictional' dismissal."

5. **Indymac Bank v. Bethley**, 880 N.Y.S.2d 873 (2009): "The Court is concerned that there may be fraud on the part of plaintiff or at least malfeasance. Plaintiff INDYMAC (Deutsche) must have '**standing**' to bring this action."

**B. Fraud and Misrepresentation in Mortgage Cases**

Several cases illustrate fraudulent practices by lenders, including violations of the Federal Truth in Lending Act and withholding vital loan information. Courts have dismissed cases with prejudice where fraud on the court was evident.

1. **Wells Fargo, Litton Loan v. Farmer**, 867 N.Y.S.2d 21 (2008): "Wells Fargo does not own the mortgage loan… Therefore, the matter is dismissed with prejudice."

Registered Mail #RF775825204US — Dated: April 24, 2025

2. **Wells Fargo v. Reyes**, 867 N.Y.S.2d 21 (2008): "Dismissed with prejudice, Fraud on Court & Sanctions. Wells Fargo never owned the Mortgage."

3. **Deutsche Bank v. Peabody**, 866 N.Y.S.2d 91 (2008): "EquiFirst, when making the loan, violated Regulation Z of the Federal Truth in Lending Act 15 USC §1601 and the Fair Debt Collections Practices Act 15 USC §1692; 'intentionally created fraud in the factum' and withheld from plaintiff 'vital information concerning said debt and all of the matrix involved in making the loan.'"

## C. Corporate and Banking Overreach

Decisions highlight that banks **cannot** lend their credit or guarantee debts, as these actions are ultra vires and not legally binding. These rulings reinforce the limitations on corporate and banking activities.

1. **Zinc Carbonate Co. v. First National Bank**, 103 Wis. 125, 79 NW 229 (1899): "The doctrine of ultra vires is a most powerful weapon to private corporations within their legitimate spheres and punish them for violations of their corporate charters, and it probably is not invoked too often."

2. **Howard & Foster Co. vs. Citizens National Bank**, 133 S.C. 202, 130 S.E. 758 (1926): "It has been settled beyond controversy that a national bank, under Federal law, being limited in its power and capacity, cannot lend its credit by nor guarantee the debt of another. All such contracts being entered into by its officers are ultra vires and not binding upon the corporation."

3. **American Express Co. v. Citizens State Bank**, 181 Wis. 172, 194 NW 427 (1923): "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit."

## D. Procedural Requirements and Evidentiary Standards

The requirement for real party-in-interest prosecution is emphasized, along with rulings that affidavits alone can establish a prima facie case. Courts have ruled that silence in the face of a legal duty to respond can constitute fraud.

Registered Mail #RF775825204US — Dated: April 24, 2025

1. **Federal Rule of Civil Procedure 17(a)(1):** "[A]n action must be prosecuted in the name of the real party in interest."

2. **In re Jacobson**, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009): Emphasizes that actions must be filed by the real party in interest.

3. **United States v. Kis**, 658 F.2d 526 (7th Cir. 1981): "Indeed, no more than (affidavits) is necessary to make the prima facie case." Cert. denied, S. Ct. (1982).

4. **U.S. v. Tweel**, 550 F.2d 297 (1977): "Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading."

## E. Contract and Consideration Principles

If any part of a contract's consideration is illegal, the entire promise becomes void. Courts have also recognized the right to rescind contracts induced by false representations, even if made innocently.

- **Menominee River Co. v. Augustus Spies L & C Co.**, 147 Wis. 559 at p. 572; 132 NW 1118 (1912): "If any part of the consideration for a promise be illegal, or if there are several considerations for an un-severable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise."

## XV. SANCTIONS AGAINST ALL PLAINTIFFS FOR WILLFUL AND INTENTIONAL FRAUDULENT ACTIONS AND VIOLATIONS OF LAW

Defendants hereby respectfully move this Court to impose **sanctions** against the Plaintiff for their willful and egregious actions in initiating and perpetuating fraudulent claims, violations of legal standards, and **bad faith** conduct, as outlined herein. Plaintiff's actions are not only baseless but constitute an **abuse of the judicial process**, warranting severe penalties to deter future misconduct and to compensate the Defendants for damages incurred as a result of this fraudulent litigation.

-26 of 41-

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND PARA CAUSED, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT

Page 83 of 230

Registered Mail #RF775825204US — Dated: April 24, 2025

1. **Willful and Intentional Bad Faith Conduct and Fraudulent Filings:** Plaintiff has **knowingly and intentionally** engaged in fraudulent conduct by pursuing claims they know to be baseless and without merit. This is evidenced by their failure to rebut the **Unrebutted Affidavits**, their presumed dishonor under **U.C.C. § 3-505**, and their lack of any standing to bring forth this action. Such actions violate the principles of equity, fair dealing, and due process, constituting grounds for sanctions.

2. **Abuse of Process:** Plaintiff's initiation of this unlawful detainer action, despite being Defendants in pre-existing legal matters directly related to the subject property, demonstrates a **clear abuse of process.** Plaintiff's failure to disclose these overlapping cases and their misrepresentation of facts to this Court exemplifies a deliberate attempt to mislead the judiciary and waste judicial resources.

3. **Failure to Act in Good Faith:** Plaintiff's silence and failure to rebut the affidavits and claims presented by the Defendants further indicate bad faith. Under **U.C.C. § 1-103**, the principles of good faith and equity are paramount. Plaintiffs' conduct demonstrates a blatant disregard for these principles, further warranting sanctions.

4. **Evidentiary Sanctions and Adverse Inference:** Plaintiff's failure to rebut the Defendants' Affidavits, Security Agreements, and Contractual Terms creates a presumption of **silent acquiescence, tacit agreement, and tacit procuration.** The Defendant demand that this Court:

   - Strike Plaintiff's pleadings for lack of standing and evidentiary support.
   - Enter a judgement of **dismissal with prejudice** of all claims brought by Plaintiffs.
   - Impose an **adverse inference**, recognizing Plaintiffs' failure to rebut as an admission of the Defendant's claims.

5. **Monetary Sanctions:** Defendant seeks monetary sanctions in the form of:

-27 of 41-

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND PARJUOAUONG, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT

Page 84 of 230

Registered Mail #RF775825204US — Dated: April 24, 2025

- Reimbursement for all legal fees, court costs, and damages incurred by the Defendant in responding to this fraudulent action.
- Penalties for frivolous litigation, calculated at no less than Five Hundred Thousand Dollars (**$500,000.00**), as stipulated in the **Self-Executing Contract Security Agreements (Exhibits E, F, G, and H)**. Plaintiffs' acceptance of these agreements, through tacit acquiescence and silent agreement, binds them to this liability.

6. **Deterrence of Future Misconduct:** The imposition of sanctions is necessary to deter Plaintiff and others from engaging in similar conduct in the future. Fraudulent misuse of the courts to perpetrate unlawful claims undermines the integrity of the judicial system and must be met with severe consequences.

# XVI.  SUMMARY JUDGEMENT AGAINST PLAINTIFF, AS A MATTER OF LAW

1. Defendants respectfully DEMAND summary judgement in their favor based on the clear, enforceable terms of the Contract and Security Agreement, and as a matter of law. Pursuant to the Contract and Security Agreement, Defendants explicitly stipulated and accepted, by their conduct and inaction, a binding judgement, summary judgement, and/or lien authorization (per **U.C.C. § 9-509**) in favor of Defendants. The contracts establish Plaintiff's liability in the agreed-upon amount of **One Hundred Million and 00/100 U.S. Dollars ($100,000,000.00)**, which the Plaintiff acknowledged and accepted through the principles of tacit procuration and silent acquiescence, thereby waiving any grounds to contest this judgement.

2. Plaintiff considered and agreed to all of the terms stipulated in the unrebutted commercial affidavits and the self-executing Contract and Security Agreements, all of which were confirmed, signed for via USPS form 3811, and delivered via USPS **Registered, Express, and/or Certified Mail**.

3. Given that the affidavits presented are unrebutted and establish the facts essential to Defendants' claims, summary judgement in favor of Defendants is

Registered Mail #RF775825204US — Dated: April 24, 2025

1  warranted, and **must be granted**. Plaintiffs' failure to contest or rebut these
2  affidavits supports the conclusion that there are no genuine issues of material
3  fact, and Defendants are entitled to judgement as *a matter of law*.

4  4.  Defendants respectfully DEMAND the Court grant summary judgement in
5  their favor based on the <u>undisputed facts</u> presented in the multiple unrebutted
6  verified commercial affidavits and/or contract and security agreements
7  submitted and incorporated into this matter. Plaintiffs have failed to rebut the
8  content of these affidavits, which conclusively establish the validity of
9  Defendants' claims.

10  5.  **California Code of Civil Procedure § 437c(a)**: Summary judgement is
11  appropriate where there is no triable issue of material fact and the moving party
12  is entitled to judgement as a matter of law. The *multiple* unrebutted affidavits
13  submitted by Defendants establish that there are no material facts in dispute,
14  and Defendants are entitled to judgement based on the evidence provided, as a
15  matter of law.

16  6.  *Res Judicata, Stare Decisis,* **and Collateral Estoppel**: The principles of res
17  judicata, stare decisis, and collateral estoppel apply to the unrebutted affidavits,
18  establishing that all issues are deemed settled and cannot be contested further.
19  These principles reinforce the finality of the administrative findings and support
20  the granting of summary judgement.

21  <u>**XVII. LEGAL *PRINCIPLES* SUPPORTING PLAINTIFFS' CLAIMS**</u>

22  In support of this DEMAND as **a matter of law**, without hearing, Defendants cite
23  the following established legal standards, legal maxims, precedent, and *principles*:

24  •  **Unrebutted Affidavits as Judgment in Commerce:** Plaintiffs' unrebutted
25  ~~affidavits are binding truth under the maxim,~~ **"An unrebutted affidavit**
26  **becomes the judgment in commerce."**

27  •  *Res Judicata, Stare Decisis,* **and Collateral Estoppel:** Defendants are <u>*barred*</u>
28  from contesting the finality of Plaintiffs' claims under the doctrines of *res*

Registered Mail #RF775825204US — Dated: April 24, 2025

*judicata, stare decisis,* and **collateral estoppel,** as all material facts and claims
have been resolved conclusively.

- **Breach of U.C.C. Obligations and <u>Presumed</u> Dishonor:** Defendants' dishonor
and default are evidenced by their failure to fulfill obligations defined
by U.C.C. § 3-505 and other applicable statutes **ALL ARE EQUAL UNDER
THE LAW.** (God's  Law - Moral and Natural Law). Exodus 21:23-25; Lev. 24:
17-21; Deut. 1; 17, 19;21; Mat. 22:36-40; Luke 10:17; Col. 3:25.  'No one is above
the law.'

- **<u>IN COMMERCE FOR ANY MATTER TO BE RESOLVED MUST BE
EXPRESSED.</u>** (Heb. 4:16; Phil. 4:6; Eph. 6:19-21). -- **Legal maxim:** 'To lie is to
go against the mind.'

- **<u>TRUTH IS EXPRESSED IN THE FORM OF AN AFFIDAVIT.</u>** (Lev. 5:4-5;
Lev. 6:3-5; Lev. 19:11-13: Num. 30:2; Mat. 5:33; James 5: 12).

- **<u>IN COMMERCE TRUTH IS SOVEREIGN.</u>** (Exodus 20:16; Ps. 117:2;
John 8:32; II Cor. 13:8 ) Truth is sovereign -- and the Sovereign tells only
the truth.

- **<u>AN UNREBUTTED AFFIDAVIT STANDS AS TRUTH IN COMMERCE.</u>**
**(12 Pet. 1:25; Heb. 6:13-15;). 'He who does not deny, admits.'**

- **"Statements of fact contained in affidavits which are not rebutted by the
opposing party's affidavit or pleadings <u>may</u> be accepted as true by the trial
court." --Winsett v. Donaldson, 244 N.W.2d 355 (Mich. 1976).**

- See, *Sieb's Hatcheries, Inc. v. Lindley,* 13 F.R.D. 113 (1952)., "Defendant(s) made
no request for an extension of time in which to answer the request for
admission of facts and filed only an unsworn response within the time
permitted," thus, under the specific provisions of Ark. and *Fed. R. Civ. P.* 36,
the facts in question were deemed admitted as true.  Failure to answer is well
established in the court.  *Beasley v. U. S.,* 81 F. Supp. 518 (1948)., "I, therefore,
hold that the requests will be considered as having been admitted." Also as

Registered Mail #RF775825204US — Dated: April 24, 2025

previously referenced, "Statements of fact contained in affidavits which are not rebutted by the opposing party's affidavit or pleadings may[must] be accepted as true by the trial court." --Winsett v. Donaldson, 244 N.W.2d 355 (Mich. 1976).

- 'The state **cannot** diminish **Rights** of the **people."** —Hurtado vs. California, 110 US 516.

- "Public officials are not immune from suit when they transcend their lawful authority by invading constitutional **rights."**—AFLCIO v. Woodward, 406 F2d 137 t.

- "Immunity **fosters neglect and breeds irresponsibility** while liability promotes care and caution, which caution and care is owed by the government to its people." (Civil Rights) **Rabon vs Rowen Memorial Hospital, Inc.** 269 N.S. 1, 13, 152 SE 1 d 485, 493.

- "When enforcing mere statutes, judges of all courts do not act judicially (and thus are not protected by "qualified" or "limited immunity," - SEE: Owen v. City, 445 U.S. 662; Bothke v. Terry, 713 F2d 1404) - - "but merely act as an extension as an agent for the involved agency -- but only in a "ministerial" and not a "discretionary capacity..." Thompson v. Smith, 154 S.E. 579, 583; Keller v. P.E., 261 US 428; F.R.C. v. G.E., 281, U.S. 464.

- "Judges not only can be sued over their official acts, but could be held **liable for injunctive and declaratory relief and attorney's fees."** **Lezama v. Justice Court**, A025829.

- "Ignorance of the law does **not** excuse misconduct in anyone, least of all in a sworn officer of the law." In re McCowan (1917), 177 C. 93, 170 P. 1100.

- **"All are presumed to know the law."** San Francisco Gas Co. v. Brickwedel (1882), 62 C. 641; Dore v. Southern Pacific Co. (1912), 163 C. 182, 124 P. 817; People v. Flanagan (1924), 65 C.A. 268, 223 P. 1014; Lincoln v. Superior Court (1928), 95 C.A. 35, 271 P. 1107; San Francisco Realty Co. v. Linnard (1929), 98 C.A. 33, 276 P. 368.

Registered Mail #RF775825204US — Dated: April 24, 2025

- "It is one of the fundamental maxims of the common law that **ignorance of the law excuses no one.**" Daniels v. Dean (1905), 2 C.A. 421, 84 P. 332.
- "the people, not the States, are sovereign." —Chisholm v. Georgia, 2 Dall. 419, 2 U.S. 419, 1 L.Ed. 440 (1793).
- **HE WHO LEAVES THE BATTLEFIELD FIRST LOSES BY DEFAULT.** (Book of Job; Mat. 10:22) -- **Legal maxim:** 'He who does not repel a wrong when he can occasions it.'
- **AN UNREBUTTED AFFIDAVIT BECOMES THE JUDGEMENT IN COMMERCE.** (Heb. 6:16-17;). '**There is nothing left to resolve.'**

### XVIII. NOTICE to the COURT: A DEMAND is NOT a mere MOTION

The Court is hereby respectfully placed on **legal and judicial notice** that Plaintiffs' Defendants' <u>VERIFIED</u> Response and Demand for Dismissal of <u>Fraudulent</u> Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR **QUIET TITLE** AND Demand for Summary JudgEment in Favor of DefendantS, as <u>a matter of law,</u> is **not** a mere "motion" requesting discretionary relief but rather a **binding and enforceable legal notice** asserting an **absolute right** to immediate injunctive relief as **a matter of law**.

### XIX. A MOTION is a Request; A DEMAND Asserts a Right

The Court must acknowledge and act upon the **fundamental and critical distinction** between a motion and a demand:

1. **A motion seeks the Court's discretion** to grant relief.
2. **A demand asserts an absolute right** under statutory and constitutional law, compelling the Court to act accordingly.

### XX. DEMAND FOR DECLARATORY RELIEF – QUIET TITLE

Given the foregoing, the Court must:

1. **Declare the Trustee's Deed of Sale null and void** as it is legally defective.

Registered Mail #RF775825204US — Dated: April 24, 2025

**2. Remove and strike any record of the deed from county land records.**

**3. Restore title to its rightful status, free of any unlawful encumbrances.**

Any continued reliance on the void deed constitutes **fraud, slander of title, and unlawful conversion**, subjecting the parties involved to **civil and criminal liability**.

# <u>CLAIM AND REQUEST AND DEMAND FOR RELIEF:</u>

1.  **Dismissal *With Prejudice*** – Dismiss Plaintiff's lawsuit with prejudice due to its fraudulent, frivolous, and meritless nature in its entirety.

2.  **Quiet Title** & **Declaratory Judgment** – Enter judgment **quieting title** in favor of Defendants, affirming that the private trust property is **free and clear of any adverse claims** by Plaintiff. Declare that Plaintiff's **fraudulent "Trustee's Deed Upon Sale"** is **null and void ab initio** and order it **stricken from the county records**.

3.  **Permanent Injunction** – **Enjoin Plaintiff** from initiating or participating in any further fraudulent or unlawful claims against Defendants' property.

4.  **Monetary Judgment** –

    a. Award **compensatory damages** in the sum of **One Hundred Million and 00/100 U.S. Dollars ($100,000,000.00 USD)**, as **considered and stipulated** in the Self-Executing and Binding Contract and Security Agreements (Exhibits E, F, G, and H).

    b. Award punitive damages based on Plaintiff's intentional, willful, and malicious actions, including:

    - **Fraudulent misrepresentation & false claims** regarding ownership and authority in foreclosure proceedings.

    - **Extortion & fraud** under 18 U.S.C. §§ 878, 880, 1344.

    - **Racketeering activities** in violation of 18 U.S.C. § 1961 et seq.

    - **Unlawful restraint of trade** in violation of antitrust laws.

    - **Unauthorized use of Defendants' identity & personal information.**

-33 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

- **Slander of title** and **filing of false instruments** clouding Defendants' property rights.

## 5. Restitution & Asset Recovery –

a. Order **restitution of all funds and assets misappropriated** by Plaintiff, constituting embezzlement under applicable laws.

b. Declare Plaintiff's unlawful transportation and transfer of stolen property and securities under 18 U.S.C. § 2314 and order their return.

## 6. Legal Finality & Preclusion – Declare that all issues are conclusively settled under the doctrines of **Res Judicata, Stare Decisis**, and **Collateral Estoppel**.

## 7. Summary Judgment & Tacit Agreement –

a. Enter summary judgment in favor of Defendants, establishing that Plaintiff has fully and undisputedly agreed to the terms stipulated in the unrebutted verified commercial affidavits and Self-Executing Contract & Security Agreements.

b. Recognize Plaintiff's silent acquiescence, tacit agreement, and tacit procuration as binding under principles of contract law.

## 8. Attorney's Fees & Additional Relief –

a. Award **reasonable attorney's fees** in the sum of **One Million Dollars ($1,000,000.00 USD).**

b. Grant any **further equitable relief** deemed just and proper, including compensation for **emotional distress, grief, and harm** suffered by the Trust's beneficiaries, including women and children.

**WHEREFORE**, Defendants respectfully request and demand that this Court:

a) **Immediate STAY of all proceedings pending judicial determination of prior unrebutted filings and jurisdictional defects;**

b) **Sanctions and dismissal _with prejudice_ for bad faith, dishonor, and fraud upon the court;**

c) **Quiet Title in favor of Defendants, confirming their exclusive ownership, free and clear of any adverse claims by Plaintiff;**

-34 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

1  **d) Enter a Considered and Stipulated Judgment** in favor of Defendants;

2  **e) Order the Immediate Removal and Expungement** of Plaintiff's **fraudulent**

3     "**Trustee's Deed Upon Sale**" from county records, as it is null and **void** *ab*

4     *initio*;

5  **f) Grant Summary Judgment** in favor of Defendants *as a matter of law*, ruling

6     that all issues have been conclusively settled; and

7  **g) Award Defendants Any Further Relief** this Court deems just and proper.

8  //

9  <div align="center">

## VERIFICATION:

</div>

10  <div align="center">**Pursuant to 28 U.S.C. § 1746**</div>

11  <div align="center">**BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**</div>

12  I, <u>Corey Walker</u>, over the age of 18, competent to testify, and having **firsthand**

13  **knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and**

14  **state** under penalty of perjury under the laws of the **United States of America**, that

15  the foregoing statements are **true, correct, and complete**, to the best of my

16  **understanding, knowledge, and belief**, and made in **good faith**.

17  Executed, signed, and sealed this <u>24TH</u> day of <u>April</u> in the year of Our Lord two

18  thousand and twenty five, *without* the United States, **with all rights reserved and**

19  **without prejudice.**

20  <div align="center">**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**</div>

21  

22  By: *Corey Walker*

     Corey Walker, *Fiduciary, Authorized Representative, Executor*

23  

24  <div align="center">

## VERIFICATION:

</div>

25  <div align="center">**Pursuant to 28 U.S.C. § 1746**</div>

26  <div align="center">**BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**</div>

27  I, <u>Kevin Walker</u>, over the age of 18, competent to testify, and having **firsthand**

28  **knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and**

<div align="center">-35 of 41-</div>

Registered Mail #RF775825204US · Dated April 24, 2025

1  **state** under penalty of perjury under the laws of the **United States of America**, that

2  the foregoing statements are **true, correct, and complete**, to the best of my

3  **understanding, knowledge, and belief**, and made in **good faith**.

4  Executed, signed, and sealed this <u>22ND</u> day of <u>MARCH</u> in the year of Our Lord

5  two thousand and twenty five, *without* the United States, **with all rights reserved**

6  **and without prejudice.**

7          **All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

8          By: _____

9          Kevin Walker, *Fiduciary, Authorized Representative, Executor*

10

11  Let this document stand as truth before the Almighty Supreme Creator and let it be

12  established before men according as the scriptures saith: *"But if they will not listen,*

13  *take one or two others along, so that every matter may be established by the testimony of two*

14  *or three witnesses." Matthew 18:16. "In the mouth of two or three witnesses, shall every*

15  *word be established" 2 Corinthians 13:1.*

16                          Sui *juris, By Special Limited* Appearance,

17          By: _____

18                          Donnabelle Mortel *(WITNESS)*

19                          Sui juris, By *Special Limited* Appearance,

20          By: _____

21                          Steven MacArthur-Brooks  (WITNESS)

22  //

23  # LIST OF EXHIBITS / EVIDENCE:

24  1. **Exhibit A:** Affidavit: Power of *'Attorney-in-Fact'*

25  2. **Exhibit B:** UCC1 filing #2024385942-1.

26  3. **Exhibit C:** UCC3 filing #2024425487-2.

27  4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside,

28          DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private

-36 of 41-

Registered Mail #RF775825204US — Dated: April 24, 2025

1   trust property is titled to 'New Beginnings Trust, dated January 1, 2024"

2   5. **Exhibit E**: Affidavit and Contract and Security Agreement #RF775823194US.

3   6. **Exhibit F**: Affidavit and Contract and Security Agreement #RF775820683US.

4   7. **Exhibit G**: Affidavit and Contract and Security Agreement #RF775823163US.

5   8. **Exhibit H**: Contract and Security Agreement / Affidavit Certificate of Dishonor,

6   Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and

7   LIEN AUTHORIZATION, #RF775824075US.

8   9. **Exhibit I**: Form 3811 corresponding to Exhibit L.

9   10. **Exhibit J**: Form 3811 corresponding to Exhibit N.

10  11. **Exhibit K**: Form 3811 corresponding to Exhibit P.

11  12. **Exhibit L**: Form 3811 corresponding to Exhibit R.

12  13. **Exhibit M**: Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

13  14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "THREE-

14  DAY NOTICE TO QUITE DUE TO FORECLOSURE"

15  16. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of

16  Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and

17  Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand

18  FOR QUIET TITLE AND Demand for Summary Judgement in Favor of

19  Defendants, as a matter of law (received by the Court on, **April 7, 2025**, by way

20  or **Registered Mail #RF775824570US).**

21  17. **Exhibit P:** Form 3811 evidencing deliver of Exhibit O via (VERIFIED Response

22  and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

23  AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

24  JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary

25  Judgement in Favor of Defendants, as a matter of law), via **Registered Mail**

26  **#RF775824570US.**

27  18. **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar

28  No. 188613)

Registered Mail #RF775825204US — Dated: April 24, 2025

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA             )

                                )      ss.

COUNTY OF RIVERSIDE             )

I competent, over the age of eighteen years, and not a party to the within action. My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591]. **On April 24, 2025,** I served the within documents:

1.   <u>VERIFIED</u> EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND RAILROADING; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT AS *A MATTER OF LAW*.

2.                          Exhibits A through Q.

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

Clerk(s), Tamara L Wagner (#188613), Jason B Galkin, C Serrato, T Latham Kreuter,
C/o CLERK OF COURT
505 South Buena Vista,
Corona, California [92882]
**Registered Mail #RF775825204US with form 3811**

Kai: Fan
C/o KAI FAN

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND RAILROADING, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT

Registered Mail #RF775825204US — Dated: April 24, 2025

12220 Casper Court
Rancho Cucamonga, California [91739]
**Registered Mail #RF775825218US** with form **3811**

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
**Registered Mail #RF775825221US** with form **3811**

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue
San Francisco, California [94102]
**Registered Mail #RF775825062US** with form **3811**

Rob Bonta
C/o Office of the Attorney General
1300 "I" Street
Sacramento, California [95814-2919]
**Registered Mail #RF775825076US** with form **3811**

Pam Bondi
C/o U.S. Department of Justice
950 Pennsylvania Avenue, North West
Washing, District of Colombia [20530]
**Registered Mail #RF775825080US** with form **3811**

**By Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
kevinyin520@gmail.com

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]
kevinyin520@gmail.com

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue
San Francisco, California [94102]
judicialcouncil@jud.ca.gov

Rob Bonta
C/o Office of the Attorney General

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND FRAUD UPON THE COURT, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT

Registered Mail #RF775825204US — Dated: April 24, 2025

1  1300 "I" Street
   Sacramento, California [95814-2919]
2  Police-Practices@doj.ca.gov
   PIU.PIU@doj.ca.gov

3  Pam Bondi
   C/o U.S. Department of Justice
4  950 Pennsylvania Avenue, North West
   Washing, District of Colombia [20530]
5  crm.section@usdoj.gov

6
       I declare under penalty of perjury under the laws of the State of California
7
   that the above is true and correct.  Executed on **April 24, 2025** in Riverside County,
8
   California.
9                                           _____*/s/Donnabelle Mortel/*_____
                                                    Donnabelle Mortel
10

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25                                        **<u>NOTICE:</u>**

26  Using a notary on this document does *not* constitute any adhesion, *nor does it alter*

27  *my status in any manner.* The purpose for notary is verification and identification

28  only and not for entrance into any foreign jurisdiction.

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF PRETRIAL FRAUD AND FAIL[...]ATIONS; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUD[...]

Registered Mail #RF775825204US — Dated: April 24, 2025

# ANKNOWLEDGEMENT:

1

2 State of California                    )

3                                        ) ss.

4 County of Riverside                    )

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

5 On this <u>24th</u> day of <u>April</u>, <u>2025</u>, before me, __Joyti Patel__, a Notary Public,

6 personally appeared <u>Corey Walker</u>, who proved to me on the basis of satisfactory

7 evidence to be the person(s) whose name(s) is/are subscribed to the within

8 instrument and acknowledged to me that he/she/they executed the same in his/

9 her/their authorized capacity(ies), and that by his/her/their signature(s) on the

10 instrument the person(s), or the entity upon behalf of which the person(s) acted,

11 executed the instrument.

12

13 I certify under PENALTY OF PERJURY under the laws of the State of California

14 that the foregoing paragraph is true and correct.

15

16 WITNESS my hand and official seal.

17

18

19 Signature _Joyti Patel_____ (Seal)

| JOYTI PATEL |
| --- |
| Notary Public - California |
| Riverside County |
| Commission # 2407742 |
| My Comm. Expires Jul 8, 2026 |

20

21

22

23

24

25

26

27

28

-41 of 41-

VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS, NOTICE OF JUDICIAL FRAUD AND PARRICHONRY, AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGEMENT

-Exhibit E-

Registered Mail #RF775825589US — Dated: May 21, 2025

1  Corey: Walker
2  C/o 30650 Rancho California Road # 406-251
   Temecula, California
3  **non-domestic without** the United States
   Email: team@walkernovagroup.com
4
5  Fiduciary, *Executor, Real Party In Interest, and Secured Party*
   *for the Purported* Defendants LWY RIDERS LLC, and
6  ™NEW BEGINNINGS© TRUST
7

8  # SUPERIOR COURT OF THE STATE OF CALIFORNIA
9  # COUNTY OF RIVERSIDE

10  **Kai Fan, an individual,**

11          *[Purported] Plaintiff,*

12      *vs.*
    LWY RIDERS LLC, a corporation, NEW
13  BEGINNINGS TRUST, a trust,
    [Purported] *Defendant(s)/Real*
14  *Party(ies) in Interest/Secured Party(ies)*
15
16
17

Case No. UDCO 2500416

**VERIFIED** DECLARATION OF **IRREPARABLE HARM**

(SPECIAL LIMITED APPEARANCE — **EQUITY** JURISDICTION PRESERVED)

18  I, Corey: Walker, appearing by *Special Limited Appearance*, **not** generally, in
19  **private capacity,** expressly **not** pro se, as the *Real Party in Interest* and *Secured Party,*
20  with **all rights reserved** *without* **prejudice**, waiving none, preserving **all**
21  immunities, protections, and remedies, being over the age of 18, competent to
22  testify, and having firsthand knowledge of the facts stated herein, do hereby
23  declare, certify, verify, and affirm under penalty of perjury under the laws of the
24  United States of America, that the following is true, correct, and complete to the
25  best of my knowledge, belief, and understanding, and made in good faith:
26  1. I am a fiduciary, secured party, real party in interest, and beneficial title holder
27     for the trust estate known as **NEW BEGINNING TRUST**, which holds lawful
28     *and* equitable interest in the real property located at **12232 Brianwood Drive,**

Registered Mail #RF775825589US — Dated: May 21, 2025

1    Riverside, California 92503. I file this declaration in support of an **Ex Parte**

2    **Application for Stay of Writ of Possession and Temporary Restraining Order.**

3    2. A **Writ of Possession** has been issued in Unlawful Detainer Case No.

4    **UDCO2500416,** and enforcement by the Riverside County Sheriff is **imminent**.

5    This writ is based on a contested **Trustee's Deed Upon Sale,** which undisputely

6    **void ab initio** and currently being litigated in a pending **quiet title action:**

7    **Riverside County Superior Court Case No. CVR12502206.**

8    3. If the writ is enforced, I and other trust beneficiaries will be **forcibly removed**

9    **from the property,** resulting in:

10    • **Dispossession from lawfully held dwelling property, including the loss**

11    **of peaceful possession, use, and control of the trust's private premises,**

12    • **Loss and destruction of personal and trust-held property,** and

13    • **Violation of our due process rights,** as possession is being transferred

14    based on a void instrument without a lawful adjudication of title.

15    4. This harm is **irreparable,** as the quiet title case has not yet been adjudicated and

16    eviction would:

17    • Prejudice our ability to obtain meaningful legal relief,

18    • Potentially moot our title claims,

19    • Cause permanent disruption of trust property and contractual security

20    rights.

21    5. No adequate remedy at law exists to restore possession or compensate for the

22    constitutional deprivation, and **monetary damages cannot fully redress** the

23    injury.

24    6. Immediate injunctive relief is required to preserve the **status quo** and prevent

25    unlawful and irreversible enforcement of a writ issued in excess of jurisdiction.

26    7. I am informed and believe that California law prohibits unlawful detainer courts

27    from adjudicating title, and that proceeding to evict under these circumstances

28    violates established case law **_and_** federal due process rights.

Page 2 of 9

DECLARATION OF IRREPARABLE HARM

Registered Mail #RF775825589US — Dated: May 21, 2025

8. I, Corey: Walker, further state the following authorities support the necessity of immediate injunctive relief and demonstrate that the harm faced is constitutionally protected and irreparable under both California and federal law:

1.  **White v. Davis** (1975) 13 Cal.3d 757, 775

    California Supreme Court held:

    "Where a party is threatened with the loss of real property, equitable relief is proper because the injury cannot be adequately compensated in damages."

    This remains a cornerstone case in California for granting equitable relief in real property disputes where possession or title is at stake.

2.  **Mathews v. Eldridge** (1976) 424 U.S. 319, 333

    The U.S. Supreme Court affirmed:

    "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."

    Enforcing a writ of possession before a quiet title action is adjudicated denies a meaningful hearing on ownership, violating due process.

3.  **Fuentes v. Shevin** (1972) 407 U.S. 67, 80–81

    The Court stated:

    "Any significant taking of property by the State is... subject to the constraints of due process."

    Evicting parties based on a contested and void deed without full adjudication of title constitutes a significant deprivation under color of law.

4.  **Snyder v. City of South Pasadena** (1975) 47 Cal.App.3d 441, 450

    The court held:

    "In cases involving real property, the threat of permanent loss or alteration constitutes irreparable harm."

    Enforcement of a writ prior to adjudicating rightful ownership is a textbook example of such harm.

Registered Mail #RF775825589US — Dated: May 21, 2025

5. **Intel Corp. v. Hamidi** (2003) 30 Cal.4th 1342, 1352

While addressing non-tangible property, the California Supreme Court reaffirmed that:

Injunctive relief is appropriate where ongoing harm threatens a protected right.

The loss of lawful occupancy and possession of trust property threatens core private and constitutional rights.

6. **People v. Superior Court (Humberto S.)** (2008) 43 Cal.4th 737, 754

The Court emphasized:

"Equity may intervene when legal remedies are inadequate and where a party stands to suffer irreparable harm."

Dispossession under a void writ—without full legal recourse—falls squarely within this equitable exception

# VERIFICATION:

## Pursuant to 28 U.S.C. § 1746

### BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE

I, Corey Walker, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my understanding, knowledge, and belief, and made in good faith.

Executed, signed, and sealed this 21st day of May in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without prejudice.**

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _Corey Walker_

Corey Walker, *Fiduciary, Authorized Representative, Executor Secured Party, Master Beneficiary*

Registered Mail #RF775825589US — Dated: May 21, 2025

# <u>LIST OF EXHIBITS / EVIDENCE:</u>

1. **Exhibit A:** Affidavit: Power of '*Attorney-in-Fact*'

2. **Exhibit B:** UCC1 filing #2024385942-1.

3. **Exhibit C:** UCC3 filing #2024425487-2.

4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private trust property is titled to '<u>New Beginnings Trust, dated January 1, 2024"</u>

5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.

9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "<u>THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE"</u>

1. **Exhibit O:** ~~Defendants' VERIFIED Response and Demand for Dismissal of~~ Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary Judgement in Favor of Defendants, as a matter of law (received by the Court on, **April 7, 2025,** by way or **Registered Mail #RF775824570US).**

2. **Exhibit P:** Form 3811 evidencing deliver of Exhibit O via (VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

Registered Mail #RF775825589US — Dated: May 21, 2025

1   AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

2   JUDGEMENT, and Demand FOR QUIET TITLE AND Demand  for Summary

3   Judgement in Favor of Defendants, as a matter of law), via **Registered Mail**

4   **#RF775824570US.**

5   3.   **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar

6   No. 188613)

7   4.   **Exhibit R:** Verified Complaint to Quiet Title (Case No. CVR12502206), filed **May**

8   **6, 2025,** in the Superior Court of California, County of Riverside, concerning real

9   property located at 12232 Brianwood Drive, Riverside, CA (APN: 270-400-037)

10   //

11   //

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

Page 6 of 9
DECLARATION OF IRREPARABLE HARM

Registered Mail #RF775825589US — Dated: May 21, 2025

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA )

) ss.

COUNTY OF RIVERSIDE )

    I competent, over the age of eighteen years, and not a party to the within action. My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591]. On or about **May 21, 2025**, I served the within documents:

1.                       DECLARATION OF IRREPARABLE HARM.

  **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

Clerk(s), Tamara L Wagner (#188613), Jason B Galkin, C Serrato, T Latham Kreuter,
C/o CLERK OF COURT
505 South Buena Vista,
Corona, California [92882]
**Express Mail #ER192833439US** with form **3811**

Clerk(s),
C/o CLERK OF COURT
4050 Main Street
Riverside, California [92501]
**Express Mail #ER192833442US** with form **3811**

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]

Page 7 of 9

Registered Mail #RF775825589US — Dated: May 21, 2025

**Registered Mail #RF775825592US** with form **3811**

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
**Registered Mail #RF775825589US** with form **3811**

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue
San Francisco, California [94102]
**Express Mail #ER192833456US** with form **3811**

**By Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
kevinyin520@gmail.com

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]
kevinyin520@gmail.com

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue
San Francisco, California [94102]
judicialcouncil@jud.ca.gov

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **May 21, 2025** in Riverside County, California.

_____*/s/Donnabelle Mortel/*_____
Donnabelle Mortel

**NOTICE:**

Using a notary on this document does ***not*** constitute joinder adhesion, or consent to any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

Registered Mail #RF775825589US — Dated: May 21, 2025

# ANKNOWLEDGEMENT:

State of California         )

                                    ) ss.

County of Riverside        )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this <u>21st</u> day of <u>May</u>, <u>2025</u>, before me, <u>Lexi Blair</u>, a Notary Public, personally appeared <u>Corey Walker</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

LEXI BLAIR
COMM. #2471566
Notary Public - California
Riverside County
My Comm. Expires Nov. 14, 2027

-Exhibit F-

Registered Mail #RF775825204US — Dated: April 24, 2025

1  Corey Walker, *sui juris*
2  Kevin Walker, *sui juris*
3  C/o 30650 Rancho California Road # 406-251
   Temecula, California [92591]
4  non-domestic *without* the United States
   Email: team@walkernovagroup.com
5
6  *Attorney(s)-In-Fact, Executor(s), and Fiduciaries for the*
   Secured Parties, *Real Parties In Interest*, and *Purported* Defendants.
7  LWY RIDERS LLC, ™NEW BEGINNINGS© TRUST

8              # UNITED STATES DISTRICT COURT
9              # CENTRAL DISTRICT OF CALIFORNIA

10  **Kai Fan, an individual,**

11          *[Purported] Plaintiff,*

12      *vs.*

13  **LWY RIDERS LLC, a corporation, NEW
    BEGINNINGS TRUST, a trust,**
14      *Defendant(s)/Real Party(ies) in
    Interest/Secured Party(ies)*
15

16

17

18

    Case No.
    (Formerly: Riverside County Superior Court
    – Unlawful Detainer Division, Case No.
    UDCO 2500416)

    **NOTICE OF REMOVAL TO
    FEDERAL COURT**

19          ## NOTICE OF REMOVAL TO FEDERAL COURT
20      **(For Lack of Jurisdiction, Procedural Fraud, and Commercial Dishonor)**
21  **COMES NOW**, the Purported Defendants, **LWY RIDERS LLC** and **NEW**
22  **BEGINNINGS TRUST** (hereinafter, "Defendants," "Purported Defendants," and/
23  or "Real Parties in Interest"), by and through their duly appointed *Attorneys-in-Fact,*
24  *Executors, Trustees, Fiduciaries, and Authorized Representatives,* by *Special Limited*
25  *Appearance* (Not generally) and *without* waiver of any rights, immunities, or
26  protections, and hereby assert their standing in accordance with the principles of
27  **equity, trust law, the common law,** and **constitutionally guaranteed due process,**
28  and hereby remove the above-entitled action from the **Superior Court of**

                            -1 of 9-

Registered Mail #RF775825204US — Dated: April 24, 2025

1 **California, County of Riverside**, Unlawful Detainer Division, to the **United States**

2 **District Court for the Central District of California**, pursuant to **28 U.S.C. §§ 1441,**

3 **1443, and 1446**, and state the following:

## I. GROUNDS FOR REMOVAL

5 This action is removable under **28 U.S.C. § 1441** because it arises under **federal law,**

6 including but not limited to:

7 • The **United States Constitution,**

8 • The **Uniform Commercial Code (UCC),**

9 • **42 U.S.C. § 1983** (civil rights violations),

10 • **18 U.S.C. §§ 241 and 242** (conspiracy and deprivation of rights under color of law),

11 • and **18 U.S.C. §§ 1961–1968** (civil RICO statutes).

12 Defendants are asserting **federally protected rights** grounded in equity, private

13 trust law, and secured commercial instruments. These rights are not being honored

14 by the state court, resulting in ongoing irreparable harm and violations of

15 constitutionally protected due process.

16 The state court proceeding was commenced:

17 • Without a **verified complaint,**

18 • Without **jurisdiction over the Real Parties in Interest,**

19 • Without **lawful service of process,**

20 • And in **clear violation of federal constitutional guarantees**, as well as

21 contractual and commercial law.

22 Removal is also proper under **28 U.S.C. § 1443**, as Defendants are being denied the

23 enforcement of federally protected rights in a state forum operating:

24 • In **bad faith,**

25 • In **procedural fraud,**

26 • And as a **railroad tribunal**.

27 **Tamara L. Wagner**, acting under the title of "Judge," is in fact a **licensed California**

28 **attorney (Bar No. 188613)** and **commissioner**, who is **not** a **constitutionally**

Registered Mail #RF775825204US — Dated: April 24, 2025

1  **appointed judge** and is **unlawfully practicing law from the bench** in violation of

2  **Canon 3 of the Code of Judicial Conduct, Article III of the U.S. Constitution**, and

3  federal statute.

4  The state court has failed or refused to:

5  - Acknowledge *unrebutted* **affidavits** filed under UCC §§ 3-505 and 3-603,

6  - Dismiss for lack of standing,

7  - Recognize *perfected* **commercial claims**,

8  - And has proceeded in **open dishonor** despite the absence of any verified

9    injury or lawful party.

10 This case constitutes:

11 - **Judicial railroading,**

12 - **Commercial trespass,**

13 - And a **pattern of racketeering activity**, actionable under **civil RICO** (18

14   U.S.C. § 1962), based on the use of fraudulent legal instruments, false process,

15   and conspiracy under color of law.

16 This removal is **timely** under **28 U.S.C. § 1446(b)**, having been filed within **30 days**

17 **of knowledge and notice of continued unlawful state court activity.**

## II. PROCEDURAL COMPLIANCE

19 On or about **March 19, 2025**, Plaintiff(s) initiated a civil action in the **Superior Court**

20 **of California, County of Riverside**, styled *Kai Fan v. New Beginnings Trust*, Case

21 No. **UDCO 2500416**.

22 Pursuant to **28 U.S.C. § 1446(d)**, written notice of this removal will be promptly

23 served upon all adverse parties and a copy will be filed with the **Clerk of the**

24 **Superior Court of Riverside County.**

## REMOVAL EFFECTED BY OPERATION OF LAW

26 This action is **removed by operation of law** pursuant to **28 U.S.C.**

27 **§§ 1441, 1443, and 1446** upon the filing of this Notice with the

28 United States District Court. The **state court is divested of all**

**jurisdiction**, and this Honorable Court is now vested with full subject-matter jurisdiction.

## <u>RESERVATION OF RIGHTS</u>

Defendants expressly reserve the right to:

- Supplement or amend this Notice as additional facts emerge,
- Challenge **jurisdiction**, **venue**, and **process**,
- And assert full reserved rights under **UCC § 1-308**, the **common law**, and the **Constitution of the United States**.

All rights reserved, **nunc pro tunc, ab initio**.

//

## <u>VERIFICATION:</u>

**Pursuant to 28 U.S.C. § 1746**

**BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**

I, <u>Corey Walker</u>, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this <u>24TH</u> day of <u>April</u> in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and** ~~without prejudice.~~

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: *Corey Walker*

Corey Walker, *Fiduciary, Authorized Representative, Executor*

Let this document stand as truth before the Almighty Supreme Creator and let it be established before men according as the scriptures saith: *"But if they will not listen, take one or two others along, so that every matter may be established by the testimony of two*

Registered Mail #RF775825204US — Dated April 24, 2025

1  or three witnesses." Matthew 18:16. "In the mouth of two or three witnesses, shall every

2  word be established" 2 Corinthians 13:1.

3                                          Sui juris, By *Special Limited* Appearance,

4  By: _____

5                                          Donnabelle Mortel (WITNESS)

6                                          Sui juris, By *Special Limited* Appearance,

7  By: _____

8                                          Kevin Walker (WITNESS)

9  //

10  # LIST OF EXHIBITS / EVIDENCE:

11  1. **Exhibit A:** Affidavit: Power of '*Attorney-in-Fact*'

12  2. **Exhibit B:** UCC1 filing #2024385942-1.

13  3. **Exhibit C:** UCC3 filing #2024425487-2.

14  4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside,

15     DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private

16     trust property is titled to 'New Beginnings Trust, dated January 1, 2024"

17  5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

18  6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

19  7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

20  8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor,

21     Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and

22     LIEN AUTHORIZATION, #RF775824075US.

23  9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

24  10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

25  11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

26  12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

27  13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

28  14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "THREE-

Registered Mail #RF775825204US — Dated: April 24, 2025

1   DAY NOTICE TO QUITE DUE TO FORECLOSURE"

2   15. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of

3   Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and

4   Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand

5   FOR QUIET TITLE AND Demand  for Summary Judgement in Favor of

6   Defendants, as a matter of law (received by the Court on, **April 7, 2025**, by way

7   or **Registered Mail #RF775824570US).**

8   16. **Exhibit P:** Form 3811 evidencing deliver of Exhibit O via  (VERIFIED Response

9   and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

10   AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

11   JUDGEMENT, and Demand FOR QUIET TITLE AND Demand  for Summary

12   Judgement in Favor of Defendants, as a matter of law), via **Registered Mail**

13   **#RF775824570US.**

14   17. **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar

15   No. 188613)

16   //

17   # PROOF OF SERVICE

18   STATE OF CALIFORNIA                    )

19                                          )     ss.

20   COUNTY OF RIVERSIDE                    )

21        I competent, over the age of eighteen years, and not a party to the within

22   action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho

23   California Road suite #406-251, Temecula, California [92591].  **On April 24, 2025**, I

24   served the within documents:

25   1.               <u>NOTICE OF REMOVAL TO FEDERAL COURT.</u>

26   2.                       **Exhibits A through Q.**

27   **By United States Mail.**  I enclosed the documents in a sealed envelope or package

28   addressed to the persons at the addresses listed below by placing the envelope for

-6 of 9-

Registered Mail #RF775825204US — Dated: April 24, 2025

1  collection and mailing, following our ordinary business practices.  I am readily
2  familiar with this business's practice for collecting and processing correspondence
3  for mailing.  On the same day that correspondence is placed for collection and
4  mailing, it is deposited in the ordinary course of business with the United States
5  Postal Service, in a sealed envelope with postage fully prepared. I am a resident or
6  employed in the county where the mailing occurred.  The envelope or package was
7  placed in the mail in Riverside County, California, and sent via Registered Mail
8  with a form 3811.

9       Clerk(s), Tamara L Wagner (#188613), Jason B Galkin, C Serrato, T Latham
          Kreuter,
10      C/o CLERK OF COURT
         505 South Buena Vista,
11      Corona, California [92882]
         **Registered Mail #RF775825204US** with form **3811**
12

13      Kai: Fan
         C/o KAI FAN
         12220 Casper Court
14      Rancho Cucamonga, California [91739]
         **Registered Mail #RF775825218US** with form **3811**
15

16      Kai: Fan
         C/o KAI FAN
17      3426 Vineland Avenue
         Baldwin Park, California [91706]
18      **Registered Mail #RF775825221US** with form **3811**

19      Patricia Guerrero
         C/o Judicial Council of California
20      455 Gold Gate Avenue
         San Francisco, California [94102]
21      **Registered Mail #RF775825062US** with form **3811**

22      Rob Bonta
         C/o Office of the Attorney General
23      1300 "I" Street
         Sacramento, California [95814-2919]
24      **Registered Mail #RF775825076US** with form **3811**

25      Pam Bondi
         C/o U.S. Department of Justice
26      950 Pennsylvania Avenue, North West
         Washing, District of Colombia [20530]
27      **Registered Mail #RF775825080US** with form **3811**

28

NOTICE OF REMOVAL TO FEDERAL COURT

Registered Mail #RF775825204US — Dated: April 24, 2025

1    **By Electronic Service.**  Based on a court order and/or an **agreement of the**

2    **parties** to accept service by electronic transmission, I caused the documents to be

3    sent to the persons at the electronic notification addresses listed below.

4        Kai: Fan
         C/o KAI FAN
5        3426 Vineland Avenue
         Baldwin Park, California [91706]
6        kevinyin520@gmail.com

7        Kai: Fan
         C/o KAI FAN
8        12220 Casper Court
         Rancho Cucamonga, California [91739]
9        kevinyin520@gmail.com

10       Patricia Guerrero
         C/o Judicial Council of California
11       455 Gold Gate Avenue
         San Francisco, California [94102]
12       judicialcouncil@jud.ca.gov

13       Rob Bonta
         C/o Office of the Attorney General
14       1300 "I" Street
         Sacramento, California [95814-2919]
15       Police-Practices@doj.ca.gov
         PIU.PIU@doj.ca.gov
16
         Pam Bondi
17       C/o U.S. Department of Justice
         950 Pennsylvania Avenue, North West
18       Washing, District of Colombia [20530]
         crm.section@usdoj.gov

19

20

21       I declare under penalty of perjury under the laws of the State of California

22    that the above is true and correct.  Executed on **April 24, 2025** in Riverside County,

23    California.

                                    ____/s/Donnabelle Mortel/____
24                                       Donnabelle Mortel

25

26    //

27    //

28    //

Registered Mail #RF775825204US — Dated: April 24, 2025

## NOTICE:

Using a notary on this document does *not* constitute any adhesion, *nor does it alter my status in any manner.* The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

//

//

# ANKNOWLEDGEMENT:

State of California            )

                              ) ss.

County of Riverside            )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this 24th day of April, 2025, before me,  Joyti Patel , a Notary Public, personally appeared Corey Walker, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _~~Joyti Patel~~_____    (Seal)

JOYTI PATEL
Notary Public - California
Riverside County
Commission # 2407742
My Comm. Expires Jul 8, 2026

-9 of 9-

-Exhibit G-

Registered Mail #RF775825779US — Dated: May 27, 2025

1  Kevin: Realworldfare
2  Corey: Walker
   C/o 30650 Rancho California Road # 406-251
3  Temecula, California [92591]
4  *non-domestic without* the U̲nited S̲tates
   Email: team@walkernovagroup.com
5
   *Fiduciary, Executor, Real Party In Interest, and Secured Party*
6  *for the Purported* Defendant ™NEW BEGINNINGS© TRUST
7
8  # SUPERIOR COURT OF THE STATE OF CALIFORNIA
   # COUNTY OF RIVERSIDE
9
10 **Kai Fan, an individual,**            |  Case No. UDCO 2500416

11      *[Purported] Plaintiff,*          |  **NOTICE OF TERMINATION OF
                                             JURISDICTION AND DEMAND TO
12      *vs.*                               CEASE AND DESIST ALL FURTHER
   **LWY RIDERS LLC, a corporation, NEW     PROCEEDINGS PURSUANT TO CCP §
13 BEGINNINGS TRUST, a trust,**             916, PENDING APPEAL, QUIET TITLE
      *[Purported]* Defendant(s)Secured     ACTION (CASE NO. CVRI2502206),
14 *Party*                                  AND RELATED FEDERAL ACTION
                                            (U.S. DISTRICT COURT CASE NO.
15                                          EDCV25-01287-KK(SHK))**

16

17

18                                         (SPECIAL LIMITED APPEARANCE —
                                           **EQUITY** JURISDICTION PRESERVED)
19

20 _____

21 **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

22 NOTICE IS HEREBY GIVEN:

23 This Notice is served by the **Real Party in Interest** and **Authorized Representative,**

24 acting in **private capacity** — **not** pro se — as the **Secured Party/ Creditor** and

25 **Fiduciary** for the **New Beginnings Trust,** the **sole and equitable holder of record**

26 **title to the property in controversy.** This Notice demands immediate cessation of

27 all further action in the above-captioned Unlawful Detainer proceeding for the

28 reasons set forth below:

Page 1 of 10

Registered Mail #RF775825779US — Dated: May 27, 2025

## I. JURISDICTION IS TERMINATED BY LAW – CCP § 916

On **May 23, 2025**, a **Verified Notice of Appeal** was duly filed and perfected.

Pursuant to **California Code of Civil Procedure § 916(a)**:

*"The perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby..."*

This stay is **mandatory**, **self-executing**, and **jurisdictional**.

**Varian Med. Sys., Inc. v. Delfino (2005) 35 Cal.4th 180, 198:**

"Section 916 automatically stays all further trial court proceedings on the matters embraced in or affected by the appeal."

**Davenport v. Blue Cross of California (1997) 52 Cal.App.4th 435, 443:**

"If the judgment or order is stayed, the trial court has no power to enforce it."

**Result: All actions by the Unlawful Detainer court — including enforcement of any Writ of Possession — are immediately stayed by operation of law. Any attempt to proceed is void.**

## II. PENDING QUIET TITLE ACTION STRIPS UD COURT OF JURISDICTION

On **May 6, 2025**, a **Verified Quiet Title Action** was filed under **Case No. CVRI2502206**, challenging the alleged Trustee's Deed Upon Sale as **_void ab initio_** and asserting superior legal and equitable title held by the **New Beginnings Trust**, supported by:

- A duly recorded **Grant Deed** (#2024-0036701),
- A perfected **UCC-1 Financing Statement** (#2024385942-1),
- A filed **UCC-3 Amendment** (#2024425487-2),
- Unrebutted Affidavits of Status and Security Agreements.

**Under binding authority:**

**Asuncion v. Superior Court (1980) 108 Cal.App.3d 141**

**Cheney v. Trauzettel (1937) 9 Cal.2d 158**

**Steiner v. Thexton (2010) 48 Cal.4th 411**

"Where the right to possession depends upon the outcome of a title dispute, summary unlawful detainer jurisdiction is improper."

NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP §916, PENDING APPEAL, QUIET TITLE ACTION (CASE NO. CVRI2502206), AND RELATED FEDERAL ACTION (U.S. DISTRICT COURT, CENTRAL DISTRICT)

Registered Mail #RF775825779US — Dated: May 27, 2025

1  The UD court is **jurisdictionally barred** from proceeding where **equitable title and**
2  **right to possession are in dispute**.

3  ### III. DEMAND FOR CESSATION OF VOID PROCEEDINGS

4  Accordingly, and based on the above filings and controlling legal authority, you are
5  hereby **commanded** and **demanded** to:

6  1. **Cease and desist** from all further proceedings or enforcement actions in this
7  matter.

8  2. **Withdraw any writs or notices** issued in connection with this case, including
9  any writ of possession.

10  3. **Refrain from holding any further hearings, issuing orders, or taking**
11  **administrative steps** in this case, under penalty of color-of-law violations
12  and ultra vires acts.

13  4. **Take judicial notice** of the appeal, stay, *and* pending quiet title action—all of
14  which are now publicly docketed and served.

15  ### IV. NOTICE OF LIABILITY FOR COLOR OF LAW VIOLATIONS

16  Any judge, clerk, deputy, or agent who knowingly proceeds after this notice is
17  **personally liable** for:

18  • **Deprivation of rights under color of law** (42 U.S.C. § 1983),

19  • **Ultra vires judicial acts** without jurisdiction,

20  • **Fraud upon the court** by proceeding without legal authority,

21  • **Conspiracy to interfere with rights** (18 U.S.C. § 241),

22  • **Commercial injury and trespass on secured trust property.**

23  **A judgment rendered without jurisdiction is void ab initio and has no legal**
24  **force or effect.**– *See Patton v. Diemer, 35 Ohio St.3d 68 (1988)*

25  ### V. RELATED FEDERAL ACTION NOW PENDING

26  In addition to the state appeal and quiet title action, a **federal civil action** has
27  been initiated in the **U.S. District Court**, challenging the same unlawful acts,
28  title dispute, and color-of-law violations concerning the subject property. This

Page 3 of 10

NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP § 916, PENDING APPEAL, QUIET TITLE ACTION (CASE NO. CVRI2502XXX), AND RELATED FEDERAL ACTION (U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA)

Page 122 of 230

Registered Mail #RF775825779US — Dated: May 27, 2025

1  federal case further divests the Unlawful Detainer court of all authority to
2  proceed.

3  Pursuant to **28 U.S.C. § 1446(d)** and the **Supremacy Clause**, any continued action
4  by this court constitutes:

5  • Judicial interference with a pending federal matter,

6  • A violation of the supremacy of federal jurisdiction,

7  • An actionable constitutional tort under 42 U.S.C. § 1983.

8  **U.S. District Court Case No.:** **EDCV25-01287-KK(SHK)** - Attached hereto as
9  **Exhibit Z.**

10  This federal filing has been or will be formally noticed and recorded. **Any further**
11  **attempt to adjudicate this matter in the Unlawful Detainer forum is ultra vires**
12  **and a direct attack on the authority of a superior court of record.**

13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP § 916, PENDING APPEAL, QUIET TITLE ACTION (CASE NO. CVRI2500000), AND RELATED FEDERAL ACTION (U.S. DISTRICT COURT CASE NO. EDCV25-01287-KK(SHK))

Registered Mail #RF775825779US — Dated: May 27, 2025

# VERIFICATION:

## Pursuant to 28 U.S.C. § 1746

### BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE

I, Kevin: Realworldfare, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 27th day of May in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Kevin: Realworldfare_

Kevin: Realworldfare, *Secured Party, Fiduciary, Authorized Representative, Executor*

# VERIFICATION:

## Pursuant to 28 U.S.C. § 1746

### BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE

I, Corey: Walker, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 27th day of May in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Corey: Walker_

Corey: Walker, *Secured Party, Fiduciary, Authorized Representative, Executor*

Page 5 of 10

Registered Mail #RF775825779US — Dated: May 27, 2025

# LIST OF EXHIBITS / EVIDENCE:

1. **Exhibit A:** Affidavit: Power of *'Attorney-in-Fact'*

2. **Exhibit B:** UCC1 filing #2024385942-1.

3. **Exhibit C:** UCC3 filing #2024425487-2.

4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private trust property is titled to 'New Beginnings Trust, dated January 1, 2024"

5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.

9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE"

15. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary Judgement in Favor of Defendants, as a matter of law (received by the Court on, **April 7, 2025,** by way or **Registered Mail #RF775824570US).**

16. **Exhibit P:** Form 3811 evidencing deliver of Exhibit O via (VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

Page 6 of 10

Registered Mail #RF775825779US — Dated: May 27, 2025

AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED
JUDGEMENT, and Demand FOR QUIET TITLE AND Demand  for Summary
Judgement in Favor of Defendants, as a matter of law), via **Registered Mail
#RF775824570US.**

17. **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar
No. 188613)

18. **Exhibit R:** Verified Complaint to Quiet Title (Case No. CVRI2502206), filed **May
6, 2025,** in the Superior Court of California, County of Riverside, concerning real
property located at 12232 Brianwood Drive, Riverside, CA (APN: 270-400-037)

19. **Exhibit S:** Verified Notice of Appeal – Filed May 23, 2025

20. **Exhibit T:** Verified Notice of Stay – Filed May 23, 2025

21. **Exhibit U:** Verified Declaration of Corey: Walker in lieu of reporter's transcript
and in support of writ of supersedes, (Summarizing Proceedings, Court Rulings,
and Motion to Dismiss and Stay in Trial Court).

22. **Exhibit V:** <u>Verified</u> Emergency Motion AND DEMAND to Dismiss Unlawful
Detainer for Lack of Jurisdiction, Stay Execution of Writ of Possession, and
Request for Temporary Restraining Order Pending Resolution of Quiet Title
Action (Case No. CVRI2502206)

23. **Exhibit W:** <u>VERIFIED</u> EMERGENCY EX PARTE MOTION AND DEMAND TO
STAY WRIT OF POSSESSION PENDING APPEAL and Resolution of Quiet Title
Action (Case No. CVRI2502206)

24. **Exhibit X:** Voicemail from trial court acknowledging federal removal and
confirming intent to proceed without jurisdiction.

25. **Exhibit Y:** Trial court docket showing removal to federal court on April 28, 2025,
and remand received on May 5, 2025.

26. **Exhibit Z:** <u>VERIFIED</u> COMPLAINT FOR DAMAGES, EQUITABLE RELIEF,
TRO, AND INJUNCTIVE RELIEF, filed against Tamara Wagner and Kai Fan on
May 27, 2025.

Registered Mail #RF775825779US — Dated: May 27, 2025

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA )

)         ss.

COUNTY OF RIVERSIDE )

I competent, over the age of eighteen years, and not a party to the within action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591].  On or about **May 27, 2025**, I served the within documents:

**1. NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP § 916, PENDING APPEAL, QUIET TITLE ACTION (CASE NO. CVRI2502206), AND RELATED FEDERAL ACTION (U.S. DISTRICT COURT CASE NO. EDCV25-01287-KK(SHK))**

**2.**                                         **EXHIBIT Z**

**By United States Mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

Tamara-Lucile: Wagner (#188613)
C/o TAMARA WAGNER
505 South Buena Vista,
Corona, California [92882]
**Registered Mail #RF775825779US with form 3811**

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
**Registered Mail #RF775825765US with form 3811**

NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP § 916, PENDING APPEAL, QUIET TITLE ACTION (CASE NO. CVRI2502206), AND RELATED FEDERAL ACTION (U.S. DISTRICT COURT CASE NO. EDCV25-01287-KK(SHK))

Registered Mail #RF775825779US — Dated: May 27, 2025

1    **By Electronic Service.**  Based on a court order and/or an **agreement of the**

2    **parties** to accept service by electronic transmission, I caused the documents to be

3    sent to the persons at the electronic notification addresses listed below.

4    Kai: Fan
     C/o KAI FAN
5    3426 Vineland Avenue
     Baldwin Park, California [91706]
6    kevinyin520@gmail.com

7    Patricia Guerrero
     C/o Judicial Council of California
8    455 Gold Gate Avenue
     San Francisco, California [94102]
9    judicialcouncil@jud.ca.gov

10   Pam Bondi
     C/o U.S. Department of Justice
11   950 Pennsylvania Avenue, North West
     Washing, District of Colombia [20530]
12   crm.section@usdoj.gov

13   I declare under penalty of perjury under the laws of the State of California

14   that the above is true and correct.  Executed on **May 27, 2025** in Riverside County,

15   California.

16                                              /s/Chris Yarbra/
                                                Chris Yarbra

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24                                     **NOTICE:**

25   Using a notary on this document does **not** constitute joinder adhesion, or consent to

26   any foreign jurisdiction, **nor does it alter my status in any manner.** The purpose for

27   notary is verification and identification only and not for entrance into any foreign

28   jurisdiction.

NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP §364, FED DUE APPEAL, QUIET TITLE ACTION (CASE NO. CVRI2503292), AND RELATED FEDERAL ACTION (U.S DISTRICT COURT CASE NO. 5:25-cv-01614-MWF-AS)

Registered Mail #RF775825779US — Dated: May 27, 2025

# **ACKNOWLEDGEMENT:**

State of California                                    )

                                                      ) ss.

County of Riverside                                   )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this <u>27th</u> day of <u>May</u>, <u>2025</u>, before me, <u>Joyti Patel</u>, a Notary Public, personally

appeared <u>Kevin Realworlfare (*formerly Kevin Walker*)</u>, who proved to me on the

basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed

to the within instrument and acknowledged to me that he/she/they executed the

same in his/her/their authorized capacity(ies), and that by his/her/their

signature(s) on the instrument the person(s), or the entity upon behalf of which the

person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California

that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> JOYTI PATEL
> Notary Public - California
> Riverside County
> Commission # 2407742
> My Comm. Expires Jul 8, 2026

Signature _Joyti Patel_____ (Seal)

NOTICE OF TERMINATION OF JURISDICTION AND DEMAND TO CEASE AND DESIST ALL FURTHER PROCEEDINGS PURSUANT TO CCP §394, PENDING APPEAL, QUIET TITLE ACTION (CASE NO. CVRI2502216), AND RELATED FEDERAL ACTION (U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA)

-Exhibit H-

| TO (Name and Address) | LEVYING OFFICER (Name and Address) |
|---|---|
| OCCUPANT<br>12232 Brianwood Dr<br>Riverside, CA 92503<br><br>EMAIL | Riverside County Sheriff's Office<br>4095 Lemon St., 4th Floor<br>Riverside, CA 92501<br><br>(951) 955-2420<br>(951) 955-6155 |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY<br><br>Riverside County Superior Court<br>505 S. Buena Vista<br>Corona, CA 92882 | California Relay Service Number<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF<br>Kai Fan<br>DEFENDANT<br>LWY Riders LLC, a corporation, et al | COURT CASE NO<br><br>UDCO2500416 |
| **Notice to Vacate** | LEVYING OFFICER FILE NO<br><br>2025102723 |

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| Eviction Address: | 12232 Brianwood Dr<br>Riverside, CA 92503 |
|---|---|
| Final notice is hereby given that possession of the property must be turned over to the landlord on or before: | **Wednesday, May 28, 2025  06:01 am** |

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CIV), or, if the property is valued at less than $700.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and are not named on the writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if the prejudgment claim of right to possession was served as indicated on the writ unless the eviction is the result of a foreclosure.



Chad Bianco
Sheriff - Coroner

By: _____

Sheriff's Authorized Agent

RECEIVED
RIVERSIDE CO SHERIFF
COURT SERVICES - WEST

EJ-130

2025 MAY 19  AM 11: 16

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: Kai Fan
FIRM NAME:
STREET ADDRESS: 3428 Vineland Ave
CITY: Baldwin Park   STATE: CA   ZIP CODE: 91706
TELEPHONE NO.: 626-363-5570   FAX NO.:
EMAIL ADDRESS: Kevinlyin520@gmail.com
ATTORNEY FOR (name): Plaintiff In Pro Per.

[X] ATTORNEY FOR   [X] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 505 S Buena Vista Ave #201
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: Corona, CA 92882
BRANCH NAME: Corona Courthouse

PLAINTIFF/PETITIONER: Kai Fan
DEFENDANT/RESPONDENT: LWY Riders LLC, a corporation & New Beginning Trust, a trust; Does 1-10

CASE NUMBER:
UDCO2500416

| | | | |
|---|---|---|---|
| [ ] **EXECUTION** (Money Judgment) | | [X] Limited Civil Case (including Small Claims) |
| WRIT OF [X] **POSSESSION OF** | [ ] Personal Property | |
| [ ] **SALE** | [X] Real Property | [ ] Unlimited Civil Case (including Family and Probate) |

1. To the Sheriff or Marshal of the County of: RIVERSIDE
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): Kai Fan
   is the [X] original judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   LWY Riders LLC, a corporation

   12232 Briarwood Drive
   Riverside, CA 92503, Riverside County.

   [X] Additional judgment debtors on next page

5. Judgment entered on (date): 05/01/2025
   (See type of judgment in item 22.)

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

9. [X] Writ of Possession/Writ of Sale information on next page.

10. [ ] This writ is issued on a sister-state judgment.

    For items 11-17, see form MC-012 and form MC-013-INFO.

11. Total judgment (as entered or renewed) . . . . . . . $
12. Costs after judgment (CCP 685.090) . . . . . . . . $
13. Subtotal (add 11 and 12) . . . . . . . . . . . . . $  POSSESSION ONLY
14. Credits to principal (after credit to interest) . . . $
15. Principal remaining due (subtract 14 from 13) $  POSSESSION ONLY
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) $
17. Fee for issuance of writ (per GC 70626(a)(1)) $     40.00
18. Total amount due (add 15, 16, and 17) . . . $    40.00
19. Levying officer:
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . $
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) . . . . . $

20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Date: 5/12/25

Clerk, by _____, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

WRIT OF EXECUTION

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| Plaintiff/Petitioner: Kai Pan | CASE NUMBER: |
|---|---|
| Defendant/Respondent: LWY Riders LLC, a corporation & New Beginning Trust, a trust; Does 1-10 | UDCO2500416 |

25. b. ☐ Possession of personal property.
       ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

c. ☐ Sale of personal property.

d. ☐ Sale of real property.

e. The property is described ☒ below ☐ on Attachment 25e.
   12232 Brianwood Drive, Riverside, CA 92503, Riverside County.

---

### NOTICE TO PERSON SERVED

**WRIT OF EXECUTION OR SALE.** Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

**WRIT OF POSSESSION OF PERSONAL PROPERTY.** If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

**WRIT OF POSSESSION OF REAL PROPERTY.** If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

**EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED.** If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

**EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION.** If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

**WRIT OF EXECUTION**

privacy, please press the Clear This Form button after y    | Print this form |  | Save this form |    | Clear this form |

-Exhibit I-

DOC # 2024-0036701
02/08/2024 11:03 AM Fees: $100.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA VICTORIA #411

RECORDING REQUESTED BY:

# DocStar Services, LLC.

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

New Beginnings Trust
c/o 3410 La Sierra Avenue, Unit F-351
Riverside, CA [92503]

APN:   270-400-037   I   TRA: 088-039
File No.:  35198 CM

This Document has been recorded as an
Accommodation only, it has not been reviewed as
to its accuracy or its effect on title

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

"The transfer is between individuals and a
legal entity or partnership, or between
legal entities and does not change the
proportional interests held. R & T 11925."

# GRANT DEED

DOCUMENTARY TRANSFER TAX IS $_____0.00_____ CITY TAX IS $_____0.00_____
_____ Computed on full value of property conveyed, or
_____ Computed on full value less liens and encumbrances remaining at time of sale.
✔ Unincorporated area  _____ City of _____

For valuable consideration, receipt of which is hereby acknowledged,

Corey D. Walker, a Single Man

hereby GRANT(S) to

LWY Riders, LLC, Trustee of the New Beginnings Trust, dated January 1, 2024

the following described property situated in the _____unincorporated area_____, County of _____Riverside_____,
State of _____California_____:

Legal Description attached hereto as Exhibit "A" and made a part hereof

Commonly Known As: 12232 Brianwood Drive, Riverside, California

MAIL TAX STATEMENTS AS DIRECTED ABOVE

Page 1 of 2

By Special Limited Appearance,
All rights reserved without prejudice and with our recourse, UCC 1-308

Date: _____01/03/2024_____   _Corey Delfond Walker_

Corey Delfond Walker, **Authorized Representative**

Using a notary on this document does **not** constitute any adhesion, **nor does it alter my status in any manner.** The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

### ACKNOWLEDGEMENT:

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California        )
                           ) ss.
County of Riverside        )

On this __3rd__ day of __February__, 20 __24__, before me, __Shubhangi R. Zumale__, a Notary Public, personally appeared __Corey Delfond Walker__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

SHUBHANGI R. ZUMALE
Notary Public - California
Riverside County
Commission # 2373782
My Comm. Expires Sep 4, 2025



**PETER ALDANA**
**COUNTY OF RIVERSIDE**
**ASSESSOR-COUNTY CLERK-RECORDER**

Recorder
P.O. Box 751
Riverside, CA 92502-0751
(951) 486-7000

www.riversideacr.com

# NOTARY CLARITY

Under the provisions of Government Code 27361.7, I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary:   SHUBHANGI R. ZUMALE

Commission #:   2373782

Place of Execution:   RIVERSIDE COUNTY

Date Commission Expires:   SEPT. 4, 2025

Date:   2/8/2024

Signature:   _Lacy Marino_

Print Name:   Lacy Marino

ACR 186 (Rev. 07/2013)          Available in Alternate Formats

## EXHIBIT "A"
## Legal Description

Lot 13 of Tract No. 29386-1, as shown by Map ("Map") on file in Book 315, Pages 16 through 23, inclusive, of Maps, in the office of the Riverside County Recorder.

RESERVING THEREFROM TO GRANTOR, its successors and assignees, one hundred percent (100%) of all rights to oil, gas and other hydrocarbon and mineral substances lying under or that may be produced from the Lot, together with one hundred (100%) percent of all rights to the proceeds therefrom and one hundred percent (100%) of all rents, bonuses and profits accruing therefrom, without however, any rights including rights of entry in or with respect to any portion of the surface or subsurface to a vertical depth of five hundred (500) feet from the surface as the same may from time to time exist.

EXCEPTING AND FURTHER RESERVING THEREFROM TO GRANTOR, its successors and assignees, all easements and rights for access, ingress, egress, encroachment, maintenance, drainage, support, and for other purposes, reserved to Grantor under that Master Declaration of Covenants, Conditions, Restrictions and Reservations of Easements for Victoria Grove (together with any amendments thereto, collectively, the "Master Declaration"), recorded on April 20, 2000, as Instrument No. 146852; and under that Notice of Addition of Territory and Supplemental Master Declaration of Covenants, Conditions and Restrictions and Reservations of Easements for 29386-1, a Phase of Development of Victoria Grove (Festival Phase 3) (together with any amendments thereto, collectively, the "Notice of Addition"), Recorded on November 21, 2002 as Instrument No. 689019; both in the Official Records of Riverside County, California ("Official Records").

FURTHER RESERVING THEREFROM TO DECLARANT (as defined in the Notice of Addition), its successors and assigns, an easement over (i) the portions of the Lot designated as landscape easements in the Notice of Addition, if any, and (ii) the portions of the Lot designated as slope easements in the Notice of Addition, if any.

PARCEL NO. 2

Nonexclusive easements for access, ingress, egress, drainage, maintenance, repairs, and for other purposes, all as described in the Map, the Master Declaration and the Notice of Addition.

PARCEL NO. 3

A nonexclusive easement for access, ingress, egress, and the drainage of surface water on, through and across Lot G and a portion of Lots C and D of the Map, as further shown and described on Exhibit 2 attached hereto and incorporated herein.

APN: 270-400-037

-Exhibit J-

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>**Kevin Lewis Walker 310-923-8521** | |

B. E-MAIL CONTACT AT FILER (optional)
**kevinlwalker@me.com**

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)
KEVIN LEWIS WALKER
c/o 41593 Winchester Road, Suite 200
Temecula, CA 92590, USA

| Filed in the Office of | Initial Filing Number<br>**2024385942-1** |
|---|---|
| *F.H.Aguilar* (signature)<br>Secretary of State<br>State Of Nevada | Filed On<br>**February 13, 2024 10:44 AM**<br>Number of Pages<br>**1** |

1. DEBTOR'S NAME:  Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME<br>**WALKER** | FIRST PERSONAL NAME<br>**COREY** | ADDITIONAL NAME(S)/INITIAL(S)<br>**DELFOND** | SUFFIX |

| 1c. MAILING ADDRESS<br>**3410 LA SIERRA AVENUE UNIT F351** | CITY<br>**RIVERSIDE** | STATE<br>**CA** | POSTAL CODE<br>**92503** | COUNTRY<br>**USA** |
|---|---|---|---|---|

2. DEBTOR'S NAME:  Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME<br>**WALKER** | FIRST PERSONAL NAME<br>**COREY DELFOND** | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 3c. MAILING ADDRESS<br>**C/O 41593 WINCHESTER ROAD SUITE 200** | CITY<br>**TEMECULA** | STATE<br>**CA** | POSTAL CODE<br>**92590** | COUNTRY<br>**USA** |
|---|---|---|---|---|

4. COLLATERAL: This financing statement covers the following collateral:
THIS IS ACTUAL AND CONSTRUCTIVE NOTICE THAT ALL OF THE DEBTORS INTEREST NOW OWNED OR HEREAFTER ACQUIRED IS HEREBY ACCEPTED AS COLLATERAL FOR SECURING CONTRACTUAL OBLIGATIONS IN OF THE SECURED PARTY AS DETAILED IN A TRUE, CORRECT, COMPLETE, SECURITY AGREEMENT NO.CDW100661. ALL OF DEBTORS ASSETS, THEIR SIGNATURE, REAL ESTATE, LAND, BANK ACCOUNTS, DNA, BIRTH CERTIFICATE, BONDS SECURITIES, LAWFUL MONEY, NOTES, DEBT INSTRUMENTS, FINGERPRINTS, CRYPTOCURRENCY WALLETS, TRADEMARKS, PATENTS, THEIR LIKENESS, BUSINESSES, TRUSTS, AND PERSONAL PROPERTY, AND ALL OF DEBTORS INTEREST IN SAID ASSETS, LAND AND PERSONAL PROPERTY, NOW OWNED AND HEREAFTER ACQUIRED, NOW EXISTING AND HEREAFTER ARISING AND WHEREVER LOCATED, DESCRIBED FULLY IN SECURITY AGREEMENT NO.CDW100661. INQUIRING PARTIES MAY CONSULT DIRECTLY WITH THE DEBTOR TO ASCERTAIN IN DETAIL, THE FINANCIAL RELATIONSHIP AND CONTRACTUAL OBLIGATIONS ASSOCIATED WITH THIS COMMERCIAL TRANSACTION, IDENTIFIED IN THE SECURITY AGREEMENT REFERENCE ABOVE. ------ AFFIDAVIT OF TRUTHS AND POWER OF ATTORNEY IN FACT HAS BEEN NOTICED TO SECRETARY OF STATE, DEPARTMENT OF TREASURY, IRS, PROBATE, AND COUNTY. ADJUSTMENT OF THIS FILING IS IN ACCORD WITH HOUSE JOINT RESOLUTION HJR 192 OF JUNE 5TH 1933 AND UCC1-103 AND 10-104. SECURED PARTY ACCEPTS DEBTOR SIGNATURE IN ACCORD WITH UCC1-201(39), 3-401.

5. Check only if applicable and check only one box: Collateral is ☑ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box:<br>☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility | 6b. Check only if applicable and check only one box:<br>☐ Agricultural Lien ☐ Non-UCC Filing |
|---|---|

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☑ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

---

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER** (optional)<br>Kevin Lewis Walker  310-923-8521 | |
| **B. E-MAIL CONTACT AT FILER** (optional)<br>kevinlwalker@me.com | |
| **C. SEND ACKNOWLEDGMENT TO:** (Name and Address)<br>KEVIN LEWIS WALKER<br>c/o 41593 Winchester Road, Suite 200<br>Temecula, CA 92590, USA | |

| Filed in the Office of | Filing Number |
|---|---|
| F. Aguilar | **2024425487-2** |
| | Initial Filing Number |
| | **2024385942-1** |
| Secretary of State | Filed On |
| State Of Nevada | **August 31, 2024 10:28 AM** |
| | Number of Pages |
| | **2** |

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER<br>**2024385942-1** | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]<br>(or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum(Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|

**2. ☐ TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3. ☐ ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4. ☐ CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5. ☐ PARTY INFORMATION CHANGE:**

Check one of these two boxes:                AND Check one of these three boxes to:

☐ This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b, and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:**   Complete for Party Information Change - provide only one name (6a or 6b)

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S SURNAME | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8. ☑ COLLATERAL CHANGE: Also check one of these four boxes:** ☑ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral

Indicate collateral:

**THIS IS AN AMENDMENT TO THE ORIGINAL ENTRY TO THE SECURED PARTY IN THE COMMERCIAL TO UCC-1 FILE NO. 2024385942-1, BIRTH CERTIFICATE STATE FILE NUMBER 61-279052 AND BIRTH CERTIFICATE LOCAL REGISTRATION DISTRICT AND CERTIFICATE # 701950564 AND THROUGH PRIVATE OFFSET ACCOUNT NUMBER F79127672 AS HEREIN REGISTERED TO CORRECT THE FILING AS TO ACCEPTANCE FOR VALUE/LIEN ON THE COLLATERAL NOTE/SECURITY FOR LOAN/ACCOUNT # 0483188942, FOR THE ORIGINAL SAID SUM OF $255,000.00, AND THE DEED OF TRUST, DATED JULY 5, 2007, DOCUMENT NO.: 2007-0462946 OF OFFICIAL RECORDS IN THE RECORDER OF RIVERSIDE COUNTY, CALIFORNIA, ONE (1) BILL OF EXCHANGE/INSTRUMENT FOR $242,000.00 USD, INSTRUMENT(S) ACCEPTED FOR VALUE WITH HONOR FOR $241,000.00 USD, TENDERED VIA**

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| OR | 9a. ORGANIZATION'S NAME<br>™COREY DELFOND WALKER© ESTATE | | | |
|---|---|---|---|---|
| | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

# UCC FINANCING STATEMENT **AMENDMENT ADDENDUM**
FOLLOW INSTRUCTIONS

**11. INITIAL FINANCING STATEMENT FILE NUMBER:** Same as item 1a on Amendment form
2024385942-1

**12. NAME OF PARTY AUTHORIZING THIS AMENDMENT:** Same as item 9 on Amendment form

| | |
|---|---|
| | **12a. ORGANIZATION'S NAME**<br>™COREY DELFOND WALKER© ESTATE |
| **OR** | **12b. INDIVIDUAL'S SURNAME** |
| | FIRST PERSONAL NAME |
| | ADDITIONAL NAME(S)/INITIAL(S) · SUFFIX |

**13. Name of DEBTOR on related financing statement** (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| | |
|---|---|
| | **13a. ORGANIZATION NAME** |
| **OR** | **13b. INDIVIDUAL'S SURNAME** · FIRST PERSONAL NAME · ADDITIONAL NAME(S)/INITIAL(S) · SUFFIX |

**14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):**

CERTIFIED MAIL # 9589071052701127827712, TO FIDUCIARY WELLS FARGO FOR LOAN/ACCOUNT # 0483188942. ORIGINAL LETTER(S) OF CREDIT, NOTICE OF PREAUTHORIZED USE OF CREDIT FOR $242,000.00 USD AND $241,000.00 USD DEPOSITED TO PRIVATE POST REGISTERED ACCOUNT # RF 661 448 045 US, WITH U.S. TREASURY VIA REGISTERED MAIL # RF661590143US. SECURITIZED/COLLATERALZED BY PRIVATE POST REGISTERED TWO HUNDRED BILLION DOLLAR ($200,000,000,000.00) PRIVATE POST REGISTERED BOND # RF661448540US, AND ALL ASSETS, SECURITIES, LETTERS OF CREDIT, NOTES, DEEDS, APPLICATIONS, BONDS, INSTRUMENTS, OR OTHER ASSETS ARE ACCEPTED FOR VALUE AND LIEN'ED. SAID REGISTRATION IS TO SECURE THE RIGHTS TO TITLE(S) AND INTEREST IN THE/ALL COLLATERAL. ADJUSTMENT IS PURVIEW OF PUBLIC HJR-192 OF JUNE 5 1933, PUBLIC LAW 73-10, GOLD RESERVE ACT OF 1934, PUBLIC LAW 73-87, TITLE III, SECTION 3, HOUSE JOINT RESOLUTION 348 PUBLIC RESOLUTION, NUMBER 63, FEDERAL RESERVE ACT, 12 USC 411, 18 USC 8, USC TITLE 26, 31 USC 3123, UCC 3-311, 3-419, 3-104, 3-603, 3-402, 9-105, 1-104, 9-509. ISSUED WITH ORIGINAL ISSUE DISCOUNT (OID).

**15. This FINANCING STATEMENT AMENDMENT:**
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

**16. Name and address of a RECORD OWNER of real estate described in item 17** (if Debtor does not have a record interest):

**17. Description of real estate:**

**18. MISCELLANEOUS:**

# -Exhibit K-

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

UDCO2500416: FAN vs LWY RIDERS LLC, A CORPORATION
Unlawful Detainer
Limited Civil Unlawful Detainer
Corona Courthouse Department C1
Status: Closed

| Date | Action |
|------|--------|
| 04/24/2025 | Notice of Document Quality Assurance |
| 04/28/2025 | Notice of Removal to Federal Court |
| 04/28/2025 | Verified Emergency Notice of State Court Violation of Removal Stay and Demand for Enforcement<br>Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 04/28/2025 | Verified Emergency Demand and Motion to Enforce Removal Stay and Request for Temporary Restraining Order on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN<br>Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 04/28/2025 | Notice of Removal to Federal Court |
| 04/28/2025 | Notice of Document Return. |
| 04/29/2025 | Payment: $1.85,  US Legal PRO, for LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, Receipt: EFM20250429-02843 |
| 04/29/2025 | Notice of Hearing (eFiling) on Motion re: on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN |
| 04/29/2025 | Payment: $60.00,  US Legal PRO, for LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, Receipt: EFM20250429-03055 |
| 04/29/2025 | Payment: $1.85,  US Legal PRO, for LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, Receipt: EFM20250429-03055 |
| 05/01/2025 | Verified Emergency Demand and Motion to Enforce Removal Stay, Verified Emergency Notice of State Court Violation on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN |
| 05/01/2025 | Exhibit List |
| 05/01/2025 | Judgment - Unlawful Detainer<br>After Court Trial: Court Finding<br>Against / As To: KAI FAN |
| 05/01/2025 | Minute Order: Court Trial - Unlawful Detainer on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN KAI |

PAGE: 4

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

UDCO2500416: FAN vs LWY RIDERS LLC, A CORPORATION
Unlawful Detainer
Limited Civil Unlawful Detainer
Corona Courthouse Department C1
Status: Closed

| Date | Action |
|------|--------|
| | FAN, LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, UNKNOWN OCCUPANT |
| 05/01/2025 | Amended Minute Order: Court Trial - Unlawful Detainer on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN KAI FAN, LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, UNKNOWN OCCUPANT |
| 05/01/2025 | Amended Minute Order: Court Trial - Unlawful Detainer on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN KAI FAN, LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, UNKNOWN OCCUPANT |
| 05/01/2025 | Court Trial - Unlawful Detainer on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN KAI FAN, LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, UNKNOWN OCCUPANT at 1:00 PM in Department C1 |

Honorable Tamara L. Wagner, Commissioner
R. Zulauf, Courtroom Assistant
Court Reporter: None
APPEARANCES:
KAI FAN is present In Person, represented by PRO PER
No appearance made by or for LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST.
Minute order is Amended Nunc Pro Tunc, see minute order dated 05/22/25.
Certified Interpreter Lei Arellano is present and sworn to interpret Mandarin for Kai Fan. Sworn oath on file. Certification or registration number has been validated and identification has been verified by badge issued by Judicial Council. The interpreter's certification or registration number is 301878.
Parties sworn en masse.
All parties stipulate to Commissioner.
At 01:38 PM, the following proceedings were held:
Argument presented by Plaintiff.
Exhibit List 01 will be created
Exhibit Number 1 added as Trustee's Deed Upon Sale of type Document with a status of Marked and Admitted submitted by the Plaintiff
Exhibit Number 2 added as Title Report of type Document with a status of Marked and Admitted submitted by the Plaintiff

PAGE: 5

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

UDCO2500416: FAN vs LWY RIDERS LLC, A CORPORATION
Unlawful Detainer
Limited Civil Unlawful Detainer
Corona Courthouse Department C1
Status: Closed

| Date | Action |
|------|--------|
| | Exhibit Number 3 added as Three-Day Notice to Quite Due to Foreclosure of type Document with a status of Marked and Admitted submitted by the Plaintiff |
| | Exhibit Number 4 added as Declaration of Service of Notice to Tenant of type Document with a status of Marked and Admitted submitted by the Plaintiff |
| | Exhibit Number 5 added as copy of cashier's check from purchase of property of type Document with a status of Marked and Admitted submitted by the Plaintiff |
| | Exhibit List 01 will be closed |
| | Plaintiff rest(s). |
| | Court makes the following order(s): |
| | Judgment on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN for KAI FAN against LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, UNKNOWN OCCUPANT for total amount of $5,880.00, which includes principal: $0.00, interest: $0.00, attorney fees: $0.00, costs: $380.00, damages: $5,500.00, other: $0.00 and for possession of: 12232 Brianwood Dr. Riverside, CA 92503. |
| | KAI FAN to be restored to the possession of the property. |
| | Lease agreement forfeited. |
| | Judgment signed in court. |
| | Writ to issue forthwith. |
| | Proceeding electronically recorded. |
| 05/01/2025 | Notice of Document Return. |
| 05/01/2025 | Certificate of Electronic Recording Monitor CRC 2.952(d) |
| 05/02/2025 | Declaration in Support of issuance of Writ of Possession (RI-CI002) on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN |
| 05/02/2025 | Writ of Possession Issued County: Riverside |
| 05/02/2025 | Payment: $40.00,  KAI FAN, for FAN, KAI, Receipt: 20250502-00946 |
| 05/05/2025 | Notice of Remand from Federal Court on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN |

PAGE: 6

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

UDCO2500416: FAN vs LWY RIDERS LLC, A CORPORATION
Unlawful Detainer
Limited Civil Unlawful Detainer
Corona Courthouse Department C1
Status: Closed

| Date | Action |
|------|--------|
| 05/12/2025 | Writ of Possession Returned for County of Unsatisfied County: Riverside |
| 05/12/2025 | Writ of Possession Issued County: Riverside |
| 05/12/2025 | Payment: $40.00,  KAI FAN, for FAN, KAI, Receipt: 20250512-00295 |
| 05/20/2025 | Receipt for Exhibits |
| 05/21/2025 | Verified Emergency motion and demand to dismiss unlawful detainer for lack of jurisdiction, Stay execution of writ of possession, and request for temporary restraining order pending resolution of quiet title action (case no CVRI2502206) on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN<br>Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 05/22/2025 | Notice of Related Case<br>Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 05/22/2025 | Verified Declaration of Irreparable Harm<br>Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 05/22/2025 | Verified Declaration of Notice of Ex Parte Application Given to Purported Plaintiffs<br>Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 05/22/2025 | Proposed Order re: Granting Ex Parte Application for Dismissal of Unlawful Detainer, Stay of Writ of Possession, and Temporary Restraining Order on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN |
| 05/22/2025 | Verified Ex Parte Application for Dismissal of Unlawful Detainer, Immediate stay of Writ of Possession, and Temporary Restraining Order Based on Verified Emergency Motion to Dismiss for Lack of Jurisdiction, Unrebutted Perfected Record, and Pending Quiet T Dismissal of Unlawful Detainer, Immediate Stay of Writ of Possession, and Temporary Restraining Order Based on Verified Emergency Motion to Dismiss for Lack of Jurisdiction, Unrebutted Perfected Record, and Pending Quiet Title Action on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN<br>Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 05/22/2025 | Ex parte packet on Complaint for Unlawful Detainer - Residential ($10,000 and Under) of KAI FAN |

PAGE: 7

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

UDCO2500416: FAN vs LWY RIDERS LLC, A CORPORATION
Unlawful Detainer
Limited Civil Unlawful Detainer
Corona Courthouse Department C1
Status: Closed

| Date | Action |
|------|--------|
| | Filed By: LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST |
| 05/22/2025 | Payment: $20.00, NEW BEGINNINGS TRUST, TRUST, for NEW BEGINNINGS TRUST, TRUST, Receipt: 175524536071-1 |
| 05/22/2025 | Payment: $60.00, US Legal PRO, for LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, Receipt: EFM20250522-00253 |
| 05/22/2025 | Payment: $1.85, US Legal PRO, for LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, Receipt: EFM20250522-00253 |
| 05/22/2025 | An interpreter has been requested for KAI FAN. Language: Mandarin Hearing: 05/23/2025 8:30 AM Ex Parte Hearing re: (Ex Parte to Dismiss UD, Stay Writ, TRO Due to Title Case & No Jurisdiction) in Department C1 |
| 05/22/2025 | Payment: $60.00, LWY RIDERS LLC, A CORPORATION, for LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST, Receipt: 20250522-00706 |
| 05/22/2025 | Ex Parte Hearing re: Ex Parte to Dismiss UD, Stay Writ, TRO Due to Title Case & No Jurisdiction by LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST at 1:00 PM in Department C1 |
| 05/22/2025 | Notice of Document Return. |
| 05/22/2025 | Minute Order: Court on its Own Motion |
| 05/22/2025 | Court on its Own Motion at 3:59 PM in Department C1 Honorable Tamara L. Wagner, Commissioner R. Zulauf, Courtroom Assistant Court Reporter: None APPEARANCES: No Appearances Court has read and considered Verified Emergency Motion and Demand to Dismiss Unlawful Detainer for Lack of Jurisdiction, Stay of Execution of Writ of Possession, and Request for Temporary Restraining Order. Court makes the following order(s): Motion for Verified Emergency Motion and Demand to Dismiss Unlawful Detainer for Lack of Jurisdiction, Stay of Execution of Writ of Possession, and Request for Temporary Restraining Order denied. Motion is not proper. Ex Parte Hearing re: (Ex Parte to Dismiss UD, Stay Writ, TRO Due to |

PAGE: 8

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

UDCO2500416: FAN vs LWY RIDERS LLC, A CORPORATION
Unlawful Detainer
Limited Civil Unlawful Detainer
Corona Courthouse Department C1
Status: Closed

| Date | Action |
|------|--------|
| | Title Case &amp; No Jurisdiction) on 05/23/2025 at 08:30 AM vacated. Plaintiff given telephonic notice of Court's ruling and informed appearance would not be necessary. Clerk is unable to give telephonic notice of Court's ruling to Defendants as there is no phone number listed on Defendants' pleadings. Notice to be given by Clerk to KAI FAN, LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST. Minute entry completed. |
| 05/22/2025 | Certificate of Mailing |
| 05/22/2025 | Minute Order: Court on its Own Motion |
| 05/22/2025 | Court on its Own Motion at 4:16 PM in Department C1 Honorable Tamara L. Wagner, Commissioner Courtroom Assistant: None Court Reporter: None APPEARANCES: No Appearances Court has read and considered Verified Ex Parte Application for Dismissal of Unlawful Detainer, Immediate Stay of Writ of Possession, and Temporary Restraining Order. Court makes the following order(s): Motion for Verified Ex Parte Application for Dismissal of Unlawful Detainer, Immediate Stay of Writ of Possession, and Temporary Restraining Order denied. Ex Parte Hearing re: on 05/23/2025 at 08:30 AM vacated. Plaintiff given telephonic notice of Court's ruling and informed appearance would not be necessary. Clerk is unable to give telephonic notice of Court's ruling to Defendants as there is no phone number listed on Defendants' pleadings. Notice to be given by Clerk to KAI FAN, LWY RIDERS LLC, A CORPORATION, NEW BEGINNINGS TRUST, TRUST. Minute entry completed. |
| 05/22/2025 | Certificate of Mailing |

PAGE: 9

Superior Court of California, County of Riverside

Register of Actions

www.riverside.courts.ca.gov

UDCO2500416: FAN vs LWY RIDERS LLC, A CORPORATION

Unlawful Detainer

Limited Civil Unlawful Detainer

Corona Courthouse Department C1

Status: Closed

| Date | Action |
|------|--------|
| 05/22/2025 | Minute Order: Nunc Pro Tunc Hearing |
| 05/22/2025 | Nunc Pro Tunc Hearing at 5:04 PM in Department C1 |
| | Honorable Tamara L. Wagner, Commissioner |
| | R. Zulauf, Courtroom Assistant |
| | Court Reporter: None |
| | APPEARANCES: |
| | No Appearances |
| | The Court finds that the minute order dated 05/01/25 does not |
| | correctly/clearly reflect the Court order and orders it corrected |
| | Nunc Pro Tunc to reflect: |
| | The Court finds the judgment entered on 5/1/25 was not a default |
| | judgment, it was an uncontested prove up judgment for trial. |
| | Strike: Matter proceeds as default hearing. |
| | Notice to be given by Clerk to LWY RIDERS LLC, A CORPORATION, NEW |
| | BEGINNINGS TRUST, TRUST, KAI FAN. |
| | Nunc Pro Tunc Hearing concluded. |
| 05/22/2025 | Certificate of Mailing |
| 05/23/2025 | Ex Parte Hearing re: Ex Parte to Dismiss UD, Stay Writ, TRO Due to Title Case & No Jurisdiction at 8:30 AM in Department C1 |
| 05/23/2025 | Verified Ex Parte Application for Dismissal of Unlawful Detainer, Immediate stay of Writ of Possession, and Temporary Restraining Order Based on Verified Emergency Motion to Dismiss for Lack of Jurisdiction,Unrebutted Perfected Record, and Pending Quiet T at 8:30 AM in Department C1 |
| 05/27/2025 | Verified Emergency Demand and Motion to Enforce Removal Stay and Request for Temporary Restraining Order at 1:00 PM in Department C1 |

PAGE: 10

-Exhibit L-

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**MAY 06 2025**

C. Flores

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Kai Fan; and All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in this Complaint Adverse to Plaintiffs' Title, or Any Cloud Upon Plaintiffs' Title Thereto

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kevin Walker and Corey Walker

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* 4050 MAIN STREET
RIVERSIDE, CA 92501

CASE NUMBER:
*(Número del Caso):* CVRI2502006
CVRI2500501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
@Kevin Walker, Kevin Peller    405 251   710 903-8521
c/o 30550 Rancho California 21
TEMECULA, CA 92591

DATE: 2025
*(Fecha)* 5/06/85

Clerk, by **C. Flores**, Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Page 152 of 230

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*
Corey Walker and Kevin Walker
c/o 30650 Rancho California Road #406-251, Temecula, California (92591)

TELEPHONE NO (310) 923-8521                     FAX NO
EMAIL ADDRESS team@walkernovagroup.com
ATTORNEY FOR *(Name)*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS 4050 Main Street
MAILING ADDRESS
CITY AND ZIP CODE Riverside, California (92501)
BRANCH NAME RIVERSIDE

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 06 2025

C. Flores *(signature)*

CASE NAME: Walker vs. Fan

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $35,000) ☒ Limited (Amount demanded is $35,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI2500564 ~~CVRI2502206~~  JUDGE  DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☒ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☐ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 1
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/24/2025
Corey Walker, Secured Party/Real Party In Interest
(TYPE OR PRINT NAME)

► *(signature)* Corey David Walker UCC 1-308 3.902
All rights reserved
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
without recourse

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3 220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2 30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10

Registered Mail #RF775821057US — Dated: April 24, 2025

1  Corey Walker
2  Kevin Walker
3  C/o 30650 Rancho California Road # 406-251
   Temecula, California [92591]
4  non-domestic *without* the United States
   Email: team@walkernovagroup.com
5
6  *Plaintiffs/Real Parties In Interest/ Secured Parties,*
   *Injured Parties*
7



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 06 2025
*C. Flores*

8
9
                    **SUPERIOR COURT OF CALIFORNIA**
                    **COUNTY OF RIVERSIDE** CVR12502206
10
11  **Corey Walker and Kevin Walker,**          Case No. ~~CVR1250056~~
                                                ~~1~~
12    *Plaintiffs/Real Parties In Interest/ Secured*
      *Parties/Injured Parties*                 **VERIFIED** COMPLAINT TO QUIET
13                                              TITLE
         *vs.*
14
15  **Kai Fan; and All Persons Unknown**
    **Claiming Any Legal or Equitable Right,**
16  **Title, Estate, Lien, or Interest in the**
    **Property Described in this Complaint**
17  **Adverse to Plaintiffs' Title, or Any Cloud**
    **Upon Plaintiffs' Title Thereto,**
         *Defendants.*
18
19
20
    _____
21        **VERIFIED COMPLAINT TO QUIET TITLE**
22  COMES NOW, **Kevin Walker** and **Corey Walker** (hereinafter "Plaintiffs" and/or
23  "Secured Parties" and/or "Real Parties in Interest"), proceeding *sui juris*, **not pro**
24  **se,** in **private capacity,** and by *Special Limited Appearance* (not generally),
25  expressly without waiver of any rights, immunities, or protections, and asserting
26  vested equitable, possessory, and beneficial and *perfected* security interests in the
27  property lawfully held by the **NEW BEGINNINGS TRUST** and **LWY RIDERS**
28  LLC, pursuant to principles of equity, trust law, and constitutional due process.

Registered Mail #RF775821057US — Dated: April 24, 2025

1  Plaintiffs Invoke their inherent constitutionally **secured** and **protected** rights and

2  exercising the authority granted by executed '**Affidavit: Power of Attorney In Fact'**

3  (attached hereto as **Exhibit A**), and the Trust Certification of NEW BEGINNINGS

4  TRUST.

5  The Plaintiffs, proceeding *sui juris* act in accordance with their **inherent and**

6  *unalienable* right to contract, as secured and protected by the **Constitution of the**

7  **united states of America,** particularly **Article I, Section 10,** which provides: "*No*

8  *State shall... pass any Law impairing the Obligation of Contracts.*"

9  Plaintiffs, by *Special Limited Appearance* (**not** generally), assert vested **equitable**,

10  **possessory, beneficial, and *perfected* secured interests** related to property lawfully

11  held in trust, and are empowered under their private capacity to initiate and

12  maintain legal actions necessary to protect, preserve, and enforce said equitable and

13  secured interests.

14  Plaintiffs invoke the equitable maxim that "***Equity regards the beneficiary as the***

15  ***true owner of the trust property,***" and seek relief accordingly under this Court's

16  inherent jurisdiction in equity.

17  Plaintiffs expressly reserve all rights, remedies, immunities, and protections,

18  including but not limited to their right to equitable relief under the Constitution,

19  the common law, and the Uniform Commercial Code. Plaintiffs do not waive, offer,

20  or transfer any exemption, discharge right, or secured position.

21  Plaintiffs invoke the maxim that "*Equity will not suffer a wrong without a remedy,*" and

22  seek protection, redress, and enforcement of their perfected claims and lawful title

23  in a forum of competent and impartial equity. Any presumption of adhesion,

24  compelled commercial performance, or joinder to corporate/statutory jurisdiction

25  is expressly rebutted and conditionally declined

26  ## I. JURISDICTION AND VENUE

27  This Court has jurisdiction because this action seeks to quiet title to real property

28  situated in Riverside County, California.

Registered Mail #RF775821057US — Dated: April 24, 2025

1　Plaintiffs further invoke the Court's *exclusive* **equitable jurisdiction** pursuant to

2　the **common law of California** and the **foundational principles of trust equity**, as

3　preserved under the **Constitution** and **not abrogated by statute**. This action arises

4　not only under the statutory procedures for quiet title set forth in **California Code**

5　**of Civil Procedure § 760.010 et seq.,** but also under the Court's inherent authority

6　in **common law equity** to adjudicate matters involving **fraud, breach of trust,**

7　**perfected security interests**, and *unrebutted* **commercial affidavits and contracts**.

8　In all matters involving trusts, fraud, or equitable ownership, it is a settled principle

9　that equity shall prevail where legal remedies are inadequate or unavailable.

## II. PROPERTY DESCRIPTION

10

11　The real property subject to this action, held as private trust property, is

12　located at:

13　　　**12232 Brianwood Drive, Riverside, California**

14　　　Assessor's Parcel No. (APN): **270-400-037**

15　　　Legal description: Lot 13 of Tract No. 29386-1, as shown by Map ("Map") on

16　　　file in Book 315, Pages 16 through 23, inclusive, of Maps, in the office of the

17　　　Riverside County Recorder.

## III. PARTIES

18

19　　1. Plaintiffs **Corey Walker** and **Kevin Walker** are each a private man and an

20　authorized representative, secured party, and real party in interest, asserting legal,

21　equitable, and commercial claims related to the property located at **12232**

22　**Briarwood Drive, Riverside, California** (APN: 270-400-037). Plaintiffs are asserting

23　these claims in their private capacity as vested beneficiaries and lawful agents with

24　standing to act for and protect the trust-held property interest.

25　　2.Plaintiffs each are **not** a "citizen of the United States" or of the federal State of

26　California. Plaintiffs each are a **national and State Citizen of the California**

27　**Republic**, a **non-citizen national** as defined under **8 U.S.C. § 1101(a)(21)–(22)(B)**,

28　and **not subject to the Fourteenth Amendment federal franchise**.

VERIFIED COMPLAINT TO QUIET TITLE

Registered Mail #RF775821057US — Dated: April 24, 2025

3.Specifically, **Kevin Walker** and **Corey Walker**, each in private capacity, declare that they are **not** "United States citizens" subject to its jurisdiction. The "United States" is a corporate and statutory entity created by the U.S. Constitution with jurisdiction limited to its delegated authority. Plaintiffs are **not** "residents" of, inhabitants of, franchises of, subjects of, wards of, property of, chattel of, or subject to the jurisdiction of any corporate federal government, corporate state government, corporate county government, corporate city government, or any corporate municipal body politic created under the authority of the U.S. Constitution. Plaintiffs are **not subject to any legislation, department, or agency** created by such authorities, nor to the jurisdiction of any employees, officers, or agents deriving their authority therefrom.

4. Further, Plaintiffs are **not** subject to the administrative and legislative **Article IV courts** of the several states, nor to the **Article I courts** of the United States, and are not bound by the precedents of such tribunals, which derive their limited authority from corporate legislative jurisdiction and not from the original Constitution for the United States of America, nor from the common law or equity jurisdiction applicable to the living man

5.Plaintiffs' legal and equitable interest in the subject property is evidenced by the duly recorded Grant Deed, specifically:

6.**Grant Deed Doc. #2024-0036701 (File No.: 35198 CM)**, recorded in the Official Records of Riverside County on or about **February 8, 2024**.

7.Plaintiffs' perfected security interest is further established through the filing of a **UCC-1 Financing Statement (File #2024385942-1)** on **February 13, 2024**, and a **UCC-3 Amendment (File #2024425487-2)** on **August 21, 2024**, with the **Nevada Secretary of State**, which collectively secure Plaintiffs' interest in the subject real property and the underlying deed of trust instrument.

8.**Defendant Kai Fan** is an individual who, without legal authority, threatened and attempted to coerce Plaintiff, and falsely claimed ownership under color of a

-4 of 23-

Registered Mail #RF775821057US — Dated: April 24, 2025

1  void instrument. Defendant is further engaged in **fraud, extortion, coercion, and**
2  **the willful and intentional deprivation of rights under color of law**, as evidenced
3  by the ***unrebutted*** **Affidavits, Contracts, and Notices (Exhibits E, F, G, and H)**, and
4  remains in dishonor. As such, there is **estoppel by acquiescence**, and all issues are
5  deemed **settled and closed in Plaintiffs' favor by operation of law and res**
6  **judicata.**

7  <center>**IV. STANDING**</center>
8  Plaintiffs affirm their lawful standing, as conclusively established, acknowledged,
9  and admitted by Defendants through failure to rebut the Plaintiffs' duly served and
10  verified affidavits, contracts, and security agreements, all of which now stand as
11  self-executing instruments by operation of law:

12  1.  Plaintiffs are the duly authorized **master beneficiaries, secured parties,**
13     **executors, trustees,** and/or **fiduciaries** of the subject property, and are also
14     recognized as **holders in due course** of all associated assets, both *tangible and*
15     *intangible.*
16  2.  Plaintiffs are **<u>undisputedly</u>** the **Creditor(s).**
17  3.  The Plaintiffs have explicitly reserved **<u>all</u>** of their rights, also in accordance with
18     U.C.C. § 1-308, **and waive <u>none</u>**.
19  4.  Plaintiffs alone <u>undisputedly</u> have exclusive, sole, absolute, and complete
20     **'standing'.**
21  5.  The Defendant is **the <u>DEBTOR</u>** in this matter.
22  6.  The Defendant is **<u>NOT</u>** the CREDITOR, or an ASSIGNEE of the CREDITOR, in
23     this matter.
24  7.  The Defendant does **<u>NOT</u>** have power of attorney in any way.
25  8.  The Defendant in this matter does **<u>NOT</u>** have **any** valid interest or standing.
26  9.  The Defendant in this matter does **<u>NOT</u>** have a valid claim to the **'Property'**
27     12232 Brianwood Drive, Riverside, California,' and described as follows: Lot 13
28     of Tract No. 29386-1, as shown by Map ("Map") on file in Book 315, Pages 16

Registered Mail #RF775821057US — Dated: April 24, 2025

through 23, inclusive, of Maps, in the office of the Riverside County Recorder), or any of the respective Assets, registered and unregistered, tangible and intangible.

10. Accordingly, **Plaintiffs maintain exclusive and sole standing** in relation to said assets and their interests, as duly recorded and affirmed by these filings.

11. **Plaintiffs' standing** is further affirmed and evidenced by the **GRANT DEED** recorded in Official Records County of Riverside, Doc. #2024-0036701, File No.: 35198 CM, where the private trust property is titled to 'New Beginnings Trust, dated January 1, 2024'. See **Exhibit B.**

## V. PLAINTIFFS' TITLE

1. Plaintiffs are the lawful beneficiaries and equitable title holders of the subject property by virtue of a recorded **GRANT DEED**, Doc. #2024-0036701, File No.: 35198 CM, dated February 8, 2024, vesting legal title in 'NEW BEGINNINGS TRUST'. **(See Exhibit B)**

2. Plaintiffs have lawfully **secured and *perfected*** their rights, title, and interest in the property by filing **UCC-1 Financing Statement** and **Notice #2024385942-1** and **UCC-3 Amendment** and **Notice #2024425487-2** with the Secretary of State of Nevada. These filings establish and provide public notice of Plaintiffs' enforceable security interest and perfected claim under the Uniform Commercial Code, thereby reinforcing their status as secured parties with both **equitable and legal standing** in relation to the subject property. (See **Exhibits C and D**)

## VI. Statement of Facts – Chain of Title, Security Interest, and Void *ab Initio* TRUSTEE'S DEED UPON SALE

1. The Defendant remains in dishonor and default as evidenced by the *unrebutted* affidavits and contract and security agreements (Exhibits E, F, G, and H), and the Defendant is **presumed** in dishonor.

2. Plaintiffs are the undisputed Real Parties in Interest, Creditors, and Holders in Due Course under U.C.C. §§ 3-302 and 3-306, possessing lawful

-6 of 23-

VERIFIED COMPLAINT TO QUIET TITLE

Registered Mail #RF775821057US — Dated: April 24, 2025

1   claim over all assets—registered and unregistered, tangible and intangible
2   —and holding allodial title to the subject property. This standing is
3   evidenced by the following UCC filings with the Nevada Secretary of
4   State: UCC-1 filing ##**2024385942-1**, and UCC-3 Amendment
5   #2024425487-2. (See **Exhibits C and D**).

6   3. As established and evidenced by the perfected UCC filings, the **Deed of Trust**
7      and the underlying **Note/Negotiable Instrument** have been lawfully **accepted,**
8      **securitized, and discharged** in accordance with applicable commercial law. Any
9      alleged obligation has been fully extinguished by operation of law, and no
10     lawful debt remains.

11  4. The public filing of said instruments evidences Plaintiffs' lawful right to
12     the property as secured party creditors, enforceable against all third
13     parties, including trustees, lenders, "servicers," and purported
14     beneficiaries.

15  5. Plaintiffs, having fulfilled all relevant obligations and lawfully perfected their
16     interest as secured parties, now hold a **superior, enforceable, and exclusive**
17     **claim** to the subject property, free and clear of any adverse or competing claims.
18     Their perfected legal and equitable interest is a matter of public record and
19     remains unchallenged.

20  6. On **August 06, 2007, AT 8:00AM**, a **RECONVEYANCE** (Doc. #2007-0505537)
21     was recorded for **APN: 270-400-037**.

22  7. On **October 24, 2018**, a **QUITCLAIM DEED** (Doc. #2018-0420743) was recorded
23     for **APN: 270-400-037**.

24  8. On **February 8, 2024**, a **GRANT DEED** (Doc. #2024-0036701, File No.: 35198 CM)
25     was recorded in the **Official Records of Riverside County** for **APN:**
26     **270-400-037**. (See Exhibit B)

27  9. On **February 13, 2024**, a **UCC-1 Financing Statement** and **Notice #2024385942-1**
28     were properly filed. (See Exhibit B.)

-7 of 23-

Registered Mail #RF775821057US — Dated: April 24, 2025

10. On **August 21, 2024**, a **UCC-3 Amendment** and **Notice #2024425487-2** were properly filed. (See Exhibit C.)

11. On **March 12, 2025**, a fraudulent **'TRUSTEE'S DEED UPON SALE'** (Doc. #2025-0072306) was recorded. This deed is **<u>*void ab initio*</u>**, as the individual executing the **purported** transfer or sale **lacked lawful title and legal authority** to do so.

12. **No transfer or assignment of title** has occurred since the recording of **GRANT DEED #2024-0036701 on February 8, 2024.**

13. Any **'TRUSTEE'S DEED UPON SALE'** — including, but not limited to, a **'TRUSTEE'S DEED UPON SALE' (Doc. #2025-0072306)** — presently in the **Plaintiff's possession** constitutes a **product of fraud** and is therefore **null and void ab initio**, having absolutely no legal force or effect.

14. The private trust property remains trust property and is the property of an irrevocable, non-statutory trust.

12. Defendants are **undisputedly** the *Real Party(ies) in Interest*, **Creditor(s)**, and Holder(s) in Due Course, in accordance with § 3-302 of the U.C.C. (Uniform Commercial Code), of all assets, registered and unregistered, tangible and intangible, and hold *allodial* title to all assets. This is further evidenced by the following UCC filings, all duly filed in the Office of the Secretary of State, State of Nevada: **UCC1 filing and NOTICE** #2024385942-1 and **UCC3 filing and NOTICE** #2024425487-2 (**Exhibits C and D**).

13. Each Affidavit and Contract and Security Agreement was delivered via Registered Mail, with **Form 3811** signed as confirmation of receipt by the Plaintiff (See **Exhibits I, J, K, and L**).

14. The Plaintiff has admitted to all facts stated herein through **silent acquiescence, tacit agreement, and tacit procuration**, as evidenced by the Affidavit and Contract and Security Agreements (Exhibits E, F, G, and H).

VERIFIED COMPLAINT TO QUIET TITLE

Registered Mail #RF775821057US — Dated: April 24, 2025

15. Exhibits E, F, G, and H constitute *prima facie* **evidence** of the Plaintiff's fraud, extortion, coercion, deprivation of rights under color of law, conspiracy to deprive rights under color of law, and the resulting injury, damage, and harm to the Defendants.

16. The Plaintiff remains in **dishonor and default,** as **evidenced** by the *unrebutted* affidavits and the binding contract and security agreements (Exhibits E, F, G, and H).

17. All are equal under the law; **ignorance is no excuse.** He who abandons the battlefield concedes by default, and **silence is acquiescence**.

18. As evidenced by the unrebutted affidavits, the Plaintiffs have acknowledged the facts stated herein. Consequently, all issues are deemed settled under **res judicata, stare decisis, and collateral estoppel**, and are barred from further dispute

15. The **private trust property** *remains* **private trust property** and is the property of an **irrevocable,** *non*-statutory trust.

16. No judicial foreclosure or court order authorized the sale. Any non-judicial attempt to extinguish Plaintiffs' equitable title without due process is constitutionally defective and void.

## VII. PLAINTIFFS' *EXCLUSIVE* RIGHT TO EQUITY AND TRUE OWNERSHIP OF PRIVATE TRUST PROPERTY

1. **Exclusive Right to Equity:**

   The Plaintiffs hold the exclusive right to equity in the private trust property as the sole beneficiaries and equitable title holders. **"Equity regards the beneficiary as the true owner."** (Jus accrescendi inter mercatores locum non habet – The right of survivorship has no place among merchants.) No party may claim a superior interest absent a lawful and valid contract knowingly, voluntarily, and intentionally entered into by the Plaintiffs. Any adverse claim not supported by a lawful agreement is void ab initio.

2. **Superior Equitable Interest**:

   It is a fundamental principle that **"Equity regards substance rather than form."**

Registered Mail #RF775821057US — Dated: April 24, 2025

The Plaintiffs' equitable title remains intact despite any mere legal titleholder's claims, as the equitable owner is the true owner. No constructive or resulting trust may be imposed upon the Plaintiffs' absent an express agreement supported by full disclosure and valuable consideration. **"A trust once established is not easily overturned."**

**3. Private Trust Property Protection:**

The **private trust property** remains outside the reach of unauthorized claims, as the Plaintiffs have not granted jurisdiction, standing, or authority to any third party. **"Equity will not suffer a wrong without a remedy."** Any attempt to deprive the Plaintiffs of their rightful ownership constitutes **fraud, conversion, and an unlawful taking in violation of trust law** *principles*. **"What is mine cannot be taken from me without my consent."** (Quod meum est sine me auferri non potest.)

**4. Legal and Equitable Maxim of Ownership:**

Under fundamental equitable principles, **"Where the equities are equal, the first in time prevails."** The Plaintiffs' claim predates **any** competing interest, as their rights derive from original title, not from a subsequent claim or assignment. **"The law helps those who are vigilant, not those who sleep on their rights."** (Vigilantibus non dormientibus jura subveniunt.) As first in time and right, the Plaintiffs' ownership remains unimpeachable in equity and law.

**5. Assertion of True Ownership:**

The Plaintiffs assert their rightful ownership of the private trust property and demand recognition of their exclusive equitable title. **"A right cannot arise from a wrong."** (Ex injuria jus non oritur.) Any conflicting claims, encumbrances, or adverse interests constitute an unjust interference with the Defendants' vested rights and must be extinguished. **"Equity looks to the intent, not the form."** (Equitas intuetur, non formam.)

Registered Mail #RF775821057US — Dated: April 24, 2025

## VIII. SECURITY INTEREST SECURED AND PERFECTED THROUGH UCC FILINGS

1. Plaintiffs lawfully **secured *and perfected* all** interest, rights, and equitable title to the subject property via properly filed **UCC-1 Financing Statements**, identifying both the debtor and the secured party, which are a matter of public record.

2. The filing of the **UCC-1 Financing Statement** on **February 13, 2024** (Filing Nos. **#2024385942-1**), followed by the **UCC-3 Amendment and Notice** on **August 21, 2024** (Filing No. **#2024425487-2**), respectively, gave **constructive notice to all third parties**, including any putative trustees, servicers, or investors, of the secured interest held by the Trust (See Exhibits C and D).

3. Under **UCC § 9-105, 9-308**, and **9-509**, the Plaintiffs' secured interest is considered *perfected* and **enforceable against third parties**. The public filing of said instruments evidences the Plaintiffs' lawful right to the property as **secured party creditor**.

4. As a result of the *perfected* **security interest** and the recorded chain of title via **GRANT DEED #2024-0036701, no trustee, lender, servicer, or third party had or has lawful or legal authority to initiate, conduct, or execute a Trustee's Sale under any statutory or contractual provision.**

5. The entity purporting to act as "trustee" in recording a **Trustee's Deed Upon Sale (Doc. #2025-0072306)** acted *without* **standing, without legal authority, and in violation of perfected, prior interests.** Said trustee's deed is therefore **void ab initio**, did/does not transfer any legal or equitable title, and is a fraudulent instrument clouding lawful title

6. A cloud on title exists where a recorded instrument falsely purports to affect title. (See *Kahan v. Rosenstiel*, 424 F.2d 161, 173.) Plaintiffs seek to remove the Trustee's Deed as a fraudulent and void instrument.

Registered Mail #RF775821057US — Dated: April 24, 2025

## IX. TRUSTEE'S DEED OF SALE IS VOID *AB INITIO* AND *WITHOUT* LEGAL EFFECT

The purported **Trustee's Deed of Sale** is **void *ab initio***, meaning it is legally null from inception and has no force or effect. A void deed ***cannot* convey title, create a legal interest, or serve as the basis for any lawful claim**. It is inherently unlawful and **carries no legal weight**.

**1. UNCONSTITUTIONAL DEPRIVATION OF PROPERTY RIGHTS**

The issuance of the Trustee's Deed of Sale constitutes an **unlawful taking** without due process, violating fundamental constitutional protections. Any action that deprives an individual of property without full and fair adjudication **is null and void from the outset**.

The **Fifth and Fourteenth Amendments** on the Constitution prohibit deprivations of life, liberty, or property without due process of law. A fraudulent, deceptive, or coercive sale process **strips the proceeding of any legal authority**, making the resulting deed inherently invalid.

**2. The *Purported* TRUSTEE LACKED AUTHORITY TO TRANSFER TITLE**

A **trustee can only transfer what they lawfully possess**. If the underlying claim was tainted by fraud, coercion, or misrepresentation, the trustee **had no lawful authority to sell the property or issue a deed**.

A void act **has no effect**, and no rights can be transferred through an invalid process. As a result, the Trustee's Deed is a **nullity with no legal standing**.

**3. NO LEGAL OR EQUITABLE INTEREST CREATED**

Because the Trustee's Deed of Sale is *void ab initio*, it **does not convey any valid legal or equitable interest in the property**. No party—whether an alleged buyer, assignee, or subsequent claimant—can lawfully derive rights from a void instrument.

Courts have long recognized that **a deed issued under fraudulent, unlawful, or constitutionally defective circumstances is worthless** and cannot serve as the basis for any claim to title or possession.

Registered Mail #RF775821057US — Dated: April 24, 2025

# X. Defendant's *Presumption* of Dishonor under U.C.C. § 3-505 and *Evidence* Proving Defendant's Dishonor

1. The failure of Defendant to rebut or provide any valid evidence of their performance is further confirmed by the, 'AFFIDAVIT CERTIFICATE of DISHONOR, NON-RESPONSE, DEFAULT, JUDGEMENT, and LIEN AUTHORIZATION"/Self-Executing Contract Security Agreement (**Exhibit H**), which is **duly notarized** and complies with the requirements of U.C.C. § 3-505.

2. Under U.C.C. § 3-505, a document regular in form, such as the notarized Affidavit Certificate serves as evidence of dishonor and creates a **presumption** of dishonor.

**U.C.C. § 3-505.** *Evidence* **of Dishonor:**

(a) The following are admissible as evidence and create a presumption of dishonor and of any notice of dishonor stated:

(1) A document regular in form as provided in subsection (b) which purports to be a protest;

(2) A purported stamp or writing of the drawee, payor bank, or presenting bank on or accompanying the instrument stating that acceptance or payment has been refused unless reasons for the refusal are stated and the reasons are not consistent with dishonor;

(3) A book or record of the drawee, payor bank, or collecting bank, kept in the usual course of business which shows dishonor, even if there is no evidence of who made the entry.

(b) **A protest is a certificate of dishonor made by a** United States consul or vice consul, or **a notary public** or other person authorized to administer oaths by the law of the place where dishonor occurs. It may be made upon information satisfactory to that person. The protest must identify the instrument and certify either that presentment has been made or, if not made,

Registered Mail #RF775821057US — Dated: April 24, 2025

1    the reason why it was not made, and that the instrument has been

2    dishonored by nonacceptance or nonpayment. The protest may also certify

3    that notice of dishonor has been given to some or all parties.

4    3.    The **notarized** 'AFFIDAVIT CERTIFICATE of DISHONOR, NON-RESPONSE,

5    DEFAULT, JUDGEMENT, and LIEN AUTHORIZATION"/Self-Executing

6    Contract Security Agreement (**Exhibit H**), complies with these requirements and

7    serves as a formal protest and **evidence of dishonor** under **U.C.C. § 3-505**, as it

8    clearly documents Defendant's refusal to respond or provide the necessary

9    rebuttal to Plaintiffs' **verified** claims.

10    4.    The Defendant **has not** submitted any evidence to contradict or rebut the

11    statements made in the **affidavits.** As a result, the facts set forth in the affidavits

12    are deemed true and uncontested. *Additionally,* the **California Evidence Code §**

13    **664** and related case law support the *presumption* that official duties have been

14    regularly performed, and *unrebutted* affidavits stand as **Truth.**

15    5.    The Defendant may **not** argue, controvert, or otherwise protest the finality

16    of the **administrative findings** established through the *unrebutted*

17    affidavits. As per established legal **principles,** once an **affidavit** is

18    submitted and not rebutted, **its content is accepted as true**, and the

19    **Defendant is barred** from contesting these findings in subsequent

20    processes, **whether administrative or judicial.**

## XI. Foundational 'Case Law' on Standing, Mortgage Fraud, Foreclosure, Corporate Overreach

23    Plaintiffs' reference the following 'case law' summary highlights key legal

24    principles on jurisdiction, standing, and procedural requirements in financial and

25    mortgage-related cases. Courts consistently **void judgments rendered** *without*

26    **proper jurisdiction** and emphasize the need for a party to demonstrate legal

27    **standing**. Fraudulent lending practices, including violations of **federal regulations,**

28    have led to dismissals with prejudice. Corporate overreach by banks is curtailed

Registered Mail #RF775821057US — Dated: April 24, 2025

1   through rulings that prohibit lending credit and ultra vires contracts. Evidentiary

2   standards stress the **sufficiency of affidavits** and the **duty** of full and complete

3   disclosure of information to prevent fraud. Contract **principles** underscore the

4   nullification of agreements lacking proper consideration,.

5   **A. Jurisdiction and Standing in Court**

6   Courts have consistently held that judgments rendered without subject matter

7   jurisdiction are **void from inception**, and parties *must* have **standing** to invoke a

8   Court's jurisdiction. Notable cases emphasize that plaintiffs must demonstrate

9   ownership of notes and mortgages at the time of filing to proceed with foreclosure

10  actions. Failure to do so results in jurisdictional dismissal.

11  1. **Patton v. Diemer**, 35 Ohio St. 3d 68; 518 N.E.2d 941 (1988): "A judgment

12     rendered by a court lacking subject matter jurisdiction is **void ab initio**.

13     Consequently, the authority to vacate a void judgment is not derived from

14     Ohio R. Civ. P. 60(B), but rather constitutes an inherent power possessed

15     by Ohio courts. I see no evidence to the contrary that this would apply to

16     ALL courts."

17  2. **Lebanon Correctional Institution v. Court of Common Pleas**, 35 Ohio St.2d 176

18     (1973): "A party lacks **standing** to invoke the jurisdiction of a court unless he

19     has, in an individual or a representative capacity, some **real interest** in the

20     subject matter of the action."

21  3. **Wells Fargo Bank v. Byrd**, 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d

22     722 (2008): "If plaintiff has offered no evidence that it owned the note and

23     mortgage when the complaint was filed, it would not be entitled to judgment as

24     a matter of law."

25  4. **Indymac Bank v. Boyd**, 880 N.Y.S.2d 224 (2009): "To establish a *prima facie* case

26     in an action to foreclose a mortgage, the plaintiff must establish the existence of

27     the mortgage and the mortgage note. It is the law's policy to allow only an

28     aggrieved person to bring a lawsuit . . . A want of 'standing to sue,' in other

-15 of 23-

Registered Mail #RF775821057US — Dated: April 24, 2025

1  words, is just another way of saying that this particular plaintiff is not involved
2  in a genuine controversy, and a simple syllogism takes us from there to a
3  'jurisdictional' dismissal."

4  **5. Indymac Bank v. Bethley**, 880 N.Y.S.2d 873 (2009): "The Court is concerned that
5  there may be fraud on the part of plaintiff or at least malfeasance. Plaintiff
6  INDYMAC (Deutsche) must have '**standing**' to bring this action."

7  **B. Fraud and Misrepresentation in Mortgage Cases**

8  Several cases illustrate fraudulent practices by lenders, including violations of
9  the Federal Truth in Lending Act and withholding vital loan information.
10  Courts have dismissed cases with prejudice where fraud on the court was
11  evident.

12  **1. Wells Fargo, Litton Loan v. Farmer**, 867 N.Y.S.2d 21 (2008): "Wells Fargo does
13  not own the mortgage loan... Therefore, the matter is dismissed with prejudice."

14  **2. Wells Fargo v. Reyes**, 867 N.Y.S.2d 21 (2008): "Dismissed with prejudice, Fraud
15  on Court & Sanctions. Wells Fargo never owned the Mortgage."

16  **3. Deutsche Bank v. Peabody**, 866 N.Y.S.2d 91 (2008): "EquiFirst, when making the
17  loan, violated Regulation Z of the Federal Truth in Lending Act 15 USC §1601
18  and the Fair Debt Collections Practices Act 15 USC §1692; 'intentionally created
19  fraud in the factum' and withheld from plaintiff 'vital information concerning
20  said debt and all of the matrix involved in making the loan."

21  **C. Corporate and Banking Overreach**

22  Decisions highlight that banks **cannot** lend their credit or guarantee debts, as these
23  actions are ultra vires and not legally binding. These rulings reinforce the
24  limitations on corporate and banking activities.

25  **1. Zinc Carbonate Co. v. First National Bank**, 103 Wis. 125, 79 NW 229 (1899):
26  "The doctrine of ultra vires is a most powerful weapon to private corporations
27  within their legitimate spheres and punish them for violations of their corporate
28  charters, and it probably is not invoked too often."

-16 of 23-

Registered Mail #RF775821057US — Dated: April 24, 2025

2. **Howard & Foster Co. vs. Citizens National Bank**, 133 S.C. 202, 130 S.E. 758 (1926): "It has been settled beyond controversy that a national bank, under Federal law, being limited in its power and capacity, cannot lend its credit by nor guarantee the debt of another. All such contracts being entered into by its officers are ultra vires and not binding upon the corporation."

3. **American Express Co. v. Citizens State Bank**, 181 Wis. 172, 194 NW 427 (1923): "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit."

## D. Procedural Requirements and Evidentiary Standards

The requirement for real party-in-interest prosecution is emphasized, along with rulings that affidavits alone can establish a prima facie case. Courts have ruled that silence in the face of a legal duty to respond can constitute fraud.

1. **Federal Rule of Civil Procedure 17(a)(1)**: "[A]n action must be prosecuted in the name of the real party in interest."

2. **In re Jacobson**, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009): Emphasizes that actions must be filed by the real party in interest.

3. **United States v. Kis**, 658 F.2d 526 (7th Cir. 1981): "Indeed, no more than (affidavits) is necessary to make the prima facie case." Cert. denied, S. Ct. (1982).

4. **U.S. v. Tweel**, 550 F.2d 297 (1977): "Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading."

## E. Contract and Consideration Principles

If any part of a contract's consideration is illegal, the entire promise becomes void. Courts have also recognized the right to rescind contracts induced by false representations, even if made innocently.

- **Menominee River Co. v. Augustus Spies L & C Co.**, 147 Wis. 559 at p. 572; 132 NW 1118 (1912): "If any part of the consideration for a promise be illegal, or if there are several considerations for an un-severable promise one of which is

Registered Mail #RF775821057US — Dated: April 24, 2025

illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise."

## XII. CAUSES OF ACTION

### 1. Quiet Title [CCP § 760.010 et seq.]

Plaintiffs seek a judicial declaration that:

- Plaintiffs, through the NEW BEGINNINGS TRUST, hold **sole and exclusive equitable and legal title** to the subject property.
- The Trustee's Deed Upon Sale is **null, _void ab initio_, and of no effect**.
- Defendant does not have any estate, rights, title, lien, or interest in the property.

## CLAIM, REQUEST AND DEMAND RELIEF

Plaintiffs **respectfully** request and demand.

1. That the Court adjudge and decree that:
   - Plaintiffs hold valid, superior title to the subject property;
   - The Trustee's Deed Upon Sale (Doc. No. 2025-0072306) is **void _ab initio_** and shall be **stricken** from the county records;
2. Plaintiffs seek a judicial declaration of their sole, superior, and equitable interest in the property and a declaration that all adverse claims are **void _ab initio._**
3. That all adverse claims of Defendants are invalid and constitute a **cloud on title**; For **costs of suit** and any further relief the Court deems just and proper.
4. Remove and strike any record of the deed or trustee's sale from county land records.
5. Plaintiffs further request any such other and further relief this Court deems just and proper in equity and at law, including injunctive relief, declaratory judgment, and removal of any invalid encumbrance on title.

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

### BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE

-18 of 23-

Registered Mail #RE775821057US — Dated: April 24, 2025

1  I, Corey Walker, over the age of 18, competent to testify, and having **firsthand**
2  **knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and**
3  **state** under penalty of perjury under the laws of the **United States of America**, that
4  the foregoing statements are **true, correct, and complete**, to the best of my
5  **understanding, knowledge, and belief**, and made in **good faith**.
6  Executed, signed, and sealed this 24th day of April in the year of Our Lord two
7  thousand and twenty five, *without* the United States, **with all rights reserved and**
8  **without recourse and without prejudice.**

9      **All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

10
11          By: _Corey Dexxl Waku_____
11          Corey Walker, *Secured Party, Real party In Interest,*
12

13              **VERIFICATION:**
14          **Pursuant to 28 U.S.C. § 1746**
15  **BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**
16  I, Kevin Walker, over the age of 18, competent to testify, and having **firsthand**
17  **knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and**
18  **state** under penalty of perjury under the laws of the **United States of America**, that
19  the foregoing statements are **true, correct, and complete**, to the best of my
20  **understanding, knowledge, and belief**, and made in **good faith**.
21  Executed, signed, and sealed this 24th day of April in the year of Our Lord two
22  thousand and twenty five, *without* the United States, **with all rights reserved and**
23  **without recourse and without prejudice.**

24      **All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

25
26          By: ___Kevin Walk_____
27          Kevin Walker, *Attorney-In-Fact, Authorized Representative*

28  //

-19 of 23-

VERIFIED COMPLAINT TO QUIET TITLE                    Page 172 of 230

Registered Mail #RF775821057US — Dated: April 24, 2025

# **LIST OF EXHIBITS / EVIDENCE:**

1. **Exhibit A:** Affidavit: Power of '*Attorney-in-Fact*'

2. **Exhibit B:** GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private trust property is titled to 'New Beginnings Trust, dated January 1, 2024"

3. **Exhibit C:** UCC1 filing #2024385942-1.

4. **Exhibit D:** UCC3 filing #2024425487-2.

5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.

9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE"

15. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary JudgEment in Favor of DefendantS, as **a matter of law.**

16. **Exhibit P:** Verified Emergency Notice and Demand for Immediate Stay of Unlawful Proceedings; Notice of Judicial Fraud and Railroading; and Demand for Enforcement of Considered and Undisputed Summary Judgment as *a Matter of Law*

Registered Mail #RF775821057US — Dated: April 24, 2025

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA          )

                             )    **ss.**

COUNTY OF RIVERSIDE          )

     I competent, over the age of eighteen (18) years, and not a party to the within action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591].  **On April 26, 2025**, I served the within documents:

**1.**                    VERIFIED COMPLAINT TO QUIET TITLE.

**2.**                    **Exhibits A through P.**

  **By United States Mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

       Clerk(s), Agent(s)
       C/o CLERK OF COURT
       505 South Buena Vista,
       Corona, California [92882]
       **Registered Mail #RF775821057US with form 3811**

       Kai: Fan
       C/o KAI FAN
       12220 Casper Court
       Rancho Cucamonga, California [91739]
       **Registered Mail #RF775821065US with form 3811**

       Kai: Fan
       C/o KAI FAN

Registered Mail #RF775821057US — Dated: April 24, 2025

1

3426 Vineland Avenue
Baldwin Park, California [91706]
**Registered Mail #RF775835178US** with form **3811**

2

3

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue

4

San Francisco, California [94102]
**Registered Mail #RF775825093US** with form **3811**

5

6     **By Electronic Service.**  Based on a court order and/or an <u>**agreement of the**</u>

7   <u>**parties**</u> to accept service by electronic transmission, I caused the documents to be

8   sent to the persons at the electronic notification addresses listed below.

9

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue

10

Baldwin Park, California [91706]
kevinyin520@gmail.com

11

12

Kai: Fan
C/o KAI FAN
12220 Casper Court

13

Rancho Cucamonga, California [91739]
kevinyin520@gmail.com

14

15

Patricia Guerrero
C/o Judicial Council of California
455 Gold Gate Avenue

16

San Francisco, California [94102]
judicialcouncil@jud.ca.gov

17

18       I declare under penalty of perjury under the laws of the State of California

19   that the above is true and correct.  Executed on **April 24, 2025** in Riverside County,

20   California.

*/s/Donnabelle Mortel/*

21                                          Donnabelle Mortel

22

23   //

24   //

25   //

26   //

27   //

28   //

Registered Mail #RF775821057US — Dated: April 24, 2025

## NOTICE:

Using a notary on this document does *not* constitute any adhesion, *nor does it alter my status in any manner.* The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

//

//

## ACKNOWLEDGEMENT:

State of California               )

                                  ) ss.

County of Riverside               )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this 24th day of April, 2025, before me,  Joyti Patel , a Notary Public, personally appeared Corey Walker, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Joyti Patel_____ (Seal)

> JOYTI PATEL
> Notary Public - California
> Riverside County
> Commission # 2407742
> My Comm. Expires Jul 8, 2026

-23 of 23-

VERIFIED COMPLAINT TO QUIET TITLE

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Kevin: Realworldfare, Corey: Walker

　　　　　　　　　*Plaintiff(s)*

v.

Tamara Lucile Wagner, Kai Fan, DOES 1–10,

　　　　　　　　　*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

EDCV25-01330-KK (SHK)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*　Tamara-Lucile: Wagner
　　　　　　　　　　　　　　　　505 South Buena Vista,
　　　　　　　　　　　　　　　　Corona, California [92882]

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

　　　　　　　　　Kevin: Realworldfare and Corey: Walker
　　　　　　　　　c/o 30650 Rancho California Road #406-251
　　　　　　　　　Temecula, California [92591]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ___5/30/2025___

　　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Kevin: Realworldfare, Corey: Walker )
)
)
_____Plaintiff(s)_____ )
v. )
Tamara Lucile Wagner, Kai Fan, DOES 1–10, )
)
)
)
_____Defendant(s)_____ )

EDCV 25 - 01330 - KK (SHK)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Kai: Fan
3426 Vineland Avenue
Baldwin Park, California [91706]

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kevin: Realworldfare and Corey: Walker
c/o 30650 Rancho California Road #406-251
Temecula, California [92591]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 5/30/2025

*Signature of Clerk or Deputy Clerk*

Page 178 of 230

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kevin: Realworldfare, Corey: Walker

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Tamara Lucile Wagner, Kai Fan, DOES 1–10

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 5,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

EDCV25-01330-KK (SHK)

JUDGE _____   DOCKET NUMBER _____

DATE 05/29/2025

SIGNATURE OF ATTORNEY OF RECORD
*Corey Walker* All rights reserved, without prejudice & other regs

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print   Save As   Reset

-Exhibit M-

Registered Mail #RF77582555US — Dated: May 29, 2025

Kevin: Realworldfare, *sui juris, in propria persona*
Corey: Walker, *sui juris, in propria Persona*
C/o 30650 Rancho California Road # 406-251
Temecula, California [92591]
**non-domestic without** the United States
Email: team@walkernovagroup.com
(310) 923-8521

*Plaintiffs, Real Parties in Interest, Injured Parties*



FILED
CLERK, U.S. DISTRICT COURT

MAY 30 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

FEE PAID

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. EDCV25 - 01330 -KK (SHK)

Kevin: Realworldfare, Corey: Walker
*Plaintiffs,*

*vs.*

Tamara Lucile Wagner, Kai Fan, DOES 1–10,

*Defendants.*

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF:

1. VIOLATION OF CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)
2. CONSPIRACY TO DEPRIVE CIVIL RIGHTS (18 U.S.C. § 241)
3. DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (18 U.S.C. § 242)
4. FRAUD AND ABUSE OF PROCESS UNDER COLOR OF LAW
5. COMMERCIAL ENFORCEMENT WITHOUT JURISDICTION (CLEARFIELD DOCTRINE)
6. CIVIL RACKETEERING ACTIVITY (RICO, 18 U.S.C. § 1962)
7. INTENTIONAL INFLICTION OF CONSTITUTIONAL HARM
8. DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF
9. DEMAND FOR COMPENSATORY, PUNITIVE, AND EXEMPLARY DAMAGES

(SPECIAL LIMITED APPEARANCE — IN EQUITY ONLY — EQUITY JURISDICTION PRESERVED)

COMES NOW Kevin: Realworldfare and Corey: Walker (hereinafter "Plaintiffs" or "Real Parties in Interest"), appearing by *Special Limited Appearance*, proceeding *sui juris, in propria persona* and in **private capacity only, not** pro se, **not** as sureties or representatives of any legal fiction or statutory entity. Plaintiffs appear solely to

Registered Mail #RF77582555US — Dated: May 29, 2025

1    enforce their personal, secured, and constitutionally protected rights, and do not

2    submit to statutory or administrative jurisdiction. This special limited appearance is

3    made exclusively for the purpose of seeking redress and equitable remedy under

4    judicial power in a court of record pursuant to **Article III of the Constitution** for

5    the United States. **Plaintiffs expressly reserve all rights, remedies, and defenses,**

6    **nunc pro tunc, ab initio, and proceed without waiver of any rights, at law or in**

7    **equity**

8    Accordingly, Plaintiffs assert their rights in **equity, trust law, and commercial law,**

9    **invoking all applicable protections under the Constitution, the Uniform**

10   **Commercial Code, and common law.**

11   Plaintiffs invoke the equitable maxim that *"Equity regards the beneficiary as the*

12   *true owner of the trust property,"* and therefore seek full protection and

13   enforcement of their interests in a forum of competent **equity jurisdiction**. As

14   Plaintiffs, Real Parties In Interest, beneficiaries, and secured parties, Plaintiffs are

15   lawfully empowered to initiate and maintain actions necessary to preserve and

16   protect their private rights, private property, and personal and secured interest.

17   Further, Plaintiffs assert standing under binding precedent, which affirms:

18   - The right to self-representation: *Faretta v. California*, 422 U.S. 806 (1975).

19   - Fiduciary standing without UPL violation: *Ziegler v. Nickel*, 64 Cal. App. 4th
20       545 (1998).

21   - Federal preemption of state UPL rules: *Tafflin v. Levitt*, 493 U.S. 455
22       (1990).

23   - Equity recognition of trust fiduciary representation: *C.E. Pope Equity Trust v.*
24       *United States*, 818 F.2d 696 (9th Cir. 1987); *Estate of Sanchez*, 62 Cal. App. 4th
25       460 (1998).

26   - Affirmation that representation of one's own estate, trust, or secured interest
27       is not unauthorized practice: *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d
28       1116 (9th Cir. 2007); *Rowland v. California Men's Colony*, 506 U.S. 194 (1993).

Page 2 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

1  Accordingly, Plaintiffs do **not** waive, transfer, or diminish any right, exemption, or

2  remedy by making this **special limited appearance**, and conditionally decline any

3  presumption of adhesion or compelled statutory jurisdiction. They assert their

4  rights to be heard in equity, and invoke the maxim that *"Equity will not suffer a*

5  *wrong without a remedy."*

6                                          **II. PARTIES**

7  **Plaintiffs**:

8  • **Kevin: Realworldfare** and **Corey: Walker**,

9      appearing in their **private capacity — not** as pro se litigants, but as Plaintiffs,

10     **Secured Parties, and Real Parties in Interest** proceeding *sui juris, in propria*

11     *persona*, — bring this action **with full reservation of rights**, expressly invoking

12     protections under **UCC § 1-308**, the **Constitution of the United States**, and

13     applicable state law. No rights are waived.

14     Plaintiffs are the **equitable, beneficial, and lawful title holders** of the real

15     property located at **12232 Brianwood Drive, Riverside, California 92503**, by

16     virtue of a **duly recorded Grant Deed**, perfected UCC Financing Statements,

17     and a chain of title unmarred by any lawful foreclosure or judicial

18     extinguishment. Their secured and superior claim arises from lawful

19     conveyance, perfected legal instruments, and unrebutted contractual and

20     affidavit records.

21     As such, Plaintiffs possess the **exclusive, enforceable right to occupy, control,**

22     **and defend** the subject property against **any encroachment, eviction, or adverse**

23     **action**, including those taken under color of law or by parties lacking standing

24     or jurisdiction.

25     **Equitable relief is not merely appropriate — it is required**. Plaintiffs seek not

26     only the protection of their property interests but the preservation of **due**

27     **process, fairness, and the rule of law**. Their standing, status, and record entitle

28     them to the full protection of both courts of law and equity

Page 3 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

**Defendants**:

- **Tamara Lucile Wagner**,

sued in her private, personal, individual, and official capacity (for injunctive relief only), and further in her de facto corporate, administrative, commercial, quasi-judicial, and color-of-law capacities. Defendant Wagner is alleged to have:

1. **Issued and enforced a Writ of Possession** based solely on a facially void *ab initio* Trustee's Deed Upon Sale, despite no adjudication of title or valid standing in the record;

2. **Proceeded in complete absence of jurisdiction** following a valid Notice of Removal filed on April 28, 2025, rendering all subsequent actions from that date void;

3. **Conducted a "prove-up" judgment hearing on May 1, 2025,** during the removal period and before remand notice was received (May 5, 2025), acting ultra vires and in defiance of federal supremacy;

4. **Ignored multiple verified filings, emergency motions, and jurisdictional objections** from Defendants, including a Verified Emergency Motion to Dismiss and Stay, and Notice of Federal Removal;

5. **Refused to acknowledge or even consider**:

   a. A duly **recorded Grant Deed (Doc #2024-0036701)** showing equitable title held secured and held by Plaintiffs;

   b. A **perfected UCC-1 *and* UCC-3** Financing Statement showing secured party status and Plaintiffs' perfected interests;

   c. *Multiple __Unrebutted__* **affidavits**, notices of default, and **certificates of dishonor** under UCC 3-505;

   d. **A pending Quiet Title Action (Case No. CVR12502206)** filed May 6, 2025, establishing that title was in dispute and outside the scope of unlawful detainer jurisdiction;

Page 4 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

6. **Labeled a Verified Emergency Motion as "improper"** without justification or legal basis, refusing to grant even a hearing, thereby denying access to court and the right to be heard;

7. **Issued a second Writ of Possession on May 12, 2025** even after receiving actual notice of the pending quiet title action and the perfected secured interest, further compounding the unlawful exercise of authority;

8. **Facilitated a commercial eviction process** through what amounted to **private enforcement** masked as judicial function — **in violation of the Clearfield Doctrine**, stripping any claim to immunity;

9. **Refused to stay or reconsider enforcement** despite clear constitutional red flags, including pending appeal, irreparable harm, and ongoing litigation over the core issue of ownership;

10. **Violated multiple constitutional protections**, including:

    - **Fourteenth Amendment** – Due Process Clause;
    - **Fifth Amendment** – Protection against deprivation of property without process;
    - **First Amendment** – Right to petition for redress;
    - **Seventh Amendment** – Right to jury trial in title disputes;
    - **California Constitution, Article I, Section 7** – State due process protections;

11. **Knowingly acted in excess of all lawful judicial capacity**, engaging in administrative, commercial, and private activity while cloaked in judicial robes — **thereby waiving all protections under judicial immunity and exposing herself to personal liability under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241–242.**

**Tamara Lucile Wagner's** conduct represents a **sustained and egregious pattern of ultra vires judicial abuse, for which she may be held personally liable under 42 U.S.C. § 1983.** Acting under color of law, yet wholly outside the

Registered Mail #RF77582555US — Dated: May 29, 2025

bounds of lawful jurisdiction, Wagner knowingly deprived Plaintiffs of constitutionally protected property rights, procedural due process, and access to a competent tribunal.

**Judicial immunity does not extend to actions taken in the clear absence of all jurisdiction** or where due process is affirmatively denied. Wagner's actions — issuing and enforcing a Writ of Possession based on a facially void Trustee's Deed, disregarding verified jurisdictional challenges, and obstructing redress through improper procedural dismissals — fall squarely within this exception.

Moreover, under the Clearfield Doctrine (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), when public officers abandon their sovereign functions and engage in commercial enforcement or administrative fiat, divorced from constitutional authority, they shed any claim to sovereign immunity and assume the liability of private actors. Wagner's misuse of judicial office to enforce private, contested interests without lawful jurisdiction or adjudication of title constitutes commercial conduct, not judicial function.

Accordingly, **Wagner is not entitled to judicial immunity and is subject to personal civil liability** for every act of constitutional deprivation, commercial overreach, and administrative misconduct. Her actions were not merely erroneous — they were extrajudicial, unlawful, and deeply injurious to the foundational guarantees of due process and property security

- **Kai Fan,**

  **Defendant Kai Fan is sued in his personal, private, and commercial capacity** for the following actions:

  1. Knowingly initiating and participating in unlawful detainer proceedings based entirely on a **fraudulent and void Trustee's Deed Upon Sale;**

Page 6 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

2. **Having received multiple verified affidavits**, jurisdictional challenges, and due process notices disputing the validity of the deed and asserting Plaintiffs' superior title and security interests;

3. **Having actual and constructive knowledge of the active quiet title action** (Case No. CVR12502206) pending in the Riverside County Superior Court;

4. **Proceeding to assert rights of possession** despite lacking any lawful title, standing, or verified legal basis to do so;

5. **Acting in concert with public officials**, including Defendant Wagner and DOES 1–10, to enforce a **void writ** through judicial and administrative channels under false color of authority;

6. **Benefitting materially** from this unconstitutional process by attempting to dispossess Plaintiffs of their private property through commercial means misrepresented as lawful judicial action;

7. **Committing deprivation of property rights under color of law, fraud,** and **commercial trespass**, actionable under **42 U.S.C. § 1983** and **42 U.S.C. § 1985** for conspiracy to interfere with civil rights;

8. **Disregarding Plaintiffs' perfected security interests, unrebutted affidavits, and public filings**, thereby incurring personal liability under the **Clearfield Doctrine**, which strips immunity from individuals who engage in **private commercial enforcement actions** disguised as state power.

- **DOES 1–10,**
fictitious defendants whose true names and capacities are *presently* unknown. Plaintiffs allege that DOES 1–10 include **sheriff's officers, clerks, court employees, or agents** who knowingly and unlawfully **enforced void writs, judgments, or eviction actions**, in violation of clearly established constitutional rights and without lawful jurisdiction or immunity.

Page 7 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

# III. DOCUMENTARY SUPPORT — VERIFIED EXHIBITS INCORPORATED HEREIN BY REFERENCE

Attached hereto in support of these allegations are the following verified exhibits, which are incorporated herein by reference as though fully set forth:

- **Exhibit A:** Affidavit: Power of 'Attorney-in-Fact'
- **Exhibit B:** UCC1 Financing Statement, Filing #2024385942-1
- **Exhibit C:** UCC3 Amendment, Filing #2024425487-2
- **Exhibit D:** GRANT DEED recorded in Official Records, County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM
- **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US
- **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US
- **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US
- **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, DEFAULT, JUDGMENT, and LIEN AUTHORIZATION, #RF775824075US
- **Exhibit I:** USPS Form 3811 corresponding to Exhibit L
- **Exhibit J:** USPS Form 3811 corresponding to Exhibit N
- **Exhibit K:** USPS Form 3811 corresponding to Exhibit P
- **Exhibit L:** USPS Form 3811 corresponding to Exhibit R
- **Exhibit M:** INVOICE/TRUE BILL #ENHANKAIDISHONOR25
- **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE"
- **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

Page 8 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary Judgement in Favor of Defendants, as a matter of law (received by the Court on, **April 7, 2025**, by way or **Registered Mail #RF775824570US).**

- **Exhibit P:** Form 3811 evidencing deliver of Exhibit O.
- **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar No. 188613)
- **Exhibit R:** Verified Complaint to Quiet Title (Case No. CVR12502206), filed **May 6, 2025**, in the Superior Court of California, County of Riverside, concerning real property located at 12232 Brianwood Drive, Riverside, CA (APN: 270-400-037)
- **Exhibit S:** VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND RAILROADING; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT AS *A MATTER OF LAW*, filed April 24, 205.
- **Exhibit T:** Transcribed voicemail from court clerk "Christine," dated April 28, 2025, confirming that the May 1, 2025, "prove-up hearing" would proceed at the direction of Defendant Tamara L. Wagner, despite the state court having been divested of jurisdiction by federal removal on April 28, 2025.
- **Exhibit U:** <u>Verified</u> Emergency Motion AND DEMAND to Dismiss Unlawful Detainer for Lack of Jurisdiction, Stay Execution of Writ of Possession, and Request for Temporary Restraining Order Pending Resolution of Quiet Title Action (Case No. CVR12502206)

Registered Mail #RF77582555US — Dated: May 29, 2025

# IV. JURISDICTION AND VENUE

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this matter arises under the **Constitution *and* laws of the United States** and presents a **federal question.** Plaintiffs assert violations of:

- **42 U.S.C. §§ 1983, 1985, and 1986** – involving deprivation of civil rights, conspiracy to interfere with civil rights, and failure to prevent such violations;
- **18 U.S.C. §§ 241 and 242** – concerning conspiracy and deprivation of rights under color of law;
- **18 U.S.C. §§ 1341 and 1343** – relating to mail and wire fraud in the context of judicial and commercial misconduct;
- **18 U.S.C. § 1962** – civil RICO, addressing patterns of racketeering activity and systemic fraud;
- **15 U.S.C. § 1125** – false designation and commercial deception;

As well as associated claims for **constitutional, equitable, and commercial redress arising under federal law.**

This Court further has jurisdiction pursuant to **28 U.S.C. § 1343(a)(3)-(4)**, which provides original jurisdiction over civil actions for redress of the deprivation of rights, privileges, or immunities secured by the Constitution or federal law, including claims for injunctive and declaratory relief.

This Court also has authority to grant declaratory relief under the **Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202**, as a real and substantial controversy exists regarding the rights, status, and legal relations of the parties—including property ownership, due process violations, and the enforcement of void legal instruments under color of law.

**Supplemental jurisdiction** over related state law claims exists under **28 U.S.C. § 1367(a)**, as these claims form part of the same case or controversy under Article III of the Constitution.

Registered Mail #RF77582555US — Dated: May 29, 2025

1  **Venue is proper** in the United States District Court for the Central

2  District of California, Eastern Division, pursuant to **28 U.S.C. § 1391(b)**,

3  because:

4  • A substantial part of the events and omissions giving rise to the claims

5  occurred in Riverside County, within this judicial district;

6  • The real property that is the subject of the dispute—**12232 Brianwood Drive,**

7  **Riverside, CA 92503**—is located within this District;

8  • All named Defendants reside or acted under color of law within this

9  jurisdiction

10 Plaintiffs further invoke **Article III, Section 2, Clause 1** of the United States

11 Constitution, which vests this Court with authority to resolve disputes "arising

12 under this Constitution, the Laws of the United States, and Treaties made," and to

13 adjudicate matters between a State and Citizens of another State. Plaintiffs are

14 American nationals and secured parties acting in private capacity, and do **not**

15 submit to statutory presumptions of residency or corporate adhesion.

16 All presumptions of jurisdiction, consent, and statutory subordination have been

17 lawfully rebutted through public filings, perfected security instruments, and

18 unrebutted affidavits on record. As such, this **Article III Court** is the only proper

19 and lawful forum to hear Plaintiffs' constitutional claims, civil rights grievances,

20 and requests for equitable relief.

21 Accordingly, any past or future action, judgment, or order by an inferior tribunal

22 shall **not** be construed as a waiver of rights, **nor as a** substitute for the full and fair

23 adjudication to which Plaintiffs are entitled under federal law.

24 While this is not a removal action under **28 U.S.C. § 1443(1)**, Plaintiffs cite the

25 reasoning in **Georgia v. Rachel**, 384 U.S. 780 (1966), and **Greenwood v.**

26 **Peacock**, 384 U.S. 808 (1966), which affirm the necessity of federal court

27 intervention when state courts systematically refuse to enforce federal civil

28 rights. Here, Plaintiffs allege that such refusal has occurred through the

suppression of secured property interests, unrebutted affidavits, and verified legal filings that should have precluded summary eviction or judicial enforcement.

## V. CONSTITUTIONAL BASIS AND SUPREMACY OF RIGHTS

### A. Fundamental Constitutional Authority

Plaintiffs Kevin: Realworldfare and Corey: Walker assert their rights and interests under the Constitution of the United States, the **common law,** and the **inherent doctrines of exclusive equity**. These foundational legal frameworks secure the **natural rights of private individuals** to freely contract, own property, and protect their private property, estate, and private interests from unlawful interference.

Plaintiffs proceed sui juris, in propria persona, by *Special Limited Appearance*, **not** generally, **not** pro se, in private capacity, invoking their ***unalienable*** rights *without* waiver or submission to statutory adhesion. These rights are pre-political, predating and superseding state jurisdiction, and cannot be abrogated by any legislative, administrative, or judicial act contrary to the Constitution.

Plaintiffs affirm and incorporate the following long-standing constitutional doctrines:

- *"The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way... His rights are such as existed by the law of the land [common law] long antecedent to the organization of the State, and can only be taken from him by due process of law."* — *Hale v. Henkel*, 201 U.S. 43, 47 (1906).

- *"The claim and exercise of a constitutional right cannot be converted into a crime."* — *Miller v. U.S.*, 230 F.2d 486, 489.

- *"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."* — *Miranda v. Arizona*, 384 U.S. 436.

Registered Mail #RF77582555US — Dated: May 29, 2025

- *"There can be no sanction or penalty imposed upon one because of the exercise of constitutional rights."* — *Sherar v. Cullen*, 481 F.2d 945.

- *"A law repugnant to the Constitution is void."* — *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).

- *"It is not the duty of the citizen to surrender his rights, liberties, and immunities under the guise of police power or any other governmental power."* — *Miranda v. Arizona*, 384 U.S. 436, 491 (1966).

- *"An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."* — *Norton v. Shelby County*, 118 U.S. 425, 442 (1886).

- *"No one is bound to obey an unconstitutional law, and no courts are bound to enforce it."* — 16 Am. Jur. 2d, Sec. 177; Late Am. Jur. 2d, Sec. 256.

- *"Sovereignty itself remains with the people, by whom and for whom all government exists and acts."* — *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).

## B. Supremacy Clause and Preemptive Federal Authority

Plaintiffs further assert that the protections of their constitutional rights and equitable interests are supreme under Article VI, Clause 2 of the United States Constitution—the Supremacy Clause—which declares:

*"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."*

This clause mandates that all state courts are constitutionally obligated to uphold federal law and constitutional protections, and are prohibited from enforcing any state statute, regulation, or court procedure that conflicts with those federal guarantees.

Where Plaintiffs assert rights under federal constitutional provisions—including the First, Fifth, Seventh, and Fourteenth Amendments, and where these rights are asserted

Registered Mail #RF77582555US — Dated: May 29, 2025

in trust, equity, and secured commercial contexts — no state rule, practice, or UPL statute may override, suppress, or diminish those rights. Any attempt to do so is null and void, per the precedents above and the structural authority of the Constitution itself.

## VI. AFFIRMATION OF STANDING AND LEGAL AUTHORITY

1. Plaintiffs affirm their lawful standing, conclusively established and admitted by Defendants through their failure to rebut duly served, verified affidavits, contracts, and security agreements. These instruments, executed in accordance with applicable law, now stand as self-executing and legally binding by operation of law.

2. **Plaintiffs are the real parties in interest with direct, personal, vested equitable, possessory, and secured interests in the subject real property and estate, acting solely to protect their own private rights**. As such, they are also recognized as holders in due course of all related assets — both tangible and intangible — under applicable commercial law.

3. **Plaintiffs are undisputedly the Creditors in this matter.**

4. **Plaintiffs have explicitly reserved all rights** under the Uniform Commercial Code, specifically U.C.C. § 1-308, and have not waived any rights, remedies, claims, or defenses.

5. **Plaintiffs possess exclusive, sole, absolute, and complete standing** to assert claims, enforce rights, and defend their private property and property interests.

6. The Defendants are the Debtors in this matter, and hold no lawful, superior, or competing claim to any property or interest at issue.

7. The Defendants are not the Creditors, nor an assignees, transferees, or lawful agents of *any* valid or perfected creditor.

8. The Defendants hold no power of attorney or contractual authority relative to the trust, estate, or the Plaintiffs' private property, or secured positions.

9. **The Defendants lack lawful standing, enforceable title, and *any* valid commercial or equitable interest in the subject property or estate.**

Registered Mail #RF77582555US — Dated: May 29, 2025

10. **The Defendants have no legal, equitable, or contractual claim to the property** commonly known as 12232 Brianwood Drive, Riverside, California— further described as:

"Lot 13 of Tract No. 29386-1, as shown by Map on file in Book 315, Pages 16 through 23, inclusive, of Maps, in the Office of the Riverside County Recorder"—**or to any** related assets, whether registered or unregistered, tangible or intangible.

11. Accordingly, Plaintiffs maintain exclusive and sole standing to the aforementioned assets and interests, as duly recorded, affirmed, and perfected through public filings and unrebutted instruments.

12.Plaintiffs' legal and equitable standing is further evidenced by the GRANT DEED recorded in the Official Records of the County of Riverside as Document #2024-0036701, File No.: 35198 CM, confirming Plaintiffs are the true holders of the title to the subject property. (See Exhibit B).

## VII. INTRODUCTION

13. This civil action exposes a deliberate and unlawful scheme, carried out under color of law by state actors and private individuals, to fraudulently dispossess Plaintiffs of their constitutionally protected property and to deprive them of due process of law. The scheme—cloaked in the pretense of judicial process—was, in fact, a calculated pattern of commercial enforcement, administrative abuse, and ultra vires conduct, executed entirely without lawful jurisdiction and in blatant violation of clearly established federal rights.

14.**Defendant Tamara Lucile Wagner,** masquerading as a judicial officer, willfully exceeded the boundaries of lawful authority. **Fully aware of the jurisdictional defects**, she nonetheless issued and enforced a **void Writ of Possession** founded upon a facially **fraudulent Trustee's Deed Upon Sale.** She did so while **brazenly disregarding** verified affidavits, duly recorded public filings, and a concurrently active litigation that directly challenged the legitimacy of title. Her acts were not judicial—**they were commercial enforcement actions executed**

Page 15 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

1  **in robe, undertaken in her private and commercial capacity, and designed to**
2  **serve the financial interests of a private party.** This conduct constitutes a **gross**
3  **abuse of office, a direct violation of 42 U.S.C. § 1983,** *and* **invokes criminal**
4  **liability under 18 U.S.C. §§ 241 and 242.**

5      15. **Defendant Kai Fan,** despite having both actual and constructive knowledge
6  of the **defective deed** and the **pendency** of the **quiet title action,** *knowingly*
7  submitted false claims of ownership, initiated unlawful detainer proceedings, and
8  **conspired with Wagner** to unlawfully seize Plaintiffs' private property located at
9  **12232 Brianwood Drive, Riverside, California.** Defendant Fan's actions
10  demonstrate a premeditated strategy to weaponize judicial processes for private
11  commercial gain—acts that amount to fraud, misrepresentation, and egregious
12  deprivation of rights under color of law.

13      16. Pursuant to the **Clearfield Doctrine,** government officials who operate in a
14  private or commercial capacity—**severed from any legitimate sovereign authority**
15  —**shed all immunity and stand as private individuals subject to civil liability.**
16  Defendant Wagner's enforcement of a void deed, in the complete absence of
17  jurisdiction and in open defiance of verified notice, perfected interests, and
18  constitutional limitations, eliminates any possible shield of judicial immunity.

19      17. Plaintiffs bring this action to vindicate their **constitutional and equitable**
20  **rights,** to halt further unlawful acts, and to secure **compensatory and punitive**
21  **damages** against **each** Defendant for **willful, reckless, and malicious violations of**
22  **federal law.** The wrongdoing here transcends mere error; it embodies systemic
23  abuse of power, the commercial exploitation of public authority, and a fundamental
24  betrayal of the judicial oath and the Constitution itself.

## VIII. STATEMENT OF FACTS

26      18. Plaintiffs **Corey: Walker** and **Kevin: Realworldfare,** in private capacity, are
27  **Plaintiffs, Real Parties In Interest,** and beneficial title holders for the real property
28  located at **12232 Brianwood Drive, Riverside, California 92503** (APN: 270-400-037).

Registered Mail #RF77582555US — Dated: May 29, 2025

1    Plaintiffs do **not** operate as "residents" under statutory definition, but as American
2    **nationals** whose rights are governed by **trust, contract, and constitutional law.**

3        19. On **August 6, 2007**, a **Reconveyance** (Doc. #2007-0505537) was recorded,
4    evidencing satisfaction of a prior deed obligation.

5        20. On **October 24, 2018**, a **Quitclaim Deed** (Doc. #2018-0420743) was recorded,
6    transferring equitable interests.

7        21. On **February 8, 2024**, a **Grant Deed** (Doc. #2024-0036701, File No. 35198 CM)
8    was duly recorded in the Official Records of Riverside County, conveying full legal
9    and equitable title to the subject property to the Plaintiffs. (See Exhibit B.)

10        22. On **February 13, 2024**, Plaintiffs lawfully recorded a **UCC-1 Financing
11    Statement and Notice** (File #2024385942-1), with the Nevada Secretary of State,
12    establishing Plaintiffs' secured creditor status. (See Exhibit C.)

13        23. On **August 21, 2024**, Plaintiffs recorded a **UCC-3 Amendment and Notice**
14    (File #2024425487-2), affirming and updating the prior financing statement. (See
15    Exhibit D.)

16        24. These UCC filings lawfully perfect Plaintiffs' security interest and establish
17    allodial title over the property, free of any commercial claim. No lawful or recorded
18    assignment has occurred since the **February 2024 Grant Deed**, and no foreclosure
19    or judicial process lawfully extinguished Plaintiffs' rights.

20        25. Each affidavit and private security agreement executed by Plaintiffs (Exhibits
21    E–H) was delivered via **Registered Mail** with return receipts (USPS Form 3811). No
22    rebuttal or lawful contestation was received from Defendants. Under commercial
23    and equitable law, this constitutes **tacit procuration, dishonor**, and **default**.

24        26. On **March 12, 2025**, Defendant **Kai Fan** recorded a **fraudulent _and_ void
25    Trustee's Deed Upon Sale** (Doc. #2025-0072306). This instrument was executed:

26        •  Without valid title or legal authority;

27        •  Without judicial foreclosure;

28        •  Without due process;

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

1    • In direct violation of Plaintiffs' recorded legal and equitable interest.

2    27. The purported Trustee's Deed Upon Sale is **void ab initio** and has no legal

3    force. No state court ever authorized such a transfer, and Plaintiffs' perfected

4    interest remains unextinguished in public record.

5    28.Despite having received both actual and constructive notice of the

6    ongoing fraud, including multiple unrebutted affidavits, perfected public

7    filings, and formal declarations of default and dishonor by Plaintiffs (see

8    Exhibits B through H), on **March 19, 2025**, Defendant Kai Fan *willfully*

9    initiated a fraudulent Unlawful Detainer Action (Case No. UDCO2500416),

10   fraudulently asserting possession based on a facially void and legally

11   contested Trustee's Deed Upon Sale.

12   29. On **March 25, 2025**, Defendants Tamara L. Wagner and Kai Fan were lawfully

13   and verifiably served with Plaintiffs' "Defendants' VERIFIED Response and

14   Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS

15   AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED

16   JUDGMENT, and Demand FOR QUIET TITLE AND Demand for Summary

17   Judgment in Favor of Defendants, as a matter of law." This comprehensive and

18   unrebutted filing, supported by verified affidavits and perfected public records,

19   legally extinguished the basis for the Unlawful Detainer action. As a matter of law,

20   no further jurisdiction or authority remained to proceed — yet Defendants willfully

21   ignored these dispositive filings, compounding their violations of due process,

22   jurisdictional integrity, and constitutional protections. See **Exhibit O.**

23   30. On **April 24, 2025**, Defendants Tamara L. Wagner and Kai Fan were properly

24   and verifiably served with Plaintiffs' "VERIFIED EMERGENCY NOTICE AND

25   DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF

26   JUDICIAL FRAUD AND RAILROADING; AND DEMAND FOR ENFORCEMENT

27   OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT AS A MATTER

28   OF LAW." This emergency filing placed all parties and the court on notice of the

Registered Mail #RF77582555US — Dated: May 29, 2025

1  ongoing fraud, the absence of jurisdiction, and the Plaintiffs' perfected legal and

2  equitable interests. It demanded an immediate cessation of the unlawful detainer

3  proceedings and enforced compliance with the controlling, unrebutted evidence

4  already on record. Despite the clarity and urgency of this notice, Defendants

5  willfully ignored and disregarded it, thereby continuing to act without jurisdiction,

6  in bad faith, and in violation of Plaintiffs' constitutional rights, statutory

7  protections, and the mandates of due process. (See **Exhibit S**).

8      31. On **April 28, 2025**, a **Notice of Removal** was properly filed in the U.S.

9  District Court, thereby removing the case to federal court and **stripping the state**

10 **trial court of jurisdiction** pursuant to **28 U.S.C. § 1446(d)**.

11     32. On **April 28, 2025**, a court clerk identified as "Christine" placed a voicemail

12 to Plaintiffs, stating that the May 1, 2025 "prove-up hearing" would proceed as

13 scheduled—under the explicit direction of Defendant Tamara L. Wagner. This

14 communication was made despite the fact that, as of April 28, 2025, **the state court**

15 **had been divested of all subject matter jurisdiction by operation of law due** to a

16 properly filed and served **Notice of Removal** to federal court. By choosing to

17 proceed while knowingly stripped of jurisdiction, and with full awareness of the

18 federal removal, Defendant Wagner acted in direct defiance of 28 U.S.C. § 1446(d),

19 which mandates a cessation of state proceedings upon removal. This calculated

20 decision to continue a hearing despite legal divestiture not only invalidates all

21 subsequent actions but also constitutes an ultra vires act, a flagrant abuse of

22 authority, and a willful violation of Plaintiffs' federal rights. (See **Exhibit T**).

23     33. Notwithstanding this jurisdictional bar, on **May 1, 2025**, the state trial court

24 proceeded to conduct a prove-up trial *without* **jurisdiction** and in violation of

25 federal law. The court's actions are **<u>void ab initio</u>** and constitutionally defective.

26     34. On or about **May 1, 2025**, Defendant Judge Tamara Lucile Wagner, acting

27 under color of law but wholly outside lawful jurisdiction, issued a Writ of

28 Possession. This occurred:

Registered Mail #RF77582555US — Dated: May 29, 2025

- Without consent and lawful jurisdiction to proceed
- Without resolving the ongoing title dispute;
- Despite multiple verified notices, jurisdictional objections, and emergency filings by Plaintiffs;
- Without providing any hearing or findings on title.

35. On **May 2, 2025**, the trial court—still *without* jurisdiction—issued a **Writ of Possession** in favor of Defendant Kai Fan and ordered judgment for possession and damages in the amount of **$5,880.00.**

36. That initial **Writ of Possession was later returned unsatisfied**, and the trial court issued a **second Writ of Possession on May 12, 2025**, continuing enforcement despite the pending quiet title action and the contested validity of the underlying deed.

37. The **order of remand** from federal court was not received by the trial court until **May 5, 2025 (after the May 1, 2025 proceedings)**. All proceedings conducted in the interim—including the May 1, 2025 trial and judgment—are invalid and unlawful.

38. On **May 6, 2025**, Plaintiffs filed a **Quiet Title Action** in Riverside County Superior Court (Case No. CVRI2502206), asserting that Defendant Fan's recorded deed is void, and seeking a judicial declaration confirming Plaintiffs' superior and exclusive title and Defendant Kai Fan was duly served with said lawsuit, See **Exhibit R.**

39. Defendant **Kai Fan was properly served** with a pending **Quiet Title Action (Case No. CVRI2502206)** filed on **May 6, 2025**, which directly contests the validity of the Trustee's Deed Upon Sale relied upon in the UD case. Despite having full knowledge of the contested title and existing secured interests, **Kai Fan continued to prosecute the unlawful detainer action in bad faith**, with intent to dispossess Plaintiffs through **fraudulent process** and abuse of the court system.

40. These proceedings:

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

- Violated **due process** under the **Fourteenth Amendment**;
- Ignored the exclusive jurisdiction of the **quiet title court** over contested property interests;
- Were conducted in **clear absence of jurisdiction**, rendering the judgment and all subsequent enforcement, including the Writs of Possession, legally **void**.

41. On or about **May 12, 2025**, Defendant Judge Tamara Lucile Wagner, acting under color of law but wholly outside lawful jurisdiction, issued a Writ of Possession. This occurred:

- Without consent or lawful jurisdiction to proceed
- Without resolving the ongoing title dispute;
- Despite multiple verified notices, jurisdictional objections, and emergency filings by Plaintiffs;
- Without providing any hearing or findings on title.

42. **May 21–22, 2025:**

- **LWY Riders LLC and New Beginnings Trust filed:**
  - Verified Emergency Motion to Dismiss for Lack of Jurisdiction.
  - Notice of Related Case and Declaration of Irreparable Harm.
  - Declaration of Notice and Ex Parte Application to Dismiss UD, Stay Writ, and TRO.

43. **May 22, 2025:**

- Court reviewed filings and denied all relief requested by Defendants, stating "motion is not proper."
- Clerk noted no phone number available to notify Defendants.
- Court confirmed it was not a default judgment but an "uncontested prove-up judgment for trial."

44. **May 23, 2025:**

- The scheduled Ex Parte Hearing was unlawfully vacated by the Court in bad faith, demonstrating deliberate indifference to Plaintiffs'

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

constitutional rights. The Court proceeded with actions constituting deprivation of rights under color of law, despite having actual and constructive knowledge of the pending Quiet Title Action and its complete lack of subject matter jurisdiction from April 28, 2025, to May 5, 2025, due to federal removal.

45. **Defendant Wagner's action constituted commercial enforcement cloaked in judicial authority,** *and* **violated Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment. She acted in a de facto administrative and commercial capacity, <u>beyond her jurisdiction.</u>**

46. Defendants **Fan, Wagner,** and **DOES 1–10,** including court staff and sheriff officers, conspired to enforce this vorid writ and judgment. Their conduct presents a coordinated and unlawful deprivation of Plaintiffs' property rights **under color of law**.

47. Exhibits E through H contain ***unrebutted*** affidavits *and* **binding private security agreements,** *evidencing* **that Plaintiffs fulfilled all obligations** and that Defendants, by **silence and failure to respond, admitted the claims by acquiescence and default.**

48. As a result, all facts stated herein are conclusively established under **res judicata, collateral estoppel,** *and* **stare decisis.**

49. Plaintiffs have suffered imminent and ongoing constitutional and commercial injury, including:

- Threat of illegal eviction;
- Deprivation of protected property interests without jurisdiction or due process;
- Denial of access to a competent tribunal;
- Violation of equitable private rights;
- Attempted extinguishment of legal title via void instrument.

//

Registered Mail #RF77582555US — Dated: May 29, 2025

# IX. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

*(Deprivation of Property Without Due Process – 42 U.S.C. § 1983; Ultra Vires*
*Commercial Conduct under the Clearfield Doctrine)*

### Against All Defendants

50. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

51. At all times relevant, Defendants, acting both individually and in concert, operated **under color of state law** to knowingly and unlawfully deprive Plaintiffs of their **clearly established constitutional rights**, including the right to **due process**, the right to **lawfully held real property**, and the right to **access a fair and competent tribunal**, in violation of the **Fourteenth Amendment** to the United States Constitution.

52. Despite possessing actual and constructive knowledge of the following:

- **Verified affidavits of fact** and formal **jurisdictional objections;**
- **Perfected UCC-1 and UCC-3 filings**, lawfully recorded and evidencing Plaintiffs' **secured party creditor status;**
- A **pending quiet title action** (Case No. CVR12502206) challenging the very title they sought to enforce,

53. Defendants proceeded to issue and enforce a **facially void judgment and writ**, based on a **contested and legally defective Trustee's Deed Upon Sale**—without lawful jurisdiction, without an evidentiary hearing, and without affording Plaintiffs any **meaningful opportunity to be heard**.

54. These actions resulted in a coordinated abuse of authority, exposing Plaintiffs to the imminent threat of:

- **Illegal dispossession** of **private property;**
- **Trespass upon private property;**
- **Denial of access to judicial recourse** in a competent court of law;

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

- **Irreparable harm** to constitutionally and commercially secured rights, including legal title, equitable interest, and contract protections.

55. Defendants' conduct was **intentional, malicious,** and executed under the false pretense of judicial or administrative process. They **weaponized state machinery** to facilitate private commercial enforcement, **converting courts, clerks, and officers into agents of fraudulent dispossession**. Their actions were not cloaked in sovereign function, but plainly commercial, political, and retaliatory.

56. This misconduct falls squarely within the purview of **42 U.S.C. § 1983,** which provides a **private right of action** against any individual who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution and federal statutes. All Defendants are individually liable.

57. Moreover, under the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States,* 318 U.S. 363 (1943)), when public officers operate in a **commercial or administrative capacity divorced from sovereign authority,** they are no longer immune. The acts of **Tamara Wagner,** in issuing and enforcing a void writ, and **Kai Fan,** in pursuing and benefiting from a fabricated deed through summary unlawful detainer process, were undertaken **entirely outside the scope of lawful judicial power.**

58. Plaintiffs were never afforded a hearing, neutral forum, or due process, in direct violation of:

- **Mathews v. Eldridge,** 424 U.S. 319 (1976) – requiring a meaningful opportunity to be heard before deprivation;
- **Fuentes v. Shevin,** 407 U.S. 67 (1972) – holding that property cannot be seized without due process protections.

59. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered—and continue to suffer—**grave constitutional injury,** including the loss of legal and equitable property interests, suppression of secured trust rights, and denial of legal redress.

Registered Mail #RF77582555US — Dated: May 29, 2025

60. Accordingly, Plaintiffs seek the following relief:

- **Compensatory damages** for constitutional deprivation, loss of property, and emotional and financial harm;

- **Treble damages**, where authorized, based on the deliberate, retaliatory, and malicious violation of Plaintiffs' protected rights;

- **Punitive damages** to punish egregious abuse of power and deter future violations;

- **Declaratory relief** declaring the Trustee's Deed Upon Sale, the Writ of Possession, and all subsequent actions **null, void, and without legal effect**;

- **Permanent injunctive relief** restraining all Defendants and their agents from enforcing or benefiting from the void deed or writ, and prohibiting any further retaliatory action under color of law against Plaintiffs.

### SECOND CAUSE OF ACTION

*(Conspiracy to Deprive Civil Rights – 18 U.S.C. § 241)*

**Against: All Defendants, including DOES 1–10**

61. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

62. Defendants, acting individually and in concert, entered into an **unlawful agreement to conspire** against Plaintiffs for the specific purpose of **depriving them of rights, privileges, and immunities** guaranteed by the **Constitution and laws of the United States**, including:

- The right to due process of law under the **Fourteenth Amendment**;

- The right to private property under the **Fifth and Fourteenth Amendments**;

- The right to meaningful access to a competent court and lawful remedy;

- The right to be free from deprivation of property **without lawful adjudication**.

63. This conspiracy was **not theoretical** but materialized through coordinated and affirmative acts:

Registered Mail #RF77582555US — Dated: May 29, 2025

- Defendant **Fan** knowingly initiated a baseless unlawful detainer relying on a facially void Trustee's Deed;
- Defendant **Wagner** knowingly issued and enforced a Writ of Possession in clear absence of jurisdiction;
- Court clerks and DOES processed and enforced filings despite verified objections, unrebutted affidavits, and perfected legal interests;
- Sheriff's deputies and unknown actors threatened or prepared for unlawful enforcement actions on a void judgment.

64. Each co-conspirator had actual and constructive knowledge of:

- The **pending quiet title action** (CVR12502206);
- Plaintiffs' **perfected UCC-1 and UCC-3 filings** establishing secured creditor status;
- Multiple **jurisdictional objections**, unrebutted affidavits, and verified notices, all properly served and entered into the public record.

65. This conduct demonstrates a **willful and knowing violation of 18 U.S.C. § 241**, which prohibits conspiracy to injure, oppress, threaten, or intimidate any person in the exercise of rights secured by the Constitution or U.S. law.

66. Although § 241 is a criminal statute, the same facts support a **civil conspiracy claim actionable under 42 U.S.C. § 1983**, and provide a **private right of action** against all Defendants for their roles in the conspiracy and resulting constitutional injuries.

67. Moreover, the **Clearfield Doctrine** bars any claim of sovereign immunity for conduct carried out in furtherance of commercial enforcement, private interests, or administrative overreach. Defendants' use of state machinery for unlawful dispossession constitutes private action masked as public function, thereby removing all immunities.

68. As a direct and foreseeable result of this conspiracy, Plaintiffs suffered:

- Constitutional injury and deprivation of civil rights;

Page 26 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

1  • Emotional and financial harm from prolonged exposure to unlawful
2    dispossession;
3  • Suppression of lawful legal remedies and access to a competent tribunal;
4  • Violation of trust protections and commercial security interests.
5  69. Plaintiffs therefore seek:
6  • **Compensatory damages** for all physical, emotional, legal, and financial
7    harm caused;
8  • **Punitive damages** to punish malicious abuse of process and constitutional
9    deprivation;
10 • **Treble damages**, pursuant to federal civil rights and conspiracy doctrines,
11   due to the willful and coordinated nature of the violations;
12 • **Declaratory and injunctive relief** to void all enforcement actions, restrain
13   further interference, and declare all related actions unconstitutional and
14   unlawful.

15              **THIRD CAUSE OF ACTION**

16    *(Deprivation of Rights Under Color of Law – 18 U.S.C. § 242)*

17         **Against: All Defendants, including DOES 1–10**

18 70. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if
19 fully set forth herein.

20   71. At all relevant times, Defendants, including named parties and DOES 1–10,
21 **acted jointly and in concert under color of law** to deprive Plaintiffs of
22 constitutionally protected rights—namely, the right to property, due process of law,
23 and meaningful judicial access—in violation of **18 U.S.C. § 242**.

24   72. Despite clear notice of a **pending quiet title action**, **perfected UCC filings**,
25 and multiple **unrebutted affidavits**, Defendants conspired to enforce a **void and**
26 **fraudulent Trustee's Deed Upon Sale** through an unlawful detainer process
27 devoid of lawful jurisdiction. These acts were not isolated, but were coordinated to
28 effectuate a **deceptive and commercial dispossession** of Plaintiffs' private property.

Page 27 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

73. Defendants knowingly advanced this fraudulent process, executing a multi-step deprivation that included:

- **Filing and prosecuting an unlawful detainer action** based on a deed known to be defective and legally contested;
- **Issuance of a void writ** by Defendant Wagner, under false color of judicial authority;
- **Clerical processing and rubber-stamping** by judicial staff who had clear reason to question jurisdiction;
- **Enforcement and physical threat of eviction** by officers acting without legal authority or valid order.

74. Each Defendant took **specific and overt acts** to advance this deprivation of rights, including:

- Issuing void orders;
- Denying access to due process;
- Ignoring constitutional objections;
- Executing unlawful enforcement actions under false pretenses.

75. Their conduct resulted in:

- **Irreparable constitutional injury;**
- **Interference with private property;**
- **Suppression of perfected legal interests;**
- **Suppression of access to a lawful forum for redress;**
- **Economic and emotional damage**, including imminent threat of unlawful dispossession.

76. While **18 U.S.C. § 242** is a criminal statute, the acts alleged herein also support a **private right of action under 42 U.S.C. § 1983** for deprivations of federally protected rights committed under color of law. Each Defendant is liable in their individual capacity for these violations. Furthermore, these acts may provide a basis for **civil RICO claims** under 18 U.S.C. § 1964 and state law equivalents.

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

77. The violations committed were **intentional, malicious, and calculated** to benefit private interests using state power, invoking the **Clearfield Doctrine**, which establishes that when officials act outside sovereign function for private gain, they are subject to civil liability **as private individuals**.

78. As a direct and proximate result of this conspiracy, Plaintiffs have suffered profound constitutional and property harm and therefore seek:

- **Compensatory damages** for deprivation of rights, emotional distress, and economic injury;

- **Punitive damages** to punish willful misconduct and deter future abuse;

- **Treble damages**, where applicable, due to the egregious and coordinated nature of the misconduct;

- **Declaratory relief** declaring the writ, deed, and all related actions unconstitutional, void, and unenforceable;

- **Injunctive relief** barring any further enforcement actions by any named or affiliated party under the color of the void deed or writ.

### FOURTH CAUSE OF ACTION

*(Fraud and Abuse of Process Under Color of Law)*

*Against: All Defendants, including DOES 1–10*

79. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

80. At all relevant times, Defendants, acting individually and in concert, committed **fraud and abuse of legal process** under the **false appearance of lawful authority**, thereby violating Plaintiffs' civil rights, commercial protections, and constitutionally guaranteed due process.

81. Defendants initiated, processed, and executed **an unlawful detainer action** and associated **Writ of Possession** based on a **fraudulent and facially void Trustee's Deed Upon Sale**. Each Defendant acted with full knowledge that the deed was legally contested, that the underlying property interest was the subject

Registered Mail #RF77582555US — Dated: May 29, 2025

of an **active quiet title action**, and that **Plaintiffs' legal and equitable interests had been perfected and publicly recorded** through UCC filings and verified affidavits.

82. This conduct constitutes:

- **Fraudulent misrepresentation** — knowingly using a false instrument to invoke court process;
- **Constructive fraud** — abusing a position of perceived authority to mislead the court and law enforcement;
- **Abuse of process** — misusing judicial and administrative procedures for the illegitimate purpose of enforcing private commercial interests under color of law.

83. Defendants used the **unlawful detainer process as a weapon**, not to resolve a legitimate dispute, but to gain wrongful possession of private property through deception, coercion, and procedural manipulation.

84. This abuse was:

- **Deliberate**, not negligent;
- **Malicious**, not incidental;
- **Coordinated**, not isolated.

85. Each Defendant took specific steps in furtherance of this fraud, including:

- Filing knowingly defective documents;
- Issuing or enforcing void writs;
- Ignoring verified jurisdictional objections and due process demands;
- Threatening or facilitating unlawful lockout actions.

86. Although cloaked in the appearance of legality, these actions were carried out for **private and commercial gain**, thereby nullifying any claim of sovereign or judicial immunity. Under the **Clearfield Doctrine**, government agents who act in a commercial or administrative capacity — separate from any sovereign function — are treated as **private individuals** and are **fully liable for civil damages**.

Registered Mail #RF77582555US — Dated: May 29, 2025

87. This cause of action supports a **private right of action** under **42 U.S.C. § 1983** and accompanying federal civil rights statutes, as Defendants' use of legal process directly deprived Plaintiffs of property, access to courts, and due process—all under color of law.

88. As a direct and proximate result of Defendants' fraud and abuse of process, Plaintiffs suffered:

- **Loss of property security and peaceful possession;**
- **Emotional, financial, and reputational damage;**
- **Deprivation of judicial access and equitable redress;**
- **Ongoing risk of unlawful dispossession and retaliation.**

89. Plaintiffs demand:

- **Compensatory damages** for all actual and foreseeable losses;
- **Treble damages** based on the willful and fraudulent nature of the scheme;
- **Punitive damages** to punish egregious abuse and deter future misconduct;
- **Declaratory relief** voiding all writs, deeds, and enforcement actions based on fraudulent claims;
- **Permanent injunctive relief** restraining Defendants and all agents from future enforcement under the void instrument or related court orders.

### FIFTH CAUSE OF ACTION

*(Commercial Enforcement Without Jurisdiction – Clearfield Doctrine)*

### Against: All Defendants, including DOES 1–10

90. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

91. This cause of action arises under the **Clearfield Doctrine**, established in *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), which holds that when government officials abandon their roles as sovereign actors and engage in **commercial or administrative enforcement actions**, they **shed their immunity** and become subject to civil liability as **private individuals.**

Registered Mail #RF77582555US — Dated: May 29, 2025

1   92. At all times relevant, Defendants, including judicial officers, private litigants,
2   clerks, and law enforcement agents, engaged in **private commercial enforcement under**
3   **the guise of judicial process**. Their actions were executed **without jurisdiction, in**
4   **absence of lawful delegation**, and **outside the bounds of any legitimate state authority**.

5   93. Specifically, Defendants:

6   • Enforced a **void Trustee's Deed Upon Sale** lacking legal effect;

7   • Utilized **unlawful detainer procedures** not designed or authorized to
8     adjudicate title disputes;

9   • Ignored the **active quiet title action**, perfected security instruments, and
10    unrebutted affidavits properly filed and served;

11  • Carried out a sequence of **administrative and commercial actions** for the
12    benefit of private parties, with the state merely serving as a vehicle for
13    enforcement.

14  94. The legal process was abused to implement a **non-judicial foreclosure**
15  **remedy** without due process, judicial order, or court of competent jurisdiction. The
16  property in question—**private property**—was targeted through misuse of state
17  power, where no valid claim of right, title, or standing had ever been lawfully
18  adjudicated.

19  95. Such actions are categorically **ultra vires**, undertaken by individuals who
20  forfeited any claim to immunity by stepping into the realm of **commercial**
21  **enforcement**. Defendants **Tamara Wagner** and **Kai Fan**, in particular, operated
22  beyond any sovereign or judicial protection when they:

23  • Issued and relied upon a void writ;

24  • Ignored jurisdictional challenges and perfected commercial filings;

25  • Pursued private claims through public channels, knowing that the
26    underlying instruments were fraudulent and contested.

27  96. The **Clearfield Doctrine** applies with full force here. Each Defendant, by
28  engaging in administrative enforcement of a private instrument lacking legal

Registered Mail #RF77582555US — Dated: May 29, 2025

validity, acted in a **private and commercial capacity** — subject to liability as **non-sovereign, non-immunized individuals**.

97. This unlawful commercial enforcement caused:

- **Suppression of Plaintiffs' perfected property interests;**
- **Violation of trust law and secured creditor rights;**
- **Unjustified interference with private property, and trust estate property;**
- **Irreparable constitutional and commercial injury** to Plaintiffs.

98. The acts described constitute violations of both constitutional and commercial law and are independently actionable under:

- **42 U.S.C. § 1983**, for violation of due process rights under color of law;
- **Civil conspiracy doctrines**, for coordinated private enforcement using state process;
- State tort law, for **trespass, abuse of process**, and **fraud**.

99. As a direct and proximate result of these actions, Plaintiffs demand the following relief:

- **Compensatory damages** for economic loss, property interference, and personal harm;
- **Treble damages**, pursuant to federal civil rights and commercial tort statutes, reflecting the deliberate and systemic nature of the abuse;
- **Punitive damages** to deter future misconduct and penalize knowing violation of constitutional and commercial boundaries;
- **Declaratory relief** declaring the deed, writ, and all enforcement actions commercially void and legally ineffective;
- **Injunctive relief** restraining all Defendants from further enforcement, retaliation, or misuse of state process in relation to the subject property, private property, or trust estate.

//
//

Registered Mail #RF77582555US — Dated: May 29, 2025

## SIXTH CAUSE OF ACTION

*(Civil Racketeering Activity – RICO, 18 U.S.C. § 1962)*

### Against: All Defendants, including DOES 1–10

100. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

101. This cause of action arises under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962**, and Plaintiffs assert their **private right of action** under **18 U.S.C. § 1964(c)** for injuries resulting from a **pattern of racketeering activity** conducted by Defendants, individually and in concert, using state machinery as an enterprise to further unlawful private objectives.

102. At all times relevant, Defendants:

- Devised and executed a scheme to **defraud Plaintiffs of their property rights**, using **false legal documents**, fraudulent court proceedings, and the **judicial process as an instrument of extortion**;

- Conspired to carry out a coordinated sequence of acts involving **mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), deprivation of rights (18 U.S.C. §§ 241, 242)**, and **abuse of public office** to misappropriate private property under the color of law.

103. This racketeering enterprise included, but was not limited to:

104. Each of these acts constitutes a **predicate act** under the RICO statute and forms a **pattern of racketeering activity** conducted through an enterprise affecting interstate commerce. The unlawful use of public institutions for personal enrichment or commercial enforcement of void claims is precisely the type of conduct Congress intended to target with RICO.

105. Pursuant to **18 U.S.C. § 1964(c)**, Plaintiffs are entitled to maintain a civil action against any person whose conduct of or participation in such an enterprise results in harm to property or business interests. This includes **treble damages, costs of suit**, and **reasonable attorney's fees**.

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

106. Further, under the **Clearfield Doctrine**, any governmental actors who operate in a private or commercial enforcement role lose any sovereign protection and are to be treated as private individuals. Defendants' misuse of court resources to enforce a void deed and seize trust-held property through fraud and coercion constitutes a **commercial RICO enterprise**, not protected state action.

107. As a direct and foreseeable result of Defendants' racketeering activity, Plaintiffs suffered:

- **Loss of secured and equitable interest** in private real property;
- **Denial of judicial process and access to fair adjudication**;
- **Emotional, financial, and reputational harm**;
- **Exposure to continued threat of dispossession and retaliation**.

108. Accordingly, Plaintiffs seek the following relief:

- **Treble damages** pursuant to 18 U.S.C. § 1964(c) for the full value of the property and injury sustained;
- **Compensatory damages** for all economic, legal, and personal harm;
- **Punitive damages** to penalize the systemic abuse and deter future racketeering through state channels;
- **Declaratory and injunctive relief** to dismantle the enforcement mechanism of the fraudulent enterprise, invalidate all related legal instruments, and bar further action under color of the void deed.

## SEVENTH CAUSE OF ACTION

*(Intentional Infliction of Constitutional Harm)*

**Against: All Defendants, including DOES 1–10**

109. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

110. This cause of action arises from the **deliberate, calculated, and malicious conduct** of all named and unnamed Defendants, who, acting

Registered Mail #RF77582555US — Dated: May 29, 2025

under color of law and in their private and commercial capacities,
engaged in a **coordinated effort to inflict severe constitutional harm**
upon Plaintiffs.

111. At every stage, Defendants possessed actual knowledge that:

- The **Trustee's Deed Upon Sale was legally void and contested**;
- A **quiet title action** was imminent or actively pending and directly
  challenged title and standing;
- Plaintiffs held **perfected UCC interests**, and had filed **unrebutted affidavits**
  asserting jurisdictional and constitutional objections.

112. Despite this knowledge, Defendants:

- **Filed, processed, and enforced an unlawful detainer** action based on an
  *undisputedly* <u>void ab initio</u> instrument;
- **Issued and executed a Writ of Possession** knowing the underlying deed
  was defective and unadjudicated;
- **Denied Plaintiffs access to a competent forum**, while facilitating the
  commercial seizure of private property;
- **Ignored fundamental due process**, including notice, hearing, jurisdiction,
  and the right to be heard in a meaningful way.

113. This conduct constitutes **intentional infliction of constitutional harm**,
carried out with the specific intent to injure Plaintiffs' legal rights, disrupt their
peaceful possession of private property, suppress access to redress, and coerce
relinquishment of rightful title.

114. Such acts are not protected by any form of immunity. Under the
**Clearfield Doctrine**, when public officials operate in a **commercial or private
enforcement capacity**, separate from sovereign function, they are **personally
liable as private actors**. Defendants' use of state machinery to execute a
private enforcement agenda **extinguishes all judicial, quasi-judicial, and
sovereign immunities**.

Registered Mail #RF77582555US — Dated: May 29, 2025

115. This cause of action is independently actionable under **42 U.S.C. § 1983**, which provides a **private right of action** against all persons who, acting under color of law, violate constitutional rights. Defendants' behavior was:

- **Intentional**;
- **Malicious**;
- **Executed with reckless disregard** for Plaintiffs' legal status, protections, and interests.

116. Plaintiffs suffered:

- **Constitutional deprivation** of property, liberty, and access to courts;
- **Emotional distress** caused by constant threat of dispossession and coercive state enforcement;
- **Commercial injury** resulting from interference with secured interests, trust obligations, and real property title.

117. As a direct and proximate result of Defendants' actions, Plaintiffs are entitled to:

- **Compensatory damages** for emotional, constitutional, and financial harm;
- **Treble damages** for the willful, repeated, and egregious constitutional violations;
- **Punitive damages** to punish each Defendant for their participation in this calculated constitutional assault;
- **Declaratory relief** finding that all actions taken under color of the void deed and writ were unlawful, unconstitutional, and without effect;
- **Injunctive relief** restraining Defendants and their agents from further retaliation, enforcement, or interference with Plaintiffs' rights, property, or liberty.

## EIGHTH CAUSE OF ACTION

*(Demand for Declaratory and Injunctive Relief)*

**Against: All Defendants, including DOES 1–10**

Page 37 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

118. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

119. This cause of action seeks **declaratory and injunctive relief** to address and restrain the **ongoing and irreparable constitutional and commercial harms** caused by Defendants' unlawful actions under color of law. Each Defendant knowingly acted without jurisdiction, outside of lawful authority, and in furtherance of private or commercial objectives, in violation of Plaintiffs' federally protected rights.

120. At issue is a coordinated scheme to:

- Enforce a **facially void Trustee's Deed Upon Sale**;
- Execute a **Writ of Possession** without legal title, due process, or jurisdiction;
- Leverage **judicial and administrative machinery** for **private commercial enforcement**;
- Ignore Plaintiffs' **verified objections, perfected UCC filings**, and the **active quiet title action** now pending in a court of competent jurisdiction.

121. Defendants' continued reliance on void legal instruments and refusal to acknowledge Plaintiffs' established legal rights constitutes an **ongoing threat of unlawful enforcement, retaliation, and constitutional harm**.

122. This Court is vested with the authority to grant relief under:

- **28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act)**;
- **Federal Rule of Civil Procedure 65 (Injunctive Relief)**;
- **42 U.S.C. § 1983**, which provides a **private right of action** and equitable remedy for violations of constitutional rights under color of law.

123. Declaratory relief is necessary to establish:

- That the **Trustee's Deed Upon Sale** is **void ab initio** and legally ineffective;
- That all **judgments, writs, or enforcement actions** derived from that instrument are **null and without force**;

Registered Mail #RF77582555US — Dated: May 29, 2025

- That Plaintiffs possess **lawful and protected rights** to their property, trust estate, and equitable interest.

124. Injunctive relief is urgently required to:

- **Restrain all further enforcement, eviction, or retaliation** based on the void deed and writ;
- **Prevent misuse of court process** or administrative coercion by Defendants or their agents;
- **Preserve the status quo** and protect Plaintiffs' constitutional and commercial interests from further harm.

125. Under the **Clearfield Doctrine**, all Defendants—having acted in a **private, administrative, or commercial capacity**—are **stripped of any claim to sovereign or judicial immunity**, and are therefore liable as **private parties for their unlawful acts**. This includes actions to enforce void documents for private benefit through the misuse of public institutions.

126. Because Defendants' actions constitute **an ongoing pattern of unconstitutional conduct**, declaratory and injunctive relief is not only proper—it is **mandatory** to prevent further harm and uphold the rule of law.

127. Plaintiffs therefore respectfully demand:

- A **judicial declaration** that the Trustee's Deed, Writ of Possession, and all enforcement actions based thereon are **void and unenforceable**;
- **Equitable restoration** of Plaintiffs' possession, title integrity, and trust rights, with the full force of federal protection;
- Any further **relief this Court deems just and proper** to ensure complete redress and protection of Plaintiffs' constitutional, equitable, and commercial rights.
- A **permanent injunction** prohibiting all Defendants and their agents from:
  - Taking further action to enforce the void deed or writ;

Page 39 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

○    Threatening or executing any form of lockout, dispossession, or
retaliation;

○    Interfering with Plaintiffs' private property or secured interests;

## NINTH CAUSE OF ACTION

*(Demand for Compensatory, Punitive, and Exemplary Damages)*

### Against: All Defendants, including DOES 1–10

128. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

129. As set forth above, all named and unnamed Defendants acted in concert and under color of law to carry out a deliberate scheme of **constitutional, commercial, and fiduciary violations**, with the intent to unlawfully dispossess Plaintiffs of their property, deny them access to due process, and extinguish their lawfully perfected rights in their private property.

130. These actions were not isolated errors — they were:

- **Deliberate and coordinated;**
- **Executed with full knowledge** of legal defects and jurisdictional challenges;
- **Driven by personal, political, and commercial motivations;**
- **Devoid of lawful authority** and conducted in reckless disregard for Plaintiffs' rights.

131. Defendants' conduct resulted in:

- The unlawful initiation and execution of legal proceedings without jurisdiction;
- The enforcement of a **void Trustee's Deed Upon Sale;**
- The abuse of court and administrative process to achieve a private financial outcome;
- The suppression of Plaintiffs' constitutionally and commercially protected interests.

132. As a result, Plaintiffs suffered:

Registered Mail #RF77582555US — Dated: May 29, 2025

- **Loss of property rights and use** of real estate and private property;
- **Emotional distress**, psychological harm, and irreparable injury;
- **Economic damages**, including loss of security, status, and property value;
- **Constitutional injury** from the denial of due process and judicial protection.

133. Plaintiffs assert their **private right of action** under:

- **42 U.S.C. § 1983**, for violations of constitutional rights under color of law;
- **18 U.S.C. § 1964(c)**, for injuries resulting from civil RICO violations;
- State and federal common law claims for fraud, conspiracy, and abuse of process.

134. Pursuant to the **Clearfield Doctrine**, when public officers engage in private or commercial enforcement divorced from sovereign authority, they are **personally liable** and may be sued as **private individuals**. Defendants here forfeited all immunities by using the machinery of the state to effectuate commercial enforcement for private benefit, without legal jurisdiction.

135. Accordingly, Plaintiffs seek:

- **Compensatory damages** in an amount to be proven at trial, for all economic, emotional, and constitutional injuries;
- **Treble damages** where authorized, due to the egregious, willful, and repeat nature of Defendants' conduct;
- **Punitive damages** sufficient to punish and deter each Defendant's malicious misuse of power;
- **Exemplary damages**, as justified under federal and state law, to reflect the broad social harm caused by Defendants' abuse of authority and betrayal of public trust;
- **Costs of suit and attorneys' fees**, including under 42 U.S.C. § 1988 and other applicable provisions;

Page 41 of 50

Registered Mail #RF77582555US — Dated: May 29, 2025

- **Such other and further relief** as the Court deems just and proper to fully redress the wide-ranging constitutional and commercial harm inflicted by Defendants' actions.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to the **Seventh Amendment to the United States Constitution** and **Federal Rule of Civil Procedure 38**, Plaintiffs hereby respectfully demand their right to a **trial by jury** on all claims and issues in this action that are so triable. Plaintiffs assert that material questions of fact exist, including — but not limited to — violations of federally protected rights, due process, and civil liberties by government actors acting under color of law. These are matters that must be decided by a jury of **the people**, as guaranteed by the Constitution and as a safeguard against governmental overreach, judicial misconduct, and ultra vires authority.

## <u>DEMAND FOR RELIEF AND EQUITABLE DETERMINATIONS</u>

WHEREFORE, Kevin: Realworldfare and Corey: Walker, proceeding sui juris, in propria persona, **not** pro se, by *Special Limited Appearance only,* **not** generally, as Plaintiffs, injured parties, **Real Parties in Interest, and Beneficial Title Holders,** respectfully request that this Honorable Court grant the following relief:

### I. Declaratory Relief Pursuant to 28 U.S.C. §§ 2201–2202

1. **Declare** the Trustee's Deed Upon Sale (Doc. #2025-0072306) as void ab initio and of no legal force or effect.

2. **Declare** the Writ of Possession and all related unlawful detainer proceedings as null and constitutionally void.

3. **Declare** that Defendants acted under color of law in violation of Plaintiffs' federally protected rights under 42 U.S.C. § 1983.

### II. Temporary Restraining Order (TRO) and Preliminary Injunction Under Fed. R. Civ. P. 65

Registered Mail #RF77582555US — Dated: May 29, 2025

4. **Issue** an immediate Temporary Restraining Order (TRO) to:

    a. **Prohibit** any enforcement or recognition of the void Trustee's Deed Upon Sale and Writ of Possession.

    b. **Prevent** further dispossession, administrative interference, or retaliation by Defendants or their agents.

    c. **Maintain** the status quo and preserve Plaintiffs' rights and interests pending final adjudication.

5. **Schedule** a prompt hearing for a preliminary injunction to extend the protections afforded by the TRO.

## III. Permanent Injunctive Relief

6. **Permanently enjoin** Defendants and their agents from:

    a. **Enforcing** or recognizing the void Trustee's Deed Upon Sale and Writ of Possession.

    b. **Interfering** with Plaintiffs' possession, use, and enjoyment of the property located at 12232 Brianwood Drive, Riverside, California.

    c. **Engaging** in any further actions that infringe upon Plaintiffs' rights and interests in the subject property.

## IV. Compensatory Damages

7. **Award** compensatory damages in the amount of **$750,000.00** to Plaintiffs for:

    a. **Property loss**, trust injury, and legal interference.

    b. **Emotional distress**, due process violations, and harm to Plaintiffs' fiduciary standing and secured positions.

## V. Treble Damages Under 18 U.S.C. § 1964(c) (RICO)

8. **Award** treble damages in accordance with 18 U.S.C. § 1964(c), totaling **$2,250,000.00**, for:

    a. **Civil racketeering activity** perpetrated by Defendants.

    b. **Willful constitutional injury** under color of law.

Registered Mail #RF77582555US — Dated: May 29, 2025

## VI. Punitive and Exemplary Damages

9. **Award** punitive and exemplary damages in an amount not less than **$1,500,000.00** to:

a. **Deter** future misconduct by judicial actors and private individuals abusing legal process for commercial enforcement.

b. **Reflect** the malicious, deliberate, and systemically retaliatory nature of Defendants' conduct.

## VII. Equitable Restitution

10. **Order** the restoration of legal title to Plaintiffs for the property located at 12232 Brianwood Drive, Riverside, California.

11. **Return** all rights, trust interest protections, and quiet possession to Plaintiffs.

## VIII. Attorneys' Fees and Costs of Suit

12. **Award** attorneys' fees and costs of suit to Plaintiffs under:

a. **42 U.S.C. § 1988** for civil rights enforcement.

b. **18 U.S.C. § 1964(c)** for RICO violations.

c. **The Court's equitable discretion** to restore justice in cases of abuse of process and constitutional deprivation.

d. **In an amount not less than $1,000,000.00**.

## IX. Additional Relief

13. **Grant** all other relief deemed just, necessary, and equitable by this Court, including:

a. **Orders** restoring Plaintiffs' legal position.

b. **Compensation** for unlawful enforcement.

c. **Permanent bar** on the use of any void deed or writ by Defendants or third-party enforcers.

//

//

Registered Mail #RF77582555US — Dated: May 29, 2025

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Kevin: Realworldfare, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 29th day of May in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Kevin: Realworldfare_

Kevin: Realworldfare, *Real Party In Interest,*
*Plaintiff, Secured Party*

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Corey: Walker, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 29th day of May in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Corey Walker_

Corey: Walker, *Real Party In Interest,*
*Plaintiff, Secured Party*

//

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

# **LIST OF EXHIBITS / EVIDENCE:**

1. **Exhibit A:** Affidavit: Power of '*Attorney-in-Fact*'

2.**Exhibit B:** UCC1 filing #2024385942-1.

3. **Exhibit C:** UCC3 filing #2024425487-2.

4. **Exhibit D:** GRANT DEED recorded in Official Records County of Riverside, DOC #2024-0036701, APN: 270-400-037, File No.: 35198 CM, where the private property is titled to '<u>New Beginnings Trust, dated January 1, 2024</u>"

5. **Exhibit E:** Affidavit and Contract and Security Agreement #RF775823194US.

6. **Exhibit F:** Affidavit and Contract and Security Agreement #RF775820683US.

7. **Exhibit G:** Affidavit and Contract and Security Agreement #RF775823163US.

8. **Exhibit H:** Contract and Security Agreement / Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION and LIEN AUTHORIZATION, #RF775824075US.

9. **Exhibit I:** Form 3811 corresponding to Exhibit L.

10. **Exhibit J:** Form 3811 corresponding to Exhibit N.

11. **Exhibit K:** Form 3811 corresponding to Exhibit P.

12. **Exhibit L:** Form 3811 corresponding to Exhibit R.

13. **Exhibit M:** Exhibit U: INVOICE/TRUE BILL #ENHANKAIDISHONOR25.

14. **Exhibit N:** Copy of **fraudulent, coercive, extortionate,** OFFER titled "<u>THREE-DAY NOTICE TO QUITE DUE TO FORECLOSURE</u>"

12. **Exhibit O:** Defendants' VERIFIED Response and Demand for Dismissal of Fraudulent Unlawful Detainer AND SANCTIONS AGAINST PLAINTIFFS and Demand FOR CONSIDERED AND STIPULATED JUDGEMENT, and Demand FOR QUIET TITLE AND Demand for Summary Judgement in Favor of Defendants, as a matter of law (received by the Court on, **April 7, 2025**, by way or **Registered Mail #RF775824570US.**

13. **Exhibit P:** Form 3811 evidencing deliver of **Exhibit O.**

14. **Exhibit Q:** California State Bar License Verification – Tamara Lucile Wagner (Bar No. 188613)

Registered Mail #RF77582555US — Dated: May 29, 2025

15. **Exhibit R:** Verified Complaint to Quiet Title (Case No. CVR12502206), filed **May 6, 2025**, in the Superior Court of California, County of Riverside, concerning real property located at 12232 Brianwood Drive, Riverside, CA (APN: 270-400-037)

16. **Exhibit S:** VERIFIED EMERGENCY NOTICE AND DEMAND FOR IMMEDIATE STAY OF UNLAWFUL PROCEEDINGS; NOTICE OF JUDICIAL FRAUD AND RAILROADING; AND DEMAND FOR ENFORCEMENT OF CONSIDERED AND UNDISPUTED SUMMARY JUDGMENT AS *A MATTER OF LAW,* filed April 24, 205.

17. **Exhibit T:** Transcribed voicemail from court clerk "Christine," dated April 28, 2025, confirming that the May 1, 2025, "prove-up hearing" would proceed at the direction of Defendant Tamara L. Wagner, despite the state court having been divested of jurisdiction by federal removal on April 28, 2025.

18. **Exhibit U:** <u>Verified</u> Emergency Motion AND DEMAND to Dismiss Unlawful Detainer for Lack of Jurisdiction, Stay Execution of Writ of Possession, and Request for Temporary Restraining Order Pending Resolution of Quiet Title Action (Case No. CVR12502206)

15. **Exhibit V:** Verified Notice of Appeal = Filed May 23, 2025

16. **Exhibit W:** Verified Notice of Stay – Filed May 23, 2025

17. **Exhibit X:** Verified Declaration of Corey: Walker in lieu of reporter's transcript and in support of writ of supersedes, (Summarizing Proceedings, Court Rulings, and Motion to Dismiss and Stay in Trial Court).

18. **Exhibit Y:** <u>VERIFIED</u> EMERGENCY EX PARTE MOTION AND DEMAND TO STAY WRIT OF POSSESSION PENDING APPEAL and Resolution of Quiet Title Action (Case No. CVRI2502206)

19. **Exhibit Z:** Trial court docket showing removal to federal court on April 28, 2025, and remand received on May 5, 2025.

//

//

//

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTI

Registered Mail #RF77582555US — Dated: May 29, 2025

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA        )

                                 )    **ss.**

COUNTY OF RIVERSIDE        )

      I competent, over the age of eighteen years, and not a party to the within action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591].  On or about **May 29, 2025**, I served the within documents:

1.    <u>VERIFIED</u> COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF.

2.    SUMMONS (CONFORMED)

3.    CIVIL COVER SHEET

4.    EXHIBITS A through Z

   **By United States Mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

Tamara-Lucile: Wagner (#188613)
C/o TAMARA WAGNER
505 South Buena Vista,
Corona, California [92882]
**Registered Mail #RF77582955US** with form **3811**

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue

Registered Mail #RF77582555US — Dated: May 29, 2025

1    Baldwin Park, California [91706]
     **Registered Mail #RF775825969US with form 3811**

2

3        **By Electronic Service.** Based on a court order and/or an <u>**agreement of the**</u>

4    <u>**parties**</u> to accept service by electronic transmission, I caused the documents to be

5    sent to the persons at the electronic notification addresses listed below.

6        Kai: Fan
         C/o KAI FAN
7        3426 Vineland Avenue
         Baldwin Park, California [91706]
8        kevinyin520@gmail.com

9        I declare under penalty of perjury under the laws of the State of California

10   that the above is true and correct. Executed on **May 29, 2025** in Riverside County,

11   California.

12                                    _____*/s/Chris Yarbra/*_____
                                          Chris Yarbra

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24                              <u>**NOTICE:**</u>

25   Using a notary on this document does *not* constitute joinder adhesion, or consent to

26   any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for

27   notary is verification and identification only and not for entrance into any foreign

28   jurisdiction.

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

Registered Mail #RF77582555US — Dated: May 29, 2025

# **ACKNOWLEDGEMENT:**

| | |
|---|---|
| State of California | ) |
| | ) ss. |
| County of Riverside | ) |

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this <u>29th</u> day of <u>May</u>, <u>2025</u>, before me, <u>Joyti Patel</u>, a Notary Public, personally appeared <u>Kevin Realworlfare *(formerly Kevin Walker)*</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _~~Joytipatel~~_ (Seal)

> JOYTI PATEL
> Notary Public - California
> Riverside County
> Commission # 2407742
> My Comm. Expires Jul 8, 2026

Page 50 of 50

VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, TRO, AND INJUNCTIVE RELIEF

-Exhibit N-

Date: June 27, 2025

Kevin : Realworldfare, *sui juris, in propria persona*
Corey: Walker, *sui juris, in propria persona*
**Care of:** 3410 La Sierra Avenue #F-351
Riverside, California [92503]
non-domestic *without* the U̲nited S̲tates
Email: team@walkernovagroup.com

*Real Parties In Interest, Secured Parties, Injured Parties,*
*Respondents, Interveners,*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF RIVERSIDE

Kai Fan,

    *Purported Plaintiff,*

  *vs.*

LWY RIDERS LLC, BEGINNINGS
TRUST,
    *Purported Defendants*

Case No. UDCO2500416

**VERIFIED NOTICE OF REMOVAL**

(SPECIAL LIMITED APPEARANCE —
**EQUITY** JURISDICTION PRESERVED)

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OR RECORD:

This matter is brought in **equity,** under the original and exclusive jurisdiction of this Court as authorized by the Constitution of the United States, Article III, Section 2. All statutory jurisdiction is expressly denied and rebutted. This is a Court of Record. All rights are reserved without prejudice pursuant to UCC 1-308.

**PLEASE TAKE NOTICE** that *Respondents, Injured Parties, Real Parties in Interest, Interveners,* **and Secured Parties** Kevin: Realworldfare, and Corey: Walker,

Date: June 27, 2025

1   both each a private American national, proceeding *sui juris, in propria persona, by*

2   *Special Limited Appearance* only, and **not pro se**, **not as a "United States citizen"**

3   as defined under the 14th Amendment, nor as surety for any ALL-CAP LEGAL

4   FICTION, artificial entity, corporate construct, transmitting utility, or cestui que

5   trust — but **solely as living, sentient men**, specially appearing in their true private

6   capacity, competent to state and defend their own rights, title, and interest, have

7   filed a **Verified Notice of Removal** in the United States District Court for the

8   Central District of California pursuant to **28 U.S.C. §§ 1331, 1441, 1443, and 1446**,

9   thereby removing the entire action from this court.

10  Removal is based on the presence of substantial federal questions, ongoing civil

11  rights violations under color of law, and claims arising under federal statutes

12  including, but not limited to, **42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. § 1962 (RICO);**

13  **and 15 U.S.C. § 1125**.

14  This Court is now **divested of all jurisdiction** over this matter, and **no further**

15  **proceedings may lawfully be conducted** except to transmit the record to the

16  United States District Court and to enter ministerial orders acknowledging the

17  removal, pursuant to 28 U.S.C. § 1446(d). Attached hereto as **Exhibit AA** is a copy of

18  the notice that was filed on **June 27, 2025.**

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Date: June 27, 2025

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Kevin: Realworldfare, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America and the State of California, that the foregoing statements are true, correct, and complete, to the best of my understanding, knowledge, and belief, and made in good faith.

Executed, signed, and sealed this 27th day of June in the year of Our Lord two thousand and twenty five, *without* the United States, with all rights reserved and without recourse and without prejudice.

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _____

Kevin: Realworldfare, *Real Party In Interest,*
*Respondent, Intervener, Secured Party, Injured Party*

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Corey: Walker, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America and the State of California, that the foregoing statements are true, correct, and complete, to the best of my understanding, knowledge, and belief, and made in good faith.

Executed, signed, and sealed this 27th day of June in the year of Our Lord two thousand and twenty five, *without* the United States, with all rights reserved and without recourse and without prejudice.

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _____

Corey: Walker, *Real Party In Interest,*
*Respondent, Intervener, Secured Party, Injured Party*

Date: June 27, 2025

# PROOF OF SERVICE

STATE OF CALIFORNIA                )

                                   )    ss.

COUNTY OF RIVERSIDE                )

     I competent, over the age of eighteen (18) years, and not a party to the within action. My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591]. On or about **June 9, 2025**, I served the within documents:

1.                    **VERIFIED** NOTICE OF REMOVAL

2.                         **Exhibit AA**

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

        Kai: Fan
        C/o KAI FAN
        3426 Vineland Avenue
        Baldwin Park, California [91706]
        **Certified Mail #7022 2410 0001 7119 3714 with form 3811**

        Kai: Fan
        C/o KAI FAN
        12220 Casper Court
        Rancho Cucamonga, California [91739]
        **Certified Mail #7022 2410 0001 7119 3738 with form 3811**

     **By Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

VERIFIED NOTICE OF REMOVAL

Date: June 27, 2025

1
2
3

Kai: Fan
C/o KAI FAN
3426 Vineland Avenue
Baldwin Park, California [91706]
kevinyin520@gmail.com

4
5
6

Kai: Fan
C/o KAI FAN
12220 Casper Court
Rancho Cucamonga, California [91739]
kevinyin520@gmail.com

7    I declare under penalty of perjury under the laws of the State of California

8   that the above is true and correct.  Executed on **June 27, 2025** in Riverside County,

9   California.

10

_____/s/Chris Yabra/_____
Chris Yarbra

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFIED NOTICE OF REMOVAL